# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TERESA STRINGER, KAREN BROOKS, WILLIAM PAPANIA, JAYNE NEWTON, MENACHEM LANDA, ANDREA ELIASON, BRANDON LANE, DEBBIE O'CONNOR, MICHELLE WILLIAMS and WAYNE BALNICKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.<br><br>Defendants. | Case No. 3:21-cv-00099<br><br>**CLASS ACTION**<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT**<br><br>District Judge William L. Campbell<br>Courtroom A826<br>Magistrate Judge Barbara D. Holmes<br>Courtroom 764<br><br>**JURY TRIAL DEMANDED** |

WHEREAS, a putative class action lawsuit (the "Lawsuit") is pending before this Court where the Plaintiffs are Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki ("Plaintiffs");

WHEREAS, on _____, 2021, Plaintiffs filed an unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") pursuant to Federal Rule of Civil Procedure 23(e) which sets forth the terms and conditions of the Parties' proposed Settlement and finally resolves the Lawsuit;

WHEREAS, the Court has read and considered the Motion for Preliminary Approval and the papers filed in support thereof, including the Settlement Agreement and its attached exhibits, and has considered the arguments of counsel for the Parties in this matter and, good cause appearing,

**IT IS HEREBY ORDERED:**

# PRELIMINARY CLASS SETTLEMENT APPROVAL AND SETTLEMENT HEARING

1. Plaintiffs' Motion for Preliminary Approval is GRANTED. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court preliminarily certifies the Settlement Class, for settlement purposes only, consisting of two sub-classes. Subclass A shall be comprised of current and former owners and lessees of 2014-2018 model year Nissan Rogue vehicles equipped with a continuously variable transmission ("CVT") who purchased or leased Class Vehicles in the United States or its territories including Puerto Rico. Subclass B shall be comprised of current and former owners and lessees of 2015-2018 model year Nissan Pathfinder and 2015-2018 model year Infiniti QX60 vehicles equipped with a CVT who purchased or leased Class Vehicles in the United States or its Territories. Collectively, the current and former owners and lessees of Subclass A and Subclass B vehicles shall be referred to as the "Settlement Class" and the vehicles of which they are comprised shall be referred to as the "Class Vehicles." Excluded from the Settlement Class are: (1) NNA, any entity or division in which NNA has a controlling interest, its/their legal representatives, officers, directors, assigns and successors; (2) any judge to whom this case is assigned and the judge's clerks and any member of the judge's immediate family, and any judge of the Sixth Circuit Court of Appeals; and (3) government purchasers and lessees.

3. The Court finds that, for settlement purposes only, the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) have been satisfied with regard to the Settlement Class. The Court finds that this Class satisfies the numerosity requirement of Rule 23(a) for settlement purposes because it consists of the past and present owners and lessees of approximately 1.9 million Class Vehicles. The adequacy requirement of Rule 23(a) is likewise satisfied in the context of this proposed

settlement, as the Plaintiffs are members of the Settlement Class, have no antagonistic interests or conflicts, and have diligently pursued the alleged claims on behalf of the Class Members. Their claims are typical of the Class within the meaning of Rule 23(a) because they have or had ownership or leasehold interests in the Class Vehicles, all of which contain CVTs that Plaintiffs allege are prone to the same defects giving rise to the Lawsuits. These common issues for the Class as to the alleged defectiveness in design, manufacture and performance of these CVTs predominate over any individual issues and render a class action superior to individual adjudication for purposes of settlement certification.

4. The Court also finds that: the Parties have made an adequate showing at this stage that the class action settlement set forth in the Settlement Agreement is substantively and procedurally proper; the Class Representatives and Co-Lead Class Counsel have adequately represented the Class in negotiating the Settlement; the Settlement is within the range of likely final approval as fair, reasonable, and adequate for the Class; the Settlement is the product of arm's-length and informed negotiations and was negotiated with the assistance of a well-regarded independent mediator; the Settlement provides adequate relief for the Class, taking into account the cost, risks and delay of trial and appeal, the proposed methods of distribution, attorneys' fees, and its fair and equitable treatment of all Class Members relative to each other; and that the Settlement is presumptively fair, reasonable and adequate, subject only to any objections that may be raised at the Final Approval and Fairness Hearing ("Fairness Hearing"). The Court further finds that the Parties conducted sufficient investigation and research, and their attorneys were able to reasonably evaluate their respective positions. The terms of the Settlement Agreement are, therefore, preliminarily approved, subject to further consideration at the Fairness Hearing.

**NOTICE OF SETTLEMENT**

5. Kurtzman Carson Consultants, LLC shall serve as Settlement Administrator. The complete responsibilities of the Settlement Administrator are set forth in the Settlement Agreement, including that the Settlement Administrator will obtain addresses for Class Members from a qualified third party, such as IHS/R.L. Polk, that maintains databases related to the automobile industry and which specializes in obtaining such information from, *inter alia*, the Departments of Motor Vehicle of all fifty (50) States in the United States and its territories, including Puerto Rico.

6. The Court finds that Notice to the Class is warranted, and has considered the Notice provisions in the Settlement Agreement, the Notice methodology set forth in the Declaration of _____ (the "Notice Program"), and the Long Form Notice and Summary Notice, attached as Exhibits C and D to the Settlement Agreement, respectively. The Court finds that the direct mailing of Summary Notice in the manner set forth in the Notice Program combined with publication of the Long Form Notice, the Settlement Agreement and its other exhibits, and this Order on the Settlement Website is the best notice practicable under the circumstances; constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of FED. R. CIV. P. 23(c), applicable law, and due process. The Court approves as to form and content the Long Form Notice and Summary Notice in the forms attached as Exhibits C and D to the Settlement Agreement, respectively. The Court orders the Settlement Administrator to commence the Notice Program as soon as practicable following entry of this Order.

7. Following the entry of this Order and prior to the mailing of Summary Notice to the Class Members, the Parties are permitted by mutual agreement to make changes in the font,

format and content of the Summary Notice and Long Form Notice provided that the changes do not materially alter the substance of those notices. Any material substantive changes to those notices must be approved by the Court.

8. The Settlement Administrator has agreed to prepare and provide the notices pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), 28 U.S.C. § 1715, including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Class Members reside. The Settlement Administrator will complete mailing of the Notice and, as provided in section 1715, the Notice shall be filed "not later than 10 days after a proposed settlement of a class action is filed in court." The Court finds that this plan fully complies with 28 U.S.C. § 1715.

9. The Settlement Administrator shall be responsible for receipt of all written communications from the Settlement Class and shall preserve the same and all other written communications from Class Members or any other person in response to the Notices. The Settlement Administrator shall provide such communications to Co-Lead Class Counsel, upon request and to the extent necessary for counsel to respond to a request for assistance or inquiry to them from a Class Member or potential Class Member related to the Settlement.

10. The Settlement Administrator will file with the Court and serve upon Co-Lead Class Counsel and Defendant Nissan North America, Inc.'s ("NNA") Counsel no later than forty-six (46) days after the Notice Date a declaration attesting that Notice was disseminated in a manner consistent with the terms of the Settlement Agreement and the Preliminary Approval Order.

## CLASS REPRESENTATIVES AND CLASS COUNSEL

11. The Court appoints the following individuals as representatives of the Settlement Class: Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki.

12. The Court appoints the following attorneys as Co-Lead Class Counsel: Mark S. Greenstone, Greenstone Law APC, Marc L. Godino, Glancy, Prongay & Murray LLP, and J. Gerard Stranch IV, Bransetter, Stranch & Jennings PLLC. In addition to Co-Lead Class Counsel, the Court appoints the following attorneys as Executive Committee counsel: Stephen R. Basser, Barrack, Rodos & Bacine, Lawrence Deutsch, Berger Montague PC, and Ryan McDevitt, Keller Rohrback L.L.P. The Court finds that Co-Lead Class Counsel and Executive Committee Counsel have demonstrable experience litigating, certifying, and settling class actions, and will adequately represent the Settlement Class.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

13. Class Members may elect to exclude themselves from this Settlement, relinquishing their rights to benefits under this Settlement Agreement. A Class Member wishing to exclude himself/herself from the Settlement must send to the Settlement Administrator his or her own, personally signed letter or request (or, where appropriate due to disability, incapacity or other conditions, a signed letter or request from a Class Member's conservator, custodian, or person with applicable power of attorney along with documentation establishing such authority) including (i) his/her name, (ii) address, (iii) telephone number, (iv) model and year of vehicle(s), (v) the VIN number of the vehicle(s); and (vi) a clear statement communicating that he/she elects to be excluded from the Settlement Class. Subject to the above conditions, a request signed only by a representative or attorney for the Class Member is not valid. A single written letter or request for

exclusion submitted on behalf of more than one Class Member will be deemed invalid; provided, however, that an exclusion received from one Class Member will be deemed and construed as a request for exclusion by all co-owners or co-lessees of the vehicle. Mass or class opt-outs shall not be allowed. No Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.

14. Any request for exclusion must be postmarked no later than __ days after the Notice Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Preliminary Approval Order and Notice, shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, regardless of whether they have filed a separate lawsuit or requested exclusion from the Settlement. Any Class Member who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement.

15. Not later than seven (7) business days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide to Co-Lead Class Counsel and NNA's Counsel a complete exclusion list together with copies of the exclusion requests. A list of the names of the Class Members requesting exclusion will be filed with the Court by the Settlement Administrator not later than five (5) days prior to the Fairness Hearing Date.

16. All Class Members that have not submitted a timely and valid written request for exclusion from the Settlement Class will be bound by the Releases in the Settlement Agreement and other terms and conditions set forth herein and all proceedings, orders and judgments in this

Lawsuit. Class Members may exclude themselves from the Settlement or object to the Settlement, but they may not do both.

## OBJECTIONS BY CLASS MEMBERS

17. In order to object to the approval of the Settlement Agreement, a Class Member must serve at least one Co-Lead Class Counsel and NNA's counsel by mail at the addresses listed below and must file the Objection with the Court, which Objection must be filed and copies postmarked no later than __ days after the Notice Date. To state a valid Objection to the Settlement, a Class Member making an Objection must provide the following information in his or her written Objection: (i) the Class Member's full name and current address; (ii) the model year and make of his or her vehicle(s) and approximate date(s) of purchase; (iii) whether the Class Member still owns the vehicle(s); (iv) the VIN number of the vehicle(s); (v) current odometer mileage of the vehicle(s) currently owned; (vi) a specific statement of the Class Member's reasons for objecting to the Settlement, including the factual and legal grounds for his or her position; (vii) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, (viii) a list of any other objections to any class action settlements submitted to any court, whether State, Federal, or otherwise, in the United States in the previous five (5) years; (ix) whether the Class Member intends to appear at the Fairness Hearing and whether the Class Member will be represented by separate counsel; and (x) the Class Member's signature with the date of signature.

18. Objections must be served:

Upon NNA's Counsel at:

E. Paul Cauley, Jr.
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, TX 75201

Upon one or more Co-Lead Class Counsel at:

Mark S. Greenstone  
GREENSTONE LAW APC  
1925 Century Park East, Suite 2100  
Los Angeles, CA 90067

Marc L. Godino  
GLANCY PRONGAY & MURRAY LLP  
1925 Century Park East, Suite 2100  
Los Angeles, CA 90067

J. Gerard Stranch, IVBRANSETTER, STRANCH & JENNINGS PLLC223 Rosa L. Parks Avenue, Suite 200Nashville, TN 37203

19. Any Class Member who does not make an Objection in the manner provided above shall be deemed to have waived such Objection and shall forever be foreclosed from making any Objection to the fairness, reasonableness or adequacy of the proposed Settlement or the Final Order and Judgment to be entered approving the Settlement. Any Class Member who wishes to speak at the Fairness Hearing must follow the procedures outlined in the Long Form Notice posted on the Settlement Website.

20. No Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) unless written notice of the Class Member's intention to appear at the Fairness Hearing and copies of any written Objections and briefs have been filed with the Court and served on NNA's Counsel and one or more Co-Lead Class Counsel on or before the date specified in the Notice.

## FAIRNESS HEARING

21. The Court will hold a Fairness Hearing on _____ 2022, at \_\_\_\_ a.m./p.m. in Courtroom _____ of the United States District Court for the Middle District of Tennessee, Nashville Division, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Nashville, Tennessee 37203. The Court will determine whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be granted final approval, whether certification of a

nationwide settlement class is appropriate, and whether Co-Lead Class Counsel's application for an award of Attorneys' Fees, Costs, Expenses and Class Representative Service Awards should be granted.

22. Papers by counsel in connection with the Settlement shall be filed as follows: no later than __ days after the Notice Date, Co-Lead Class Counsel will file briefing regarding Final Approval of the Settlement and Certification of the Settlement Class, and Award of Attorneys' Fees, Costs, Expenses, and Representative Service Awards requesting that the Court enter the Final Order and Judgment in substantially the same form attached as Exhibit F to the Settlement Agreement, which will, among other things, dismiss this case, with prejudice as to NNA, subject to the continuing jurisdiction of the Court; approve the Settlement, certify the Settlement Class and render an award of attorneys' fees, expenses, costs and service awards. NNA may, at its discretion, submit such briefing as it deems necessary to support the motion for final approval, clarify its positions, and otherwise protect its interests. Such briefing by NNA will be due no later than ten (10) days before the date set by the Court for the Fairness Hearing. Co-Lead Class Counsel and NNA's Counsel shall also be entitled to file responses to any Objections which may have been filed, which responses shall be filed fourteen (14) days prior to the date set by the Court for the Fairness Hearing. Any reply briefs by NNA or Co-Lead Class Counsel to the other's filings shall be due no later than three (3) days before the Fairness Hearing.

## PRELIMINARY INJUNCTION

23. The Court hereby finds that it is appropriate to enter a preliminary injunction enjoining all Class Members from instituting, maintaining, or prosecuting any action other than this lawsuit asserting any claims on a class action basis that would be Released Claims under the terms of the Settlement Agreement; and unless such Class Members first submit a valid and timely

written request to be excluded from the Settlement Class, from instituting, maintaining, or prosecuting any separate actions asserting individual claims that would be Released Claims under the terms of the Settlement Agreement. Pursuant to 28 USC §§ 1651(a) and 2283 and Federal Rule of Civil Procedure 23(d), the Court finds that issuance of a preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the settlement of claims originally brought in multiple lawsuits and now before this Court, to preserve its ability and jurisdiction to consider and fully effectuate the Settlement, and in order to prevent the potential for inconsistent orders, confusion, and disruption that would be caused by the simultaneous litigation of other putative class actions involving any allegations or causes of action asserted in any other lawsuits during the Court's consideration of the Settlement.

24. Accordingly, in order to preserve the Court's jurisdiction pending consideration of whether final approval should be given to the Settlement, and to avoid irreparable harm to the settlement process, and after balancing the equities and concluding that the Settlement Agreement is sufficiently fair, reasonable, and adequate such that it merits preliminary approval and should be protected from collateral attack during the notice and final approval process, the Court hereby preliminary bars and enjoins all Class Members from:

    (a) instituting, maintaining, prosecuting, intervening in, participating as a party or class member in, or otherwise pursuing or receiving any benefits from any other action other than this Lawsuit asserting any claims that would be Released Claims under the terms of the Settlement Agreement, unless they first exclude themselves from the Settlement Class in accordance with the terms of this Order; and

    (b) filing, commencing, maintaining, or prosecuting any lawsuit asserting claims within the scope of the proposed Release set forth in the Settlement Agreement as

a class action, as a separate class, or as a representative action for purposes of pursuing (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any other Class Members any of the claims within the scope of the proposed Release contained in the Settlement, whether or not they have excluded themselves from the Settlement Class.

## **TERMINATION**

25. If the Court declines to enter a Final Order and Judgment in substantially the same form attached as Exhibit F to the Settlement Agreement, or the Final Order and Judgment does not for any reason become final, the Parties will be returned to the same position as existed on \_\_\_\_, and as if the Settlement Agreement had not been negotiated, made or filed with the Court. Should this occur: (a) the Parties shall move the Court to vacate any and all orders entered by the Court pursuant to the provisions of the Settlement Agreement; and (b) neither the Settlement Agreement, nor any documents filed, submitted, or published pursuant to the Settlement Agreement may be used in any litigation (except to enforce the provisions of the Settlement Agreement) and nothing contained in any documents shall impact any legal proceedings.

26. This Order shall be of no further force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against the Parties or members of the Settlement Class of the validity of any claim or counterclaim or any actual or potential fault, wrongdoing, or liability whatsoever, or by or against the Parties or members of the Settlement Class, that their claims or counterclaims lack merit or that the relief

requested in the Complaint or any counterclaims are inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims it or they may have.

## **POWERS AND JURISDICTION OF THE COURT**

27.     The Court expressly reserves its right to change the date of the Fairness Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto which are acceptable to the Parties, without further notice to Class Members. Any new date shall be posted on the Settlement Website. The Parties shall be permitted to make any non-substantive corrections or changes to the Notices to the Class and other Settlement documents without seeking further approval of the Court.

28.     Pending Final Approval of the Settlement, the Parties to the Settlement Agreement are directed to carry out their obligations under the terms thereof.

**IT IS SO ORDERED.**


Dated: _____        _____
                                                                                    The Honorable William L. Campbell
                                                                                    United States District Court Judge