# EXHIBIT 1

# SETTLEMENT AGREEMENT

Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki ("Plaintiffs") and Nissan North America, Inc. ("NNA") (collectively, Plaintiffs and NNA shall be referred to as the "Parties"), by and through their counsel of record enter into this Settlement Agreement, providing for settlement of all claims asserted or which could have been asserted in the five putative class action lawsuits described below relating to Class Vehicles defined below, pursuant to the terms and conditions set forth below, and subject to the approval of the Court, described below.

WHEREAS, Plaintiffs collectively are parties in the following five putative class action lawsuits (the "Lawsuits") alleging that certain Nissan vehicles contain a defect in the continuously variable transmission ("CVT") which can lead to poor transmission performance or failure, and asserting various breach of warranty, statutory, and common law theories of liability:

- *Stringer, et al. v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00099, pending in the United States District Court for the Middle District of Tennessee ("*Stringer*");

- *Newton, et al. v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00169, pending in the United States District Court for the Middle District of Tennessee ("*Newton*");

- *Landa v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00232, pending in the United States District Court for the Middle District of Tennessee ("*Landa*");

- *Lane, et al. v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00150, pending in the United States District Court for the Middle District of Tennessee ("*Lane*"); and

- *Eliason, et al. v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00263, pending in the United States District Court for the Middle District of Tennessee ("*Eliason*").

WHEREAS, NNA has denied and continues to deny all of the Plaintiffs' claims related to the CVT in their vehicles, denies all allegations of wrongdoing, fault, liability, or damage of any

kind to Plaintiffs or the Settlement Class (as defined below), denies that it acted improperly or wrongfully in any way, and believes that this litigation is without merit;

WHEREAS, the Parties to this Settlement Agreement conducted extensive investigation and discovery into the claims and defenses in this case;

WHEREAS, while Plaintiffs and their counsel believe that the claims asserted in the Lawsuits have merit, and that such claims could have been successful at trial, they recognize the costs and risks of prosecuting this litigation and believe that it is in the interest of all members of the Settlement Class to resolve finally and completely the pending and potential claims of the Plaintiffs and the Settlement Class against NNA on the terms as agreed;

WHEREAS, although NNA believes the Lawsuits have no merit, it has concluded that settlement is desirable as a further commitment to its customers, to ensure the satisfaction of its customers, to preserve and enhance goodwill with its customers, including the Plaintiffs, and to end further litigation of the claims in the Lawsuits related to Class Vehicles, which could be protracted, burdensome and expensive for both Plaintiffs and NNA;

WHEREAS, Plaintiffs' counsel and NNA's counsel conducted arm's length settlement negotiations via mediation and further telephone negotiations;

WHEREAS, NNA has agreed to class treatment of the claims alleged in *Stringer*, as amended, solely for the purpose of effectuating a compromise and settlement of those claims on a class basis, and denies that any of the Lawsuits or *Stringer*, as amended, could properly proceed on a class basis for purposes of litigation or trial.

NOW, THEREFORE, the undersigned Parties stipulate and agree, subject to the approval of the Court, that all claims of Plaintiffs and Class Members against NNA shall be finally settled, discharged, and resolved on the terms and conditions as set forth below.

2

## DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the defined meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1. "Appropriate Contemporaneous Documentation of Nissan Diagnosis" means the original, or a true and correct copy, of written documentation created by an authorized Nissan or Infiniti dealer, at or near the time of the Nissan or Infiniti dealer's diagnosis and recommendation, within the Warranty Extension Period, establishing that such diagnosis and recommendation occurred on a specific date and at a specific mileage.

2. "Appropriate Contemporaneous Documentation of Qualifying Repair" means the original, or a true and correct copy, of written documentation created by an authorized Nissan or Infiniti dealer, or other non-Nissan/Infiniti automotive repair facility at or near the time of a Qualifying Repair and as part of the same transaction, establishing that a Class Vehicle had a Qualifying Repair on a specific date and at a specific mileage.

3. "Authorized Reimbursement Participant" means any Class Member who has satisfied the Criteria for Reimbursement and, if the Class Member is a former owner who also meets the Criteria for a Voucher for the same Class Vehicle, has elected to receive reimbursement of a Qualifying Repair instead of a Voucher. Status or rights as an Authorized Reimbursement Participant are not transferable.

4. "Authorized Voucher Participant" means any Class Member who has satisfied the Criteria for a Voucher and, if the Class Member also meets the Criteria for Reimbursement for the same Class Vehicle, has not elected to be an Authorized Reimbursement Participant. Status or rights as an Authorized Voucher Participant are not transferable.

3

5.      "Attorneys' Fees and Expenses" means the amounts approved by the Court for attorneys' fees, costs, and litigation expenses, including fees and expenses of experts or other consultants, pursuant to an application submitted by Co-Lead Class Counsel under Paragraph 113 below.

6.      "Claim Form" means the claim form, substantially in the form set forth in Exhibit "B" to this Settlement Agreement, which must be timely completed and submitted by a Class Member in order to meet, in part, the Criteria for Reimbursement under the terms of this Settlement Agreement.

7.      "Claims Period" means the time within which a Class Member must submit a Claim Form.  The Claims Period shall commence on the Notice Date and end at a date certain ninety (90) days after the Notice Date or thirty (30) days after a Qualifying Repair, whichever is later.  For Class Members who are sent a re-mailed Summary Notice pursuant to Paragraph 70, the Settlement Administrator will accept and consider Claim Forms for that Class Member received within ninety (90) days after the date of remailing of the Summary Notice.

8.      "Co-Lead Class Counsel" means Mark S. Greenstone, Greenstone Law APC, Marc L. Godino, Glancy Prongay & Murray LLP, and J. Gerard Stranch, IV, Bransetter, Stranch & Jennings PLLC.

9.      "Class Members" means all persons who are members of the Settlement Class, except those who validly and timely request exclusion from the Settlement Class pursuant to Paragraphs 95 and 96.

10.      "Class Vehicles" means 2014-2018 model year Nissan Rogue vehicles equipped with a CVT ("Rogue Class Vehicles") and 2015-2018 model year Nissan Pathfinder and 2015-

2018 model year Infiniti QX60 vehicles equipped with a CVT ("Pathfinder/QX60 Class Vehicles").

11.    "Court" means the United States District Court for the Middle District of Tennessee in which the *Stringer* case is pending.

12.    "Criteria for a Voucher" means the criteria that a Class Member must satisfy in order to be eligible to receive a Voucher pursuant to the terms of this Settlement Agreement, which are: (1) the Class Member must be a current or former owner of a Class Vehicle as of the Notice Date; and (2) NNA warranty records reflect that, during the time that the Class Member owned the Class Vehicle, the Class Vehicle had two or more replacements or repairs to the transmission assembly (including torque converter and/or valve body) and/or Automatic Transmission Control Unit ("ATCU"). Prior software updates and/or reprogramming do not count as a prior repair.

13.    "Criteria for Reimbursement" means the criteria that a Class Member must satisfy in order to be eligible to receive a reimbursement for a Qualifying Repair pursuant to the terms of this Settlement Agreement, which are: (1) the Class Member must be a current or former owner or lessee of a Class Vehicle as of the Notice Date; (2) the Class Member actually paid for a Qualifying Repair; and (3) the Class Member must submit to the Settlement Administrator within the applicable Claims Period (a) a properly completed Claim Form with a proper VIN; (b) an affirmation under penalty of perjury that the Class Member (i) is a current or former owner or lessee of the Class Vehicle identified on the Claim Form and (ii) is not seeking reimbursement for any portion of the Qualifying Repairs previously paid for by NNA or by an extended warranty or service contract provider; and (c) all necessary supporting documentation which is:

> A.    Appropriate Contemporaneous Documentation of Qualifying Repair establishing that (i) a Qualifying Repair was made; (ii) the Class Member paid for the Qualifying Repair; (iii) the amount paid by the Class Member

for the Qualifying Repair; (iv) the vehicle's mileage at the time of the Qualifying Repair; and (v) the date of the Qualifying Repair.

B.      Additionally, for a Qualifying Repair made after expiration of the Warranty Extension but within the time frame described in Paragraph 57, Appropriate Contemporaneous Documentation of Nissan Diagnosis establishing that (i) an authorized Nissan or Infiniti dealer, diagnosed and recommended a repair to the transmission assembly or ATCU; (ii) the vehicle's mileage at the time of the diagnosis and recommendation was within the Warranty Extension Period; and (iii) the date on which the diagnosis and recommendation was made was within the Warranty Extension Period.

14.     "Effective Date of Settlement" means sixty-one (61) days after the date when the Final Order and Judgment in the *Stringer* case is entered if no appeal is timely filed and no motion to extend the time for filing an appeal has been filed. If a motion to extend the time to file an appeal is filed within sixty (60) days after the Final Order and Judgment in the *Stringer* case is entered and the motion is subsequently denied, then the Effective Date of Settlement is the date on which the motion to extend is denied if no other appeals have been filed. If there is an appeal, the Effective Date of Settlement shall be the date on which (a) all such appeals have been dismissed; or (b) the appropriate Court of Appeals has entered a final judgment affirming the Final Order and Judgment of the Court, which (i) is no longer subject to any further appellate challenge, or (ii) has been affirmed by the United States Supreme Court, whichever is earlier.

15.     "Event of Termination" means any event terminating the Settlement Agreement, including but not limited to: (1) mutual written agreement of the parties to terminate the Settlement Agreement; (2) the Court denying any motion for preliminary or final approval of the Settlement; (3) any reviewing Court reversing the Court's orders of preliminary or final approval of the Settlement; or (4) any other event set forth in this Settlement Agreement according to which the Settlement Agreement would be terminated.

16. "Excluded Claims" means (1) claims for personal injury, wrongful death, or physical damage to property other than a Class Vehicle or its component parts and (2) Future Transmission Claims.

17. "Executive Committee Counsel" means Stephen R. Basser, Barrack, Rodos & Bacine, Lawrence Deutsch, Berger Montague PC, and Ryan McDevitt, Keller Rohrback L.L.P.

18. "Expedited Resolution Process" means the required process for addressing any Future Transmission Claims, as well as any claims or disputes relating to or involving, in whole or in part, allegations related to the transmission in a Class Vehicle, which process is described in more detail in Exhibit "A" to this Settlement Agreement. No Class Member may participate as a class representative or class member in any class claim against NNA or any of the Released Parties related to claims covered by the Expedited Resolution Process.

19. "Fairness Hearing" means the final approval hearing(s) scheduled by the Court to determine whether to approve this Settlement, finally certify the Settlement Class, and to award Attorneys' Fees and Expenses.

20. "Final Order and Judgment" means the order and final judgment of the Court dismissing the *Stringer* case with prejudice and approving this Settlement, substantially in the form of Exhibit "F" to this Settlement Agreement.

21. "Future Transmission Claims" means claims for breach of the New Vehicle Limited Warranty, as modified by the Warranty Extension, related to transmission design, manufacturing or performance based solely on events that occur after the Notice Date. No such claim will be deemed to have accrued after the Notice Date, and a Class Member shall not have standing to assert any claim against NNA for breach of the New Vehicle Limited Warranty as modified by the Warranty Extension, unless the Class Member, after the Notice Date, takes his or her Class Vehicle

7

to an authorized Nissan or Infiniti dealer, as appropriate for the make of Class Vehicle involved, and requests warranty coverage for a claimed defect in the transmission under the New Vehicle Limited Warranty and NNA fails to comply with the terms of the New Vehicle Limited Warranty. A claim based, in whole or in part, on any transmission performance problem, repair or repair attempt, or any other conduct or event before the Notice Date is not a Future Transmission Claim but is a Released Claim. Future Transmission Claims must be based entirely upon transmission performance issues, repairs or repair attempts, or any other conduct or events that occur after the Notice Date. However, the fact that a Class Member experienced a transmission problem before the Notice Date shall not preclude such Class Member from making a Future Transmission Claim based solely on events that occur after the Notice Date.

22. "Lawsuits" means the five proceedings captioned *Stringer, et al. v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00099, pending in the United States District Court for the Middle District of Tennessee; *Newton, et al. v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00169, pending in the United States District Court for the Middle District of Tennessee; *Landa v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00232, pending in the United States District Court for the Middle District of Tennessee; *Lane, et al. v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00150, pending in the United States District Court for the Middle District of Tennessee; and *Eliason, et al. v. Nissan of North America, Inc., et al.*, Case No. 3:21-cv-00263, pending in the United States District Court for the Middle District of Tennessee.

23. "Long Form Notice" means the Court-approved long form of notice of this Settlement to be made available to the Settlement Class on the Settlement Website, and by the Settlement Administrator upon request, substantially in the form attached hereto as Exhibit "C."

24. "NNA's Counsel" means E. Paul Cauley, Jr., Faegre Drinker Biddle & Reath, LLP.

25.     "NNA" means Nissan North America, Inc.

26.     "New Vehicle Limited Warranty" means the written limited warranty described in the applicable 2014-2018 model year Nissan Rogue Warranty Information Booklet, 2015-2018 model year Nissan Pathfinder Warranty Information Booklet, 2015-2018 model year Infiniti QX60 Warranty Information Booklet and all of their terms and conditions, including applicable limitations and exclusions.

27.     "Notice" means the Court-approved form of notice of this Settlement to the Settlement Class, including the Summary Notice, Long Form Notice and other measures of providing notification to the Settlement Class of the Settlement, its terms and the Class Members' rights and obligations.

28.     "Notice and Settlement Administration Expenses" means all reasonable costs and expenses incurred in connection with preparing, printing, and mailing the Summary Notice and any costs incurred in administering the settlement.

29.     "Notice Date" means the date on which the Settlement Administrator completes initial mailing of the Summary Notice or other such Court required Notice to the Settlement Class, which the Parties and Settlement Administrator will use best efforts to occur no later than one hundred and twenty (120) days from the Court's order granting preliminary approval of the Settlement.

30.     "Other Plaintiffs' Counsel" means Caroline Ramsey Taylor, Whitfield Bryson & Mason, LLP  and John G. Emerson, Emerson Firm, PLLC.

31.     "Parties" means Plaintiffs and NNA.

32. "Plaintiffs" means Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki.

33. "Preliminary Approval Order" means the order of the Court, substantially in the form of Exhibit "E," preliminarily approving the Settlement, as described in Paragraph 47.

34. "Qualifying Repair" means the portion of the cost for parts and labor actually paid by a Class Member for replacement of or repair to the transmission assembly (including valve body and torque converter) and/or ATCU by an authorized Nissan dealer or other non-Nissan/Infiniti automotive repair facility within the applicable time and mileage limits specified by Paragraphs 56 and 57.

35. "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, contracts, agreements, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, accrued or unaccrued, existing or claiming to exist, including those unknown, both at law and equity which have been brought, which might have been brought, and which might be brought in the future upon the happening of certain events, against the Released Parties, or any of them, based upon or in any way related to transmission design, manufacturing, performance, or repair of Class Vehicles, including but not limited to all claims asserted in the Lawsuits, whether based upon breach of contract, violation of a duty sounding in tort, violation of any state or federal statute or regulation, violation of any state consumer protection statute or regulation (including any lemon law statute or regulation), fraud, unjust enrichment, money had and received, restitution, equitable relief, punitive or exemplary damages and civil penalties and fines or any other claims whatsoever under federal or state law. The "Released Claims" shall explicitly extend to and include any claim

for attorneys' fees, expenses, costs, and catalyst fees under any state's law or under federal law. The "Released Claims" do not include "Excluded Claims" defined above.

36.     "Released Parties" means NNA, Nissan Motor Co., Ltd., JATCO, Ltd., and, for each of such corporations, all of their past and present officers, directors, agents, designees, servants, sureties, attorneys, employees, parents, associates, shareholders, general or limited partners or partnerships, subsidiaries, divisions, affiliates, insurers, franchises, suppliers, dealers, and all of their predecessors or successors in interest, assigns, or legal representatives, as well as any other person, company, or entity in the chain of distribution of a Class Vehicle, transmission components of such Class Vehicle, or repair of the transmission in such Class Vehicle.

37.     "Settlement" means the agreement between the Parties, as embodied in the Settlement Agreement, including all exhibits attached to the Settlement Agreement.

38.     "Settlement Class" means, collectively, the following two subclasses: Subclass A comprised of all current and former owners and lessees of 2014-2018 model year Nissan Rogue vehicles equipped with a CVT who purchased or leased the vehicle in the United States or its Territories. Subclass B comprised of current and former owners and lessees of 2015-2018 model year Nissan Pathfinder and 2015-2018 model year Infiniti QX60 vehicles equipped with a CVT who purchased or leased the vehicle in the United States or its Territories.  Excluded from the Settlement Class are: (1) NNA, any entity or division in which NNA has a controlling interest, its/their legal representatives, officers, directors, assigns and successors; (2) any judge to whom this case is assigned and the judge's clerks and any member of the judge's immediate family, and the Sixth Circuit Court of Appeals; and (3) government purchasers and lessees.

39.     "Settling Parties" includes all Class Members and NNA.

40.     "Settlement Administrator" means Kurtzman Carson Consultants, LLC, or such other third party administrator to which the parties shall mutually agree, to handle the notice program and claims administration process.

41.     "Summary Notice" means the Court-approved form of notice of this Settlement to the Settlement Class, consisting of a notice to be sent to the Settlement Class, substantially in the form of Exhibit "D" to the Settlement Agreement.  The Summary Notice shall state the Claims Deadline.

42.     "Voucher" is a certificate in the amount as described in Paragraph 59 that may be used by an Authorized Voucher Participant towards the purchase or lease of a single new Nissan or Infiniti vehicle at an authorized Nissan or Infiniti dealer within nine (9) months of the Effective Date of Settlement.  The Voucher is not transferable.  The Voucher may be used in combination with other types of valid discount offers, rebates, and incentives.

43.     "Warranty Extension" means extension of the time and mileage durational limits applicable to powertrain coverage under the applicable New Vehicle Limited Warranty, but only as to the transmission assembly (including the valve body and torque converter) and ATCU on Class Vehicles, by twenty-four (24) months or twenty-four thousand (24,000) miles, whichever occurs first.

44.     "Warranty Extension Period" means that period of twenty-four (24) months or twenty-four thousand (24,000) miles after expiration of the original powertrain coverage in the New Vehicle Limited Warranty applicable to the make of Class Vehicle.

## **REQUIRED EVENTS**

Promptly after the execution of this Settlement Agreement:

45.     Plaintiffs will take no further action in the *Newton, Landa, Eliason* and *Lane* cases pending preliminary and final approval of the Settlement other than to, if necessary, inform the

court of the pending settlement on behalf of a nationwide class for which approval will be sought that would include resolution of their cases, and may seek a formal stay or similar administrative relief if necessary or required by the court.

46.     Co-Lead Class Counsel shall take all necessary steps to obtain preliminary approval of the Settlement in the *Stringer* case and, having done so, shall take all necessary steps consistent with this Settlement Agreement to obtain final approval of the Settlement and the Final Order and Judgment.

47.     Co-Lead Class Counsel shall make best efforts to file a Motion for Preliminary Approval of this Settlement Agreement in *Stringer* by August 23, 2021.  In their Motion for Preliminary Approval, Plaintiffs will submit the Settlement Agreement to the Court for Preliminary Approval and shall move for one or more orders in substantially the same form as Exhibit "E" (the Preliminary Approval Order), which by their terms shall, among other things:

A.     Preliminarily approve the terms of the Settlement;

B.     Conditionally certify the Settlement Class for Settlement purposes only;

C.     Approve the Summary Notice and Long Form Notice to be given to the Settlement Class advising them of the Settlement and of the Fairness Hearing to be held to determine the fairness, reasonableness and adequacy of the Settlement; and

D.     Schedule a hearing to review objections, if any, comments, and other issues regarding the Settlement and to consider the fairness, reasonableness and adequacy of the Settlement and the application for an award of Attorneys' Fees and Expenses, and to consider whether the Court should issue a Final Order and Judgment (in substantially the form attached as Exhibit "F") approving the Settlement, dismissing all claims in *Stringer* with prejudice as to NNA, and ruling upon the fairness and reasonableness of the Attorneys' Fees and Expenses.

48.     The Parties agree that certification will be sought under Federal Rule of Civil Procedure 23(b)(3) on an opt-out basis.

49.     At least three (3) days prior to the filing of the Motion for Preliminary Approval, Co-Lead Class Counsel will give NNA an opportunity to review and comment on the draft Motion

13

for Preliminary Approval. NNA will not oppose the preliminary approval of the Settlement but NNA may, at its discretion, submit such briefing as it deems necessary to support the Motion for Preliminary Approval, clarify its positions, and otherwise protect its interests. Such briefing by NNA will be due no later than seven (7) days before the Preliminary Approval Hearing, and NNA shall, at least three (3) days prior the filing of any such brief, give Co-Lead Class Counsel the opportunity to review and comment on the draft brief.

50. No later than forty-six (46) days after the Notice Date, Co-Lead Class Counsel will file its briefing regarding Final Approval of the Settlement and Certification of the Settlement Class, and Award of Attorneys' Fees, Costs, Expenses, and Representative Service Awards (the "Briefing on Final Approval, Attorneys' Fees, and Expenses") requesting that the Court enter a Final Order and Judgment, in substantially the same form attached to this Settlement Agreement as Exhibit "F," which will, among other things, dismiss the *Stringer* case with prejudice as to NNA, subject to the continuing jurisdiction of the Court as set forth in Paragraph 106, approve the Settlement, certify the Settlement Class and render an award of Attorneys' Fees and Expenses and incentive awards. At least three (3) days prior to the filing of the Motion for Final Approval, Co-Lead Class Counsel will give NNA an opportunity to review and comment on the draft Motion for Final Approval. NNA will not oppose Final Approval of the Settlement but NNA may, at its discretion, submit such briefing as it deems necessary to support the Motion for Final Approval, clarify its positions, and otherwise protect its interests. Such briefing by NNA will be due no later than ten (10) days before the date set in the Notice for the Fairness Hearing, and NNA shall, at least three (3) days prior the filing of any such brief, give Co-Lead Class Counsel the opportunity to review and comment on the draft brief. Co-Lead Class Counsel and NNA's Counsel shall also

be entitled to file responses to any Objections that have been filed, which responses shall be filed fourteen (14) days prior to the date set in the Notice for the Fairness Hearing.

51. Five (5) days after the Effective Date of Settlement, Plaintiffs in the *Lane*, *Newton*, *Landa* and *Eliason* cases will take all further necessary actions to have those cases and any associated appeals dismissed with prejudice.

52. The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take all actions and execute and deliver all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

53. In the event that the Court fails to grant Preliminary Approval or fails to issue a Final Order and Judgment, Co-Lead Class Counsel and NNA's Counsel agree to use all reasonable efforts, consistent with this Settlement Agreement, to address and resolve any concerns identified by the Court.

<u>**RELIEF TO CLASS MEMBERS**</u>

54. NNA agrees to extend the time and mileage durational limits for powertrain coverage under the applicable New Vehicle Limited Warranty for Class Vehicles to the extent it applies to the transmission assembly (including the valve body and torque converter) and ATCU by twenty-four (24) months or twenty-four thousand (24,000) miles, whichever occurs first.

55. The Warranty Extension will be subject to the terms and conditions of the original New Vehicle Limited Warranty applicable to the Class Vehicles, which excludes coverage for,

among other things, damage resulting from alteration, tampering, improper repair, misuse, environmental conditions, and lack of or improper maintenance.

56.  Reimbursement for all Class Members who are Authorized Reimbursement Participants for Qualifying Repairs made after expiration of the powertrain coverage under the New Vehicle Limited Warranty but within the durational limits of the Warranty Extension Period as described in Paragraph 44 shall be made as follows:

> A.  For Qualifying Repairs on Class Vehicles that were performed by an authorized Nissan or Infiniti dealer, reimbursement of 100% of the parts and labor actually paid by the Class Member.
>
> B.  For Qualifying Repairs on Class Vehicles that were performed by a non-Nissan/Infiniti automotive repair facility, reimbursement up to a cap of $5,000 of the parts and labor actually paid by the Class Member.

57.  Class Members who present Appropriate Contemporaneous Documentation of Nissan Diagnosis to the Settlement Administrator establishing that a Nissan or Infiniti dealer, within the Warranty Extension Period, diagnosed and recommended a repair to the transmission assembly or ATCU, will be entitled to submit a claim for reimbursement for the Qualifying Repair diagnosed and recommended by the Nissan or Infiniti Dealer during the Warranty Extension Period under Paragraph 78, subject to the limitations in Paragraph 56, but only if the Class Member obtains the recommended transmission repair prior to the Class Vehicle exceeding 95,000 miles or within ninety (90) days of the Notice Date, whichever occurs first.

58.  The mileage on the Class Vehicle as it relates to the Criteria for Reimbursement shall be determined as of the date of the Qualifying Repair as reflected in the Appropriate Contemporaneous Documentation of Qualifying Repair. A Class Member may make only a single claim for reimbursement per VIN, but the claim for reimbursement may include both diagnosis and repair costs, if applicable, and may include multiple Qualifying Repairs.

16

59.     For current and former owners of Class Vehicles who meet the Criteria for a Voucher, NNA agrees to provide a Voucher in the amount of $1,000 for either a purchase or lease of a single new Nissan or Infiniti vehicle so long as the Authorized Voucher Participant purchases or leases a new Nissan or Infiniti vehicle within nine (9) months of the Effective Date of Settlement.  The Voucher may be used in combination with other types of valid discount offers, rebates, and incentives.

60.     Current and former owners of Class Vehicles will be determined by the Settlement Administrator based on vehicle registration data obtained in the manner provided in Paragraph 68. That list of current and former owners of Class Vehicles and associated VINs will be checked against a list of VINs provided by NNA from a search of its warranty records for Class Vehicles that had two or more replacements or repairs to the transmission assembly (including torque converter and/or valve body) and/or ATCU.  Prior software updates and/or reprogramming do not count as a prior repair.  Within twenty-eight (28) days after the Effective Date of Settlement, the Settlement Administrator will send current and former owners, determined through this process to meet the Criteria for a Voucher, a notice advising them that they are an Authorized Voucher Participant.

61.     No single Class Member will be entitled to more than an aggregate of five Vouchers regardless of the total number of eligible vehicles purchased by that Class Member.

62.     If a current or former owner of a Class Vehicle is also eligible for reimbursement of a Qualifying Repair on the same vehicle, the current or former owner must elect either the Voucher or reimbursement, but may not receive both benefits.

## NOTICE TO THE SETTLEMENT CLASS

63.     The Settlement Administrator shall be responsible for implementing Notice to the Settlement Class in the manner described in this Settlement Agreement.

64. Dissemination of Notice to the Settlement Class shall be accomplished as described in Paragraphs 69-71. The Settlement Administrator shall be responsible for: (i) mailing of the Summary Notice, and (ii) responding to requests for the Notice. All Notice and Settlement Administration Expenses shall be paid by NNA.

65. The Settlement Administrator shall sign a confidentiality agreement in a form agreed to by Co-Lead Class Counsel and NNA's Counsel, which shall provide that the names, addresses and other information about specific Class Members provided by either Co-Lead Class Counsel, NNA or by individual Class Members, shall all be treated as confidential and shall be used by the Settlement Administrator only as required by this Settlement Agreement.

66. The Parties agree the names and addresses, or other identifying information, of Class Members shall not be provided to Co-Lead Class Counsel by NNA, NNA's Counsel, or the Settlement Administrator, except that, in order to allow Co-Lead Class Counsel to respond effectively and efficiently to inquiries to Co-Lead Class Counsel from specific Class Members, the Settlement Administrator shall upon request provide Co-Lead Class Counsel with the Claim Form submitted by the inquiring Class Member, supporting documentation submitted by the inquiring Class Member, and communications between the Settlement Administrator and the inquiring Class Member.

67. Notwithstanding Paragraph 66, information concerning the claims for reimbursement of a Qualifying Repair made pursuant to Paragraph 78 may be provided by the Settlement Administrator to Co-Lead Class Counsel or NNA's Counsel to the extent it is necessary and as provided in Paragraphs 85 and 86.

68. NNA will provide the Settlement Administrator with Vehicle Identification Number (VIN) information for all Class Vehicles. Using this VIN information, the Settlement

Administrator will obtain address data for the Class Members from a qualified third-party, such as IHS/R.L. Polk, that maintains databases related to the automobile industry and which specializes in obtaining such information from, inter alia, the Department of Motor Vehicles of all fifty (50) States in the United States and its territories, including Puerto Rico.  The Settlement Administrator will review the address data provided by the third-party vendor, check addresses for validity, eliminate duplications and process the addresses through the National Change of Address database for the purpose of updating the addresses.  The Parties anticipate that current residential addresses will be available for a very high percentage of Class Members, such that a single direct mail short form notice approved by the Court will satisfy all applicable due process requirements for notice to the Class Members.

69.    The Settlement Administrator shall mail a direct mail post card with the Summary Notice, postage prepaid, via the United States Postal Service to the Settlement Class.  The Notice shall be substantially in the same form as the exemplar submitted as Exhibit "D" to this Settlement Agreement, as approved by the Court.  The Settlement Administrator shall also cause any other elements of Notice (including activation of the Settlement Website) to take place on or about the Notice Date.

70.    Prior to mailing the Summary Notice, the Settlement Administrator shall utilize the United States Postal Service National Change of Address database to obtain updated addresses where available.  In the case of any returned undeliverable mail, the Settlement Administrator shall forward any Summary Notice returned to it with a forwarding address, and otherwise perform skip trace address searches in an attempt to obtain an updated address and then re-mail the Summary Notice.  Only one attempt shall be made to obtain a new address and re-mail.  If the Summary Notice is undeliverable a second time, no further efforts shall be made.  The Settlement

Administrator shall process undeliverable mail in the above manner on an ongoing basis in a timely fashion.

71.     The Settlement Administrator shall create and maintain a dedicated mutually approved website for information about this Settlement ("Settlement Website"), on which the Settlement Administrator will make available for download in portable document format (1) the Long Form Notice as approved by the Court and (2) other documents and pleadings filed by the Parties in connection with the Settlement.  The Settlement Administrator will also provide a link to the Settlement Website in the Summary Notice, maintain a toll-free number and an email address for Class Members to seek answers to questions about the Settlement, and provide a reference to the toll-free number and email address in the Summary Notice.  In addition, NNA may update www.NissanAssist.com to inform owners of the warranty extension.

72.     The Settlement Administrator, as directed by NNA, shall have the responsibility to prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all States in which Class Members reside, as specified in 28 U.S.C. § 1715.  Co-Lead Class Counsel and NNA's Counsel shall cooperate in the drafting of such notices, and Co-Lead Class Counsel shall provide to NNA's Counsel, upon request, any information in its possession necessary for the preparation of these notices.

73.     No later than forty-two (42) days prior to the date of the Fairness Hearing in the Notice, the Settlement Administrator shall provide a declaration to the Court, with a copy to Co-Lead Class Counsel and NNA's Counsel, attesting that Notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or those otherwise required by the Court.

The Settlement Administrator agrees to provide one supplemental declaration, if requested by the Parties, prior to the Fairness Hearing.

74.     The Notice described in Paragraph 69, the Settlement Website contemplated by Paragraph 71, and the permitted response to inquiries in Paragraph 71, will be the only type of notice to the public or Class Members about the Settlement, and Plaintiffs may not advertise or publicize the Settlement by any other means, with the exception that Co-Lead Class Counsel will be permitted to put notification on their firms' websites (a) advising of the settlement and (b) directing potential class members to the Settlement Website.

75.     Counsel for Plaintiffs and counsel for NNA will be permitted to respond to inquiries from reporters regarding this matter but only with a jointly prepared or coordinated response. Counsel may not make statements suggesting that the Lawsuits caused or forced the Settlement, or make any other similar statements suggesting that the Settlement indicates that the Lawsuits had merit or did not have merit, or that the Settlement is an admission or indication of liability or a concession of lack of merit. In no event may Plaintiffs, their counsel, or their agents or representatives initiate communication with reporters or any form of print, digital, social or broadcast media regarding the Settlement or Lawsuits.  This provision does not govern motions and supporting memoranda filed in Case No. 3:21-cv-00099 related to preliminary and final approval of the Settlement as contemplated by Paragraphs 47-50.

76.     Nothing in this Settlement Agreement shall prevent (1) NNA from communicating with its dealers and/or customers (including owners or lessees of Class Vehicles) at any time for purposes of customer satisfaction, as NNA generally communicates with its dealers and/or owners/lessees in the ordinary course of its business, or (2) Co-Lead Class Counsel from responding to inquiries from Class Members after preliminary approval of the Settlement.

77. Nothing in this Settlement Agreement shall prevent NNA from communicating, and it is contemplated that NNA may communicate, after preliminary approval of the Settlement, with its dealers and customers (including owners and lessees of Class Vehicles) advising them of the Warranty Extension, and if it does so, NNA may indicate the Warranty Extension is being provided as a customer satisfaction effort to address customer concerns, including those expressed by the named Plaintiffs in the Lawsuits. NNA will share the content of these communications with Co-Lead Class Counsel prior to dissemination of the communications. NNA's official communications to its dealers and owners/lessees will explain that the provision of the Warranty Extension is subject to final approval of the Settlement. After preliminary approval and prior to final approval, NNA may at its option in the interim provide Warranty Extension coverage to its customers, subject to final approval, and pay dealers for making repairs that would be covered by the Warranty Extension. In the event final settlement approval does not occur, Class Members will not be obligated to reimburse NNA for the costs of such repairs made and NNA will not be obligated to provide the Warranty Extension regardless of providing the benefit to customers in the interim. In its communication notifying Class Members of the Warranty Extension, NNA will include a statement advising owners that if they have concerns about the diagnosis of their vehicle, they can request the dealer to contact NNA.

## REIMBURSEMENT CLAIMS ADMINISTRATION AND PROCEDURE

78. Class Members who believe they are eligible to receive reimbursement for a Qualifying Repair will be directed to fill out and send to the Settlement Administrator the Claim Form, in substantially the form attached to this Settlement Agreement as Exhibit "B" and all necessary supporting documentation to qualify as an Authorized Reimbursement Participant. Qualifying Class Members shall receive a check by mail.

79.     Non-contemporaneous documentation, such as post hoc statements by mechanics or claimants shall not be considered to augment Appropriate Contemporaneous Documentation of Qualifying Repair or Appropriate Contemporaneous Documentation of Nissan Diagnosis.

80.     The Claim Form and supporting documentation may be sent to the Settlement Administrator via mail, as provided in Paragraph 82, or via the Settlement Website.  Upon receiving a Claim Form from a claimant, the Settlement Administrator will review the documentation for adequacy and validity and confirm or deny the Class Member's eligibility as an Authorized Reimbursement Participant.

81.     The Claim Form, in substantially the form attached to this Settlement Agreement as Exhibit "B," will be presented to the Court for preliminary approval.

82.     All Claim Forms must be submitted within the applicable Claims Period.  Any Class Member who fails to submit a Claim Form by the end of the applicable Claims Period shall be forever barred from receiving any payment pursuant to this Settlement Agreement, and shall in all other respects be bound by the terms of this Settlement Agreement and by the Final Order and Judgment entered in the *Stringer* case.  Class Members may not submit on appeal any new Claim Form or necessary supporting documentation described in Paragraph 78.  If a Claim Form is transmitted online, it shall be deemed to have been submitted on the date it was transmitted.  If a Claim Form is mailed and received with a postmark or other evidence of the date of mailing indicated on the envelope by the postal service or other independent carrier, the Claim Form shall be deemed to have been submitted on the date of the postmark.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Settlement Administrator or its designee.

83. The Settlement Administrator shall contact a Class Member via mail or email, or both if both are available, one time to advise the Class Member that their claim is deficient and seeking to obtain additional information or supporting documentation if a Claim Form is incomplete. The Settlement Administrator has no further affirmative obligation to seek additional information or supporting documentation from or on behalf of the Class Member. The deficiency process will take place in a timely fashion after the close of the Claims Period and upon the Settlement Administrator's determination that all timely-filed claims are likely to have been received. Within thirty (30) days of that determination, the Settlement Administrator shall analyze the claims submitted and send deficiency notices. Class Members have thirty (30) days to provide additional information and supporting documentation. If, after expiration of the thirty (30) day period, a Claim Form still does not meet the requirements set forth in this Settlement Agreement and in the Claim Form instructions, or fails to include all required supporting documentation, such Claim Form shall be rejected. The Settlement Administrator shall reject a Class Member's Claim Form if: (a) the Class Member seeks payment for repairs that are not covered by the terms of this Settlement Agreement; (b) the Class Member fails to provide Appropriate Contemporaneous Documentation of Qualifying Repair and, if applicable, Appropriate Contemporaneous Documentation of Nissan Diagnosis; (c) the Claim Form is duplicative of another Claim Form; (d) the person submitting the Claim Form is not a Class Member; (e) the Claim Form was not submitted by the end of the applicable Claims Period; and (f) the Claim Form otherwise does not meet the requirements of this Settlement Agreement.

84. Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine in good faith in accordance with the terms and conditions of this Settlement Agreement the extent, if any, to which each claim shall be allowed. The Settlement

Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, maintaining a record of every payment made to a Class Member.

85.     Claim Forms that do not meet the terms and conditions of this Settlement Agreement, absent submission of additional information by the Class Member as described in Paragraph 83 shall be rejected by the Settlement Administrator.  Upon determination that a Claim should be rejected after the close of the Claims Period, the Settlement Administrator shall notify the Class Member by U.S. Mail and email if the Class Member has provided his or her email address to the Settlement Administrator, within thirty (30) days of the determination of the rejection, and inform the Class member of the appeal procedure.  Notwithstanding Paragraph 66, Co-Lead Class Counsel and NNA's Counsel shall be provided with copies of all such notifications to Class Members.

86.     If any person whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the person must, within thirty (30) days after the date of mailing of the notice of the rejection described in Paragraph 85 serve upon the Settlement Administrator via the Settlement Website or by mail a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation and requesting review. Notwithstanding Paragraph 66, the Settlement Administrator shall provide to NNA's Counsel and Co-Lead Class Counsel a copy of any claimant's notice and statement of reasons for contesting the rejection within seven (7) days of the Settlement Administrator's receipt of same.  If the dispute concerning a claim cannot otherwise be resolved by NNA's Counsel, Co-Lead Class Counsel and the Settlement Administrator, within ninety (90) calendar days of the request for review, the dispute shall be submitted to the Court for final decision.  The Court shall have no responsibility

for determining, adjudicating or resolving claims until after a rejected claim has been contested. Prior to a claim being contested, the Settlement Administrator shall have the sole responsibility for evaluating whether a claim meets the Criteria for Reimbursement.

87.     No person shall have any claim against NNA or any of the Released Parties, NNA's Counsel, the Plaintiffs, the Settlement Class, Co-Lead Class Counsel,  Executive Committee Counsel, Other Plaintiffs' Counsel or the Settlement Administrator based on any eligibility determinations, distributions or payments made in accordance with this Settlement Agreement. This provision does not affect or limit in any way the right of review by the Court of any disputed Claim Forms or determinations regarding the amount of any monetary benefits, to the extent provided above.

88.     Within ninety days (90) of the Effective Date of Settlement, the Settlement Administrator will mail or transmit to each Authorized Reimbursement Participant, via check, a payment for reimbursement of the costs of a Qualifying Repair for which the Authorized Reimbursement Participant has submitted Appropriate Contemporaneous Documentation of Qualifying Repair, as determined by the Settlement Administrator.

89.     Within ninety days (90) of the Effective Date of Settlement, the Settlement Administrator will mail to each Authorized Voucher Participant a Voucher in the amount set forth in Paragraph 59 towards the purchase or lease of a single new Nissan or Infiniti vehicle within nine (9) months of the Effective Date of Settlement, as described in Paragraphs 42 and 59 of this Settlement Agreement.

90.     If this Settlement Agreement is not approved or for any reason the Effective Date of Settlement does not occur, no benefits or distributions of any kind shall be made pursuant to this Settlement Agreement, except for the cost of Notice and Settlement Administration Expenses

incurred and the value of any reimbursements paid pursuant to Paragraph 88, if already provided to a Class Member. In such event, any funds deposited by NNA into any account opened for the purpose of this Settlement shall revert to NNA, together with all interest on the deposited funds.

## OBJECTIONS AND REQUESTS FOR EXCLUSION
## BY CLASS MEMBERS

91.     Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement (an "Objection") must file a written Objection with the Court and mail a copy to NNA's Counsel and at least one of Co-Lead Class Counsel at the addresses set forth in Paragraph 94. The Summary Notice will provide a specific date by which the Objection must be filed and copies postmarked, which date will be sixty (60) days after the Notice Date.

92.     To state a valid Objection to the Settlement, a Class Member making an Objection must provide the following information in his or her written Objection: (i) the Class Member's full name and current address; (ii) the model year and make of his or her vehicle(s) and approximate date(s) of purchase; (iii) whether the Class Member still owns the vehicle(s); (iv) the VIN number of the vehicle(s); (v) current odometer mileage of the vehicle(s) currently owned; (vi) a specific statement of the Class Member's reasons for objecting to the Settlement, including the factual and legal grounds for his or her position; (vii) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, (viii) a list of any other objections to any class action settlements submitted to any court, whether State, Federal, or otherwise, in the United States in the previous five (5) years; (ix) whether the Class Member intends to appear at the Fairness Hearing and whether the Class Member will be represented by separate counsel; and (x) the Class Member's signature with the date of signature.

93.     No Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) unless written notice of the Class Member's intention to

appear at the Fairness Hearing and copies of any written Objections and briefs have been filed with the Court and served on NNA's Counsel and one or more of Co-Lead Class Counsel on or before the date specified in the Preliminary Approval Order and Summary Notice. Class Members who fail to timely file and serve a written Objection in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

94.     Objections must be served:

Upon NNA's Counsel at:

> E. Paul Cauley, Jr.
> FAEGRE DRINKER BIDDLE & REATH LLP
> 1717 Main Street
> Suite 5400
> Dallas, Texas 75201

Upon at least one of Co-Lead Class Counsel at:

> Mark S. Greenstone
> GREENSTONE LAW APC
> 1925 Century Park East, Suite 2100
> Los Angeles, CA 90067

> Marc L. Godino
> GLANCY PRONGAY & MURRAY LLP
> 1925 Century Park East, Suite 2100
> Los Angeles, CA 90067

> J. Gerard Stranch, IV
> BRANSETTER, STRANCH & JENNINGS PLLC
> 223 Rosa L. Parks Avenue, Suite 200
> Nashville, TN 37203

95.     Class Members may elect to exclude themselves from this Settlement Agreement, relinquishing their rights to benefits under this Settlement Agreement.  A Class Member wishing to exclude himself/herself from the Settlement must send to the Settlement Administrator his or

her own personally signed letter or request (or, where appropriate due to disability, incapacity or other condition, a signed letter or request from a Class Member's conservator, custodian, or person with applicable power of attorney along with documentation establishing such authority) including (i) his/her name, (ii) address, (iii) telephone number, (iv) model and year of vehicle, (v) the VIN number of the vehicle(s); and (vi) a clear statement communicating that he/she elects to be excluded from the Settlement Class. Subject to the above conditions, a request signed only by a representative or attorney for the Class Member is not valid. A single written letter or request for exclusion submitted on behalf of more than one Class Member will be deemed invalid; provided, however, that an exclusion received from one Class Member will be deemed and construed as a request for exclusion by all co-owners or co-lessees of the vehicle. Mass or class opt-outs shall not be allowed. No Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.

96.     Any request for exclusion must be postmarked no later than sixty (60) days after the Notice Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Preliminary Approval Order and Notice, shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.

97.     Any Class Member who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement.

98.     Not later than seven (7) business days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide to Co-Lead Class Counsel and NNA's Counsel a complete exclusion list together with copies of the exclusion requests.

99.     Notwithstanding any other provision of this Settlement Agreement, if the number of Class Members who exclude themselves from the Settlement is in excess of seven hundred fifty (750) as of the date set forth in the Notice, NNA, in its sole discretion, may rescind and revoke the entire Settlement and this Settlement Agreement, thus rendering the Settlement void in its entirety. To do so, NNA shall send written notice that NNA revokes the Settlement pursuant to this paragraph to Co-Lead Class Counsel within fourteen (14) days following the date the Settlement Administrator informs NNA of the number of Class Members who have requested exclusion from the Settlement pursuant to Paragraph 95.  In the event NNA voids the agreement under this provision, NNA is responsible for all Notice and Settlement Administration Expenses incurred to date.

100.    Upon expiration of the deadlines for filing objections and requests for exclusion from the Settlement as set forth in the Preliminary Approval Order and Summary Notice, and on the date set forth in the Preliminary Approval Order and Summary Notice, the Fairness Hearing shall be conducted to determine final approval of the Settlement, along with the amount properly payable for Attorneys' Fees and Expenses.  Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the Parties shall present the Final Order and Judgment, substantially in the form attached to this Settlement Agreement as Exhibit "F," to the Court for approval and entry.

## **RELEASES, DISMISSAL OF THE LAWSUITS AND FUTURE CLAIMS**

101.    It is agreed that upon the Effective Date of Settlement, all Class Members and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be

deemed to have jointly and severally released, and forever discharged, NNA and the Released

Parties from any and all Released Claims, whether known or unknown, and shall be fully and

forever barred and enjoined from instituting or prosecuting in any court or tribunal, either directly

or indirectly, individually or representatively, any and all Released Claims against NNA or the

Released Parties.

102.    Class Members who have validly and timely requested exclusion from the

settlement by the date set by the Court do not release their claims and will not obtain any of the

benefits of the Settlement.

103.    The claims released, settled, and compromised by this Settlement Agreement

include known and unknown claims relating to the Class Vehicles in the Lawsuits, and this

Settlement Agreement is expressly intended to cover and include all such injuries or damages

relating to such claims in the Lawsuits, including all rights of action thereunder.  Class Members

and Plaintiffs expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the

California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES NOT
> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
> OR RELEASED PARTY.

Class Members and Plaintiffs expressly waive and relinquish any and all rights and benefits which

they may have under, or which may be conferred upon them by, the provisions of Section 1542 of

the California Civil Code, or any other law of any state or territory which is similar, comparable,

or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or

benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment,

the Class Members and Plaintiffs acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is their intention to fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, which they have against NNA or Released Parties. In furtherance of such intention, the release herein given by the Class Members and Plaintiffs, to NNA and Released Parties shall be and remain in effect as a full and complete general release of the Released Claims notwithstanding the discovery or existence of any such additional different claims or facts.

104.     All Future Transmission Claims, as well as any claim or dispute relating to or involving, in whole or in part, allegations related to the transmission in a Class Vehicle will be governed exclusively by the Expedited Resolution Process, which is described in more detail in Exhibit "A" to this Settlement Agreement.

105.     Within five (5) days of the Effective Date of Settlement, Plaintiffs in the *Lane*, *Newton*, *Landa*, and *Eliason* cases agree to dismiss, with prejudice, all claims and causes of action relating to the Class Vehicles.

106.     With the exception of Future Transmission Claims which are subject to the Expedited Resolution Process, and notwithstanding the dismissal of all claims and causes of action relating to the Class Vehicles in the Lawsuits, the Court shall retain jurisdiction over the Parties to the Settlement Agreement with respect to the future performance of the terms of the Settlement Agreement including, but not limited to, whether any claim being asserted in any Court or forum is released by the terms of the Settlement Agreement. Any dispute about whether the Expedited Resolution Process applies to a claim or dispute must be presented to the Court unless both parties to that dispute agree to have another court or person decide the issue.

107. Upon the Effective Date of Settlement: (a) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Class Members; (b) the Released Parties shall not be subject to liability or expense of any kind other than obligations under this Settlement Agreement to any Class Members; and (c) Class Members shall be permanently barred and enjoined from initiating, asserting, or prosecuting any Released Claim against the Released Parties in any federal or state court or tribunal.

## EFFECT OF CERTIFICATION AND DISAPPROVAL, CANCELLATION OR TERMINATION OF THE SETTLEMENT

108. For purposes of settlement only, the Parties and their counsel agree that the Court should make preliminary findings and enter the Preliminary Approval Order granting provisional certification of the Settlement Class subject to final findings and ratification in the Final Order and Judgment, and appointing Class Representatives and Co-Lead Class Counsel and Executive Committee Counsel.

109. NNA does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action. If this Settlement Agreement is terminated for any reason, or the Effective Date of Settlement for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating this Settlement Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Lawsuits shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, the Lawsuits shall return to the procedural status quo in accordance with this paragraph, and NNA shall have the right to object to certification of the Settlement Class or any other class at any future time.

110.    In the event an appeal is filed from the Court's Final Order and Judgment, or any other appellate review is sought prior to the Effective Date of Settlement, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review unless the Parties agree otherwise.

## SETTLEMENT NOT EVIDENCE AGAINST PARTIES

111.    The Released Parties deny any and all allegations set forth in the Lawsuits and deny all wrongdoing.  This Settlement Agreement is not a concession or admission, and shall not be used against any of the Released Parties as an admission or indication with respect to any claim of any fault, concession, or omission by any of the Released Parties.  Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding, or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall be: (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed or referred to for any purpose, or offered or received in evidence, in any further proceeding in the Lawsuits, or any other civil, criminal, or administrative action or proceeding against any of the Released Parties except for purposes of settling the claims relating to the Class Vehicles in the Lawsuits pursuant to this Settlement Agreement.  The limitations set forth in this paragraph do not apply to use and/or disclosure by any of the Released Parties against Class Members or third parties, including, without limitation, for purposes of supporting a defense or counterclaim of res judicata, collateral estoppel, release, good faith settlement, judgment bar, offset, reduction, or any other theory or claim of issue or claim preclusion or similar defense or counterclaim.

112.     Whether or not this Settlement Agreement is finally approved by the Court, the Parties agree that the Settlement Agreement shall not constitute evidence of the propriety of class certification for the purpose of litigation or for trial in the Lawsuits or any other case.

## ATTORNEYS' FEES AND EXPENSES

113.     Only Co-Lead Class Counsel shall be entitled to apply to the Court for an award of reasonable Attorneys' Fees and Expenses in a total amount up to, but not to exceed, $6,250,000. Co-Lead Class Counsel may also apply to the Court for an award to Class Representatives Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki ("Class Representatives") of an incentive payment of $5,000 per Class Representative.  The award of Attorneys' Fees and Expenses will include all fees, expenses, and costs for Co-Lead Class Counsel, Executive Committee Counsel and Other Plaintiffs' Counsel in connection with the claims relating to the Class Vehicles in the Lawsuits.  Co-Lead Class Counsel, Executive Committee Counsel, and Other Plaintiffs' Counsel shall not be permitted to petition the Court for any additional payments for fees (including catalyst fees), costs, expenses or incentive awards other than those sought in the application of Co-Lead Class Counsel expressly permitted by this paragraph, and the award shall be for all claims for Attorneys' Fees and Expenses and incentive awards past, present, and future incurred in the Lawsuits.  The actual amount of any award of Attorneys' Fees and Expenses will be determined by the Court.  The Parties negotiated and agreed to the amount of Attorneys' Fees and Expenses for which Co-Lead Class Counsel could apply, and the incentive awards for which the Class Representatives could apply, only after reaching agreement upon all other material terms of this Settlement Agreement.

114.     NNA and its attorneys agree not to oppose any applications for Attorneys' Fees and Expenses of $6,250,000 or less by Co-Lead Class Counsel and the Class Representative incentive

payment of $5,000 to each Class Representative, so long as such applications are consistent with the provisions of this Settlement Agreement, and further agree to pay any amount awarded by the Court for Attorneys' Fees and Expenses and Class Representative incentive payments that does not exceed the amounts listed in this paragraph.

115. Any Attorneys' Fees and Expenses awarded by the Court to Co-Lead Class Counsel and incentive awards awarded by the Court to Plaintiffs shall be paid by NNA through the Settlement Administrator, within twenty-eight (28) days after the Effective Date of Settlement. NNA shall have no liability or other responsibility for the allocation of the Attorneys' Fees and Expenses among Co-Lead Class Counsel, Executive Committee Counsel and Other Plaintiffs' Counsel, or for the allocation of the incentive payments among and between Plaintiffs. Co-Lead Class Counsel shall distribute the Attorneys' Fees and Expenses amount awarded among all Co-Lead Class Counsel, Executive Committee Counsel and Other Plaintiffs' Counsel, in their sole discretion. In the event any dispute arises relating to the allocation of the Attorneys' Fees and Expenses, Co-Lead Class Counsel, Executive Committee Counsel, and Other Plaintiffs' Counsel agree to hold NNA harmless from any and all liabilities, costs and expenses relating to such dispute.

116. NNA's payment of the Attorneys' Fees and Expenses, as described in this Settlement Agreement, shall constitute full satisfaction of NNA's obligation to pay any person, attorney, or law firm for attorneys' fees, costs, and expenses incurred on behalf of the Plaintiffs and the Settlement Class, and shall relieve NNA and the Released Parties from any other claims or liability to any other attorney, law firm, or person for any attorneys' fees, expenses, and costs to which any of them may claim to be entitled on behalf of Plaintiffs and the Settlement Class that are in any way related to the Released Claims.

117.    In the event that Co-Lead Class Counsel seek, request, or apply in any forum, in connection with this Settlement or the claims relating to the Class Vehicles asserted in the Lawsuits, for an award of Attorneys' Fees and Expenses in excess of $6,250,000, as described in Paragraph 113, NNA shall have the right, in its sole discretion, to terminate, cancel, and/or set aside this Settlement Agreement, in which event the Settlement would become null and void. Plaintiffs and Co-Lead Class Counsel agree that no application for an award for Attorneys' Fees and Expenses in connection with the Lawsuits shall be submitted, filed, or pursued in any forum other than the Court.

118.    In the event that this Settlement Agreement is not finally approved by the Court, the Parties agree that Co-Lead Class Counsel, Executive Committee Counsel, and Other Plaintiffs' Counsel shall not be entitled to and shall not seek any Attorneys' Fees and Expenses in connection with any benefits received by any Class Members related to the proposed Settlement under this Settlement Agreement.  This prohibition on seeking Attorneys' Fees and Expenses is inapplicable if NNA exercises its rights under Paragraph 99, although NNA retains the right to oppose entitlement to any Attorneys' Fees and Expenses that it disputes.

## CONFIDENTIAL DISCOVERY MATERIALS

119.    Within sixty (60) days of the Effective Date of Settlement and upon Nissan's Counsel's request, Co-Lead Class Counsel, Executive Committee Counsel, and Other Plaintiffs' Counsel shall comply with the return or destruction of documents provision under the terms and conditions of the Agreed Protective Order entered between the Parties in the Lawsuits.

## REPRESENTATIONS, WARRANTIES AND COVENANTS

120.    Co-Lead Class Counsel, Executive Committee Counsel, and Other Plaintiffs' Counsel who are signatories to this Settlement Agreement represent and warrant that they have the authority, on behalf of all Plaintiffs, to execute, deliver, and perform this Settlement Agreement

and to consummate the transactions contemplated by this Settlement Agreement. Co-Lead Class Counsel further warrant and represent that they have authority to seek the dismissal with prejudice of the claims relating to the Class Vehicles in the Lawsuits, as contemplated above. This Settlement Agreement has been duly and validly executed and delivered by Co-Lead Class Counsel, Executive Committee Counsel, and Other Plaintiffs' Counsel, individually and on behalf of Plaintiffs, and constitutes their legal valid and binding obligation.

121.    NNA represents and warrants that NNA has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated by this Settlement Agreement. The execution, delivery, and performance by NNA of this Settlement Agreement and the consummation by NNA of the actions contemplated by this Settlement Agreement have been duly authorized by all necessary corporate action on the part of NNA. This Settlement Agreement has been duly and validly executed and delivered by NNA, by and through NNA's Counsel, and constitutes NNA's legal, valid, and binding obligation.

<b><u>MISCELLANEOUS PROVISIONS</u></b>

122.    The headings in this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

123.    This Settlement Agreement, including all appendices and exhibits attached to this Settlement Agreement, may not be modified or amended except in writing signed by all Parties to this Settlement Agreement.

124.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

125.     The terms of this Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Tennessee, without giving effect to any of its conflict of laws provisions.

126.     Except as specifically provided in this Settlement Agreement, the Parties shall each bear their own costs and attorneys' fees, including taxable Court costs.

127.     All of the exhibits to this Settlement Agreement are material and integral parts of this Settlement Agreement and are fully incorporated into this Settlement Agreement by this reference.  This Settlement Agreement and the Exhibits to this Settlement Agreement constitute the entire, fully integrated agreement among the Parties and void, cancel, and supersede all prior written and unwritten agreements and understandings pertaining to the Settlement. The Parties each covenant and warrant that they have not relied upon any promise, representation, or undertaking not set forth in writing herein to enter into this Settlement Agreement.

128.     If any provision, paragraph, article, or other portion of this Settlement Agreement is found to be void, all of the remaining portions of this Settlement Agreement shall remain in effect and be binding upon mutual agreement of the Parties.

129.     The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

130.     Any notice, request or instruction or other document to be given by any Party to this Settlement Agreement to any other Party to this Settlement Agreement (other than the Notice to the Settlement Class) shall be in writing and delivered via e-mail:

Upon NNA at:

E. Paul Cauley, Jr.
paul.cauley@faegredrinker.com

FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street
Suite 5400
Dallas, Texas 75201


Upon Co-Lead Class Counsel at:

Mark S. Greenstone
mgreenstone@greenstonelaw.com
GREENSTONE LAW APC
1925 Century Park East, Suite 2100
Los Angeles, CA 90067


Marc L. Godino
mgodino@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067


J. Gerard Stranch, IV
gerard@bsjfirm.com
BRANSETTER, STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203

Upon Executive Committee Counsel at:

Stephen R. Basser
sbasser@barrack.com
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101

Lawrence Deutsch
ldeutsch@bm.net
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Ryan McDevitt
rmcdevitt@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Upon Other Plaintiffs' counsel at:


John G. Emerson
jemerson@emersonfirm.com
EMERSON FIRM, PLLC
2500 Wilcrest Drive, Suite 300
Houston, TX 77042


Caroline Ramsey Taylor
caroline@whitfieldbryson.com
WHITFIELD BRYSON LLP
518 Monroe Street
Nashville, TN 37208

131.    All applications for Court approval or Court orders required or permitted under this Settlement Agreement shall be made with reasonable prior notice to all Parties.

132.    The determination of the terms of, and the drafting of, this Settlement Agreement including its exhibits, has been by mutual agreement after negotiation, with consideration by, and participation of all Parties and their counsel.  Because this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.  Each of the Parties was represented by competent and effective counsel throughout the course of Settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

133.    The Parties agree to hold all proceedings in the Lawsuits, except such proceedings as may be necessary to implement and complete the Settlement Agreement, in abeyance pending the Fairness Hearing to be conducted by the Court.

134.    The Parties believe that this Settlement Agreement is a fair, adequate, and reasonable settlement of the claims relating to the Class Vehicles in the Lawsuits and have arrived at this Settlement through arm's length negotiations, taking into account all relevant factors, present, and potential.

## THE PARTIES:

## PLAINTIFFS

By: _Wayne Balnicki_____
Wayne Balnicki

By: _____
Teresa Stringer

By: _____
Karen Brooks

By: _____
Michelle Williams

By: _____
Andrea Eliason

By: _____
Menachem Landa

By: _____
Brandon Lane

By: _____
Jayne Newton

By: _____
Debbie O'Connor

By: _____
William Papania

## THE PARTIES:

## PLAINTIFFS

By:_____          By:_____
    Wayne Balnicki                        Teresa Stringer

By:_____          By:_____
    Karen Brooks                          Michelle Williams

By:_____
    Andrea Eliason

By:_____
    Menachem Landa

By:_____
    Brandon Lane

By:_____
    Jayne Newton

By:_____
    Debbie O'Connor

By:_____
    William Papania

43

## THE PARTIES:

### PLAINTIFFS

By:_____          By:_____
    Wayne Balnicki                     Teresa Stringer


By:_____          By:_____
    Karen Brooks                       Michelle Williams

DocuSigned by:

*Andrea Eliason*

425C65EBEDC94B6...

By:_____
    Andrea Eliason


By:_____
    Menachem Landa


By:_____
    Brandon Lane


By:_____
    Jayne Newton


By:_____
    Debbie O'Connor


By:_____
    William Papania

43

**THE PARTIES:**

**PLAINTIFFS**

By:_____
    Wayne Balnicki

By:_____
    Teresa Stringer

By:_____
    Karen Brooks

By:_____
    Michelle Williams

By:_____
    Andrea Eliason

By:_____
    Menachem Landa

By:_____
    Brandon Lane

By:_____
    Jayne Newton

By:_____
    Debbie O'Connor

By:_____
    William Papania

## THE PARTIES:

## PLAINTIFFS

By:_____
        Wayne Balnicki

By:_____
        Teresa Stringer

By:_____
        Karen Brooks

By:_____
        Michelle Williams

By:_____
        Andrea Eliason

By:_____
        Menachem Landa

By:_____
        Brandon Lane

By:_____
        Jayne Newton

By:_____
        Debbie O'Connor

By:_____
        William Papania

**THE PARTIES:**

**PLAINTIFFS**

By:_____          By:_____
    Wayne Balnicki                              Teresa Stringer


By:_____          By:_____
    Karen Brooks                                Michelle Williams


By:_____
    Andrea Eliason


By:_____
    Menachem Landa


By:_____
    Brandon Lane


By:_*Jayne Newton*_____
    Jayne Newton


By:_____
    Debbie O'Connor


By:_____
    William Papania

43

**THE PARTIES:**

**PLAINTIFFS**

By:_____
      Wayne Balnicki

By:_____
      Teresa Stringer

By:_____
      Karen Brooks

By:_____
      Michelle Williams

By:_____
      Andrea Eliason

By:_____
      Menachem Landa

By:_____
      Brandon Lane

By:_____
      Jayne Newton

By:_____
      Debbie O'Connor

By:_____
      William Papania

43

## THE PARTIES:

## PLAINTIFFS

By:_____
   Wayne Balnicki

By:_____
   Teresa Stringer

By:_____
   Karen Brooks

By:_____
   Michelle Williams

By:_____
   Andrea Eliason

By:_____
   Menachem Landa

By:_____
   Brandon Lane

By:_____
   Jayne Newton

By:_____
   Debbie O'Connor

By: _William Papania_
   William Papania

43

## THE PARTIES:

## PLAINTIFFS

By:_____
    Wayne Balnicki

By: *Teresa Stringer* (signature)
    Teresa Stringer

By:_____
    Karen Brooks

By:_____
    Michelle Williams

By:_____
    Andrea Eliason

By:_____
    Menachem Landa

By:_____
    Brandon Lane

By:_____
    Jayne Newton

By:_____
    Debbie O'Connor

By:_____
    William Papania

## THE PARTIES:

### PLAINTIFFS

By:_____
    Wayne Balnicki

By:_____
    Teresa Stringer

By:_____
    Karen Brooks

By:_____
    Michelle Williams

By:_____
    Andrea Eliason

By:_____
    Menachem Landa

By:_____
    Brandon Lane

By:_____
    Jayne Newton

By:_____
    Debbie O'Connor

By:_____
    William Papania

By: _____

Mark S Greenstone
GREENSTONE LAW APC
1925 Century Park East, Suite 2100
Los Angeles, California 90067


By: _____

Marc L. Godino
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067

By: _____
Mark S Greenstone
GREENSTONE LAW APC
1925 Century Park East, Suite 2100
Los Angeles, California 90067


By: _____
Marc L. Godino
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067

By: _____
J. Gerard Stranch, IV
BRANSTETTER, STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203

*Co-Lead Class Counsel*

By: _____
Stephen R. Basser
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101

By: _____
Lawrence Deutsch
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

By: _____
Ryan McDevitt
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

*Executive Committee Counsel*

By: _____
John G. Emerson
EMERSON FIRM, PLLC
2500 Wilcrest Drive, Suite 300
Houston, TX 77042

By: _____
Caroline Ramsey Taylor
WHITFIELD BRYSON LLP
518 Monroe Street
Nashville, TN 37208

*Other Plaintiffs' Counsel*

45

By: _____

J. Gerard Stranch, IV
BRANSTETTER, STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203

*Co-Lead Class Counsel*

By: _____

Stephen R. Basser
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101

By: _____

Lawrence Deutsch
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

By: _____

Ryan McDevitt
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

*Executive Committee Counsel*

By: _____

John G. Emerson
EMERSON FIRM, PLLC
2500 Wilcrest Drive, Suite 300
Houston, TX 77042

By: _____

Caroline Ramsey Taylor
WHITFIELD BRYSON LLP
518 Monroe Street
Nashville, TN 37208

*Other Plaintiffs' Counsel*

By: _____

J. Gerard Stranch, IV
BRANSTETTER, STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203

*Co-Lead Class Counsel*

By: _____

Stephen R. Basser
BARRACK, RODOS & BACINE
600 West Broadway, Suite 900
San Diego, CA 92101

By: _____

Lawrence Deutsch
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

By: _____

Ryan McDevitt
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

*Executive Committee Counsel*

By: _____

John G. Emerson
EMERSON FIRM, PLLC
2500 Wilcrest Drive, Suite 300
Houston, TX 77042

By: _____

Caroline Ramsey Taylor
WHITFIELD BRYSON LLP
518 Monroe Street
Nashville, TN 37208

*Other Plaintiffs' Counsel*

**DEFENDANT**

By:_____
    On Behalf of Nissan North America, Inc.

**Faegre Drinker Biddle & Reath LLP**

By: _____
E. Paul Cauley, Jr.
paul.cauley@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street
Suite 5400
Dallas, Texas 75201

*Counsel for Defendant Nissan North America, Inc.*

46

**DEFENDANT**

By:_____
    On Behalf of Nissan North America, Inc.


**Faegre Drinker Biddle & Reath LLP**


By: _____
E. Paul Cauley, Jr.
paul.cauley@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street
Suite 5400
Dallas, Texas 75201

*Counsel for Defendant Nissan North America, Inc.*

## <u>EXHIBIT A</u>

To the extent that any Class Member has a claim under the New Vehicle Limited Warranty or Extended Warranty, or attempts to assert any claim or dispute relating to or involving, in whole or in part, allegations related to the transmission in a Class Vehicle, the following will apply:

(1) Claims must be submitted through an alternative dispute resolution program such as BBB AUTO LINE, BBB National Programs, or other dispute resolution program operated by another independent provider that has been mutually agreed to by the Parties (the "ADR Program").

(2) The ADR Program will follow its standard procedures for reaching a resolution.

(3) No Class Member may file a lawsuit in any jurisdiction or forum related to the New Vehicle Limited Warranty or Extended Warranty, or attempt to assert any claim or dispute relating to or involving, in whole or in part, allegations related to the transmission in a Class Vehicle, unless and until such claims have been submitted through the ADR Program and a decision has been rendered by the ADR Program.

(4) A Decision by the ADR Program that requires NNA to repurchase a Class Vehicle under terms set forth by the ADR Program arbitrator will be binding on the Settlement Class Member, and the Settlement Class Member may not appeal such Decision or file a lawsuit in any jurisdiction or forum related to any Claims.

(5) To the extent NNA has not made a written offer as contemplated in the following paragraph (6), if the ADR Program's decision does not require NNA to repurchase the Class Member's Vehicle, the Class Member may accept the ADR Program's decision, appeal it, or file a lawsuit.

(6) In addition, if NNA makes a written offer to repurchase a Class Vehicle applying the offset formula for use by the consumer, as set forth by the state law where the Settlement Class Member resides or, if no state law formula exists, the law of California, then the Settlement Class Member may not appeal such Decision or file a lawsuit in any jurisdiction or forum related to any Claims.

(7) In any event, a Decision by the ADR Program will be binding on NNA, and NNA may not appeal a decision by the ADR Program.

(8) Any cost for ADR Program will be borne by NNA.

# **Exhibit B**

# Claim Form

Teresa Stringer, et al. v. Nissan North America, Inc., Case No. 3:21-cv-00099

Please upload at www._____ or return by regular mail to:

For Official Use Only

**All claims must be submitted online or post marked by _____ or within 30 days of the qualifying repair to your vehicle for which you seek reimbursement, whichever is later. If your claim is submitted by mail without a post mark, it must be received by _____ or within 30 days of the repair, whichever is later.**

## I. Claimant Contact Information

Claimant Name _____

Mailing Address _____

City _____ State _____ Zip Code ___ ___ ___ ___ ___

Daytime Telephone Number (____ ____ ____) ___ ___ ___--___ ___ ___ ___

Evening Telephone Number (____ ____ ____) ___ ___ ___--___ ___ ___ ___    Email _____

## II. Claimant Verification Information

1. Did you purchase or lease a 2014-2018 model year Nissan Rogue, 2015-2018 model year Nissan Pathfinder, or 2015-2018 model year Infiniti QX60 vehicle?

   If so, please provide the following information:

|Yes|No|
|---|---|
|☐|☐|

_____    _____
Model Year                  Model

|   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |

Vehicle Identification Number (VIN)

2. Did you pay out of your own pocket – in whole or in part – for replacement of or repair to the transmission assembly (including torque converter and/or valve body) or Automatic Transmission Control Unit (ATCU) in your vehicle?  If you paid to have the transmission assembly repaired more than once, you should include all payments you made for all repairs in this claim form.

|Yes|No|
|---|---|
|☐|☐|

**If you answered "NO" to question 1 OR question 2, you are not eligible to submit a claim.**

**If you answered "YES" to questions 1 AND 2, please answer the following questions:**

$_____

(a) How much did you pay for parts and labor in connection with the replacement or repair?  *(You may not include any paid for by*

*Nissan or Infiniti or by an extended warranty or service contract provider).*

| | | | | | |
|---|---|---|---|---|---|

miles

(b) What was your odometer mileage at the time of replacement or repair?

(c) Do you have documentation showing that the replacement or repair was to the transmission assembly (including torque converter and/or valve body) or Automatic Transmission Control Unit (ATCU) in your vehicle?

**Yes** ☐   **No** ☐

*If yes, please include an original, or true and correct copy of documentation created by an authorized Nissan or Infiniti dealer or other non-Nissan/Infiniti automotive repair facility at or near the time of the replacement or repair, which includes the following information:*

1. *Your vehicle's VIN;*

2. *Proof you paid in whole or in part for the replacement or repair out of pocket;*

3. *The amount you paid for the replacement or repair;*

4. *Your vehicle's mileage at the time of replacement or repair; and*

5. *The date of replacement or repair to your vehicle.*

(d) If the replacement or repair was performed <u>after</u> the mileage and durational limits of the Warranty Extension as applicable to your vehicle, do you have documentation showing that an authorized Nissan or Infiniti dealer previously diagnosed and recommended replacement or repair to your transmission or ATCU when your vehicle was <u>within</u> the mileage and durational limits of the Warranty Extension?

**Yes** ☐   **No** ☐   **N/A** ☐

*If yes, in addition to the documentation requested in part (c) above, please include an original, or true and correct copy of documentation created by an authorized Nissan or Infiniti dealer at or near the time of the diagnosis and recommendation, which includes the following information:*

1. *The authorized Nissan or Infiniti dealer diagnosed and recommended a replacement or repair to the transmission assembly (including torque converter and/or valve body) or ATCU in your vehicle;*

2. *Your Vehicle's VIN;*

3. *Your vehicle's mileage at the time of the Nissan or Infiniti dealer's diagnosis and recommendation; and*

4. *The date of the Nissan or Infiniti dealer's diagnosis and recommendation.*

## III. Voucher Eligibility

The Settlement Agreement provides a voucher of $1,000 for the purchase or lease of a single Nissan or Infiniti vehicle to current or former owners of vehicles who had two or more replacements or repairs to the transmission assembly (including torque converter and valve body) and/or ATCU during their ownership experience.

**If the Settlement Administrator determines that you are eligible to receive a $1,000 voucher and you believe you are also eligible for reimbursement, you must elect whether to receive reimbursement or a voucher.** *You may not receive both benefits.* **Please select one of the following:**

_____ I elect to receive a voucher, if I am eligible.

_____ I elect to receive reimbursement, if I am eligible. (You must complete sections I and II above for the reimbursement).

## IV. Acknowledgement of Claimant(s)

Claimants must acknowledge that they have read and agree to the following by checking the boxes (mandatory):

☐ SUBMISSION TO JURISDICTION OF THE COURT.  I (we) agree to submit to the exclusive jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division, for all purposes associated with this Claim.

☐ VERIFICATION OF CLAIM.  I (we) represent that I am (we are) the current or former owner(s) or lessee(s) of the vehicle identified in this Claim Form.

☐ VERIFICATION OF OUT OF POCKET PAYMENT.  I (we) certify that no portion of the cost of replacement or repair for which I (we) seek reimbursement was previously paid for by Nissan, an authorized Nissan or Infiniti dealer, or an extended warranty or service contract provider.

## V. Certification of Accuracy and Release of Claim

I (we) hereby declare that all the information that I (we) supplied in this Claim Form, including any documents submitted in support of this Claim Form is true and correct and this document is signed under penalty of perjury.

*If more than one Owner/Lessee, this Claim Form must be signed by all Owners/Lessees.*

_____          ___ ___ / ___ ___ / ___ ___ ___ ___
Signature of Claimant                                                              Date of Signature

_____          ___ ___ / ___ ___ / ___ ___ ___ ___
Signature of Claimant                                                              Date of Signature

**If you have questions about this Claim Form, call _____ or visit www._____.com.**

# **Exhibit C**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**

**NOTICE OF PROPOSED SETTLEMENT**

IF YOU PURCHASED OR LEASED A 2014-2018 MODEL YEAR NISSAN ROGUE, 2015-2018 MODEL YEAR NISSAN PATHFINDER, OR 2015-2018 MODEL YEAR INFINITI QX60, YOU MAY QUALIFY FOR BENEFITS FROM A CLASS ACTION SETTLEMENT.

**You should read this Notice carefully because it may affect your legal rights.**

*A federal court has ordered this Notice.  It is not from a lawyer, and you are not being sued.*

- This Settlement resolves a lawsuit about the continuously variable transmission ("CVT") in 2014-2018 model year Nissan Rogue, 2015-2018 model year Nissan Pathfinder and 2015-2018 model year Infiniti QX60 vehicles ("Class Vehicles").

- The Settlement will provide (1) an extension of the New Vehicle Limited Warranty applicable to the transmission for the Class Vehicles; (2) reimbursement for Class Members who paid for qualifying CVT repairs or replacements that would have been covered by the Warranty Extension; (3) a Voucher towards the purchase of a new Nissan or Infiniti vehicle at an authorized Nissan or Infiniti dealer for current and former owners of Class Vehicles who qualify; and (4) an expedited resolution program through the BBB if you have future claims related to your transmission.

- Your legal rights are affected whether or not you act.  *Please read this Notice carefully.*

**Your Rights and Choices:**

| You may: | Summary: | Read more: | Deadline: |
|---|---|---|---|
| **Do nothing** | You are included in the Settlement Class and, if the Settlement is approved, you will automatically receive a 24 month or 24,000 mile extension (whichever occurs first) of the warranty on the transmission of your Class Vehicle; be eligible for a Voucher towards the purchase or lease of a new Nissan or Infiniti vehicle for current or former owners of Class Vehicles, if you qualify; and be covered by an expedited resolution program through the BBB if you have a future claim related to your transmission. | Pages 4-5 | |
| **Submit a Claim** | You do not have to do anything to be included in the Settlement Class, but to be eligible for reimbursement of qualifying transmission repairs, you must submit a Claim Form by the deadline. | Pages 4-5 | **Submit your Claim Form by: _____ \*** |
| **Opt out of the Settlement** | Ask to get out of the Settlement.  You get no Settlement benefits, but keep your right to file your own lawsuit against Nissan. | Pages 5-6 | **Mail your Opt Out Request Postmarked by:** |
| **Object** | Remain a Class Member and tell the Court what you do not like about the Settlement.  You will still be bound by the Settlement if the Court approves it.  If you want your own attorney to represent you, you must pay for him or her yourself.  Your attorney must file a Notice of Appearance. | Pages 6-8 | **Objections and/or Notice of Appearance Filed by:** |

\*Claim Forms must be submitted to the Settlement Administrator by _____, or within 30 days of the qualifying repair to your vehicle, whichever is later.

*No Settlement benefits will be distributed unless the Court approves the Settlement and it becomes final.*

1

| **Table of Contents** |
| --- |

**Basic Information**

1.  What is this lawsuit about?
2.  Why is the lawsuit a class action?
3.  Why is there a Settlement?
4.  What is the Effective Date of this Settlement?

**Who is in the Settlement**

5.  How do I know if I am part of the Settlement?

**The Settlement Benefits – What You Will Get**

6.  What are the benefits of this Settlement?
7.  What if my car is currently outside the mileage and time limits of the Warranty Extension but I paid to have repairs performed previously?
8.  What if I have not repaired my car, but a Nissan or Infiniti dealer previously diagnosed and recommended a replacement or repair of the transmission?
9.  Am I giving anything up in return for my benefits?
10. What if I have a claim related to my transmission or the Warranty Extension in the future?

**How to Get a Benefit**

11. What do I need to do to get the benefits of this Settlement?

**Your Rights – Getting Out of the Settlement**

12. Can I get out of the Settlement?
13. How can I exclude myself from the Settlement?

**Your Rights – Objecting to the Settlement**

14. Can I tell the court I do not like the Settlement?
15. How can I object to the Settlement?
16. What is the difference between excluding and objecting?  Can I do both?

**Your Rights – Appearing at the Hearing**

17. Can I appear at the Settlement hearing?

**The Lawyers Representing You**

18. Do I need to hire my own attorney?
19. How much is Class Counsel being paid?

**Final Approval of the Settlement**

20. When will the Settlement become final?
21. What happens if the Settlement is not approved?

**If You Do Nothing**

22. What if I do not do anything?

**More Information**

23. Where can I get more information?

2

### 1. What is this lawsuit about?

In this lawsuit called *Teresa Stringer, et al. v. Nissan North America, Inc.*, Case No. 3:21-cv-00099, pending in the United States District Court for the Middle District of Tennessee, Nashville Division, a number of individuals on behalf of themselves and all current and former owners and lessees of 2014-2018 model year Nissan Rogue, 2015-2018 model year Nissan Pathfinder and 2015-2018 model year Infiniti QX60 vehicles ("Class Vehicles"), allege that the Class Vehicles have a defective continuously variable transmission ("CVT") which can lead to poor transmission performance or failure. The Plaintiffs brought claims against Nissan North America, Inc. ("Nissan" or "NNA") for breach of express warranty, breach of implied warranty, negligence, fraudulent omission, unjust enrichment and violation of various State consumer protection statutes. They also sought various injunctive remedies and damages. The people who sued are called the Plaintiffs. The company they sued, Nissan, is called the Defendant.

Nissan has, and continues to, deny all of Plaintiffs' claims related to the CVT in their vehicles, denies all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiffs or the Settlement Class, denies that it acted improperly or wrongfully in any way, and believes that this litigation is without merit.

### 2. Why is the lawsuit a class action?

In a "class action lawsuit," one or more people called "Class Representatives" sue on behalf of people who allegedly have similar claims. The people together are a "Class" or "Class Members." The Court preliminarily has decided that this lawsuit can be a class action for settlement purposes. However, final certification of the Settlement Class will depend on the Court granting final approval of the Settlement. This means that, if the Settlement does not receive final approval by the Court, then Class Members will not get benefits under this Settlement, and Plaintiffs will need to go back to Court to seek to certify a class and prove their case through trial even if a class is certified.

### 3. Why is there a Settlement?

Plaintiffs believe that their case is meritorious, yet they have agreed to this Settlement because, if it is approved, it provides benefits to the Class, while avoiding risks associated with further litigation and trial.

Nissan believes the lawsuit has no merit, but nevertheless is willing to enter into this Settlement as a further commitment to its customers, to provide extra peace of mind to its customers, and to end further litigation, which could be protracted, burdensome and expensive.

The Court has not decided who is right or wrong in this lawsuit. This proposed Settlement is not, and should not be considered as, evidence of Nissan's admission or concession of any fault, wrongdoing or liability whatsoever, nor a concession by Plaintiffs that their suit was meritless.

### 4. What is the Effective Date of this Settlement?

The Effective Date of this Settlement is the date when the Settlement becomes final, which is sixty-one (61) days after the date when the Final Order and Judgment in this Lawsuit is entered, unless there is an appeal. If there is an appeal, the Effective Date will be the date on which (a) all such appeals have been dismissed; or (b) the appropriate Court of Appeals has entered a final judgment affirming the Final Order and Judgment of the Court, which (i) is no longer subject to any further appellate challenge, or (ii) has been affirmed by the United States Supreme Court, whichever is earlier.

For more information regarding final approval of the Settlement, see Questions 20 and 21.

**Who is in the Settlement**

### 5. How do I know if I am part of the Settlement?

You are a Class Member and part of the Settlement if you purchased or leased in the United States or its territories, including Puerto Rico, a 2014-2018 model year Nissan Rogue, 2015-2018 model year Nissan Pathfinder or 2015-2018 model year Infiniti QX60 vehicle equipped with a CVT.

Excluded from the Settlement Class are: (1) NNA, any entity or division in which NNA has a controlling interest, its/their legal representatives, officers, directors, assigns and successors; (2) any judge to whom this case is assigned and the judge's clerks and any member of the judge's immediate family and any judge of the Sixth Circuit Court of Appeals; and (3) government purchasers and lessees.

| The Settlement Benefits – What You Will Get |
| --- |

**6.    *What are the possible benefits of this Settlement?***

If you are a Class Member, you could receive one of the following benefits if the Settlement is approved:

(1) **Warranty Extension.**  Nissan will extend the terms of the New Vehicle Limited Warranty for the transmission assembly (including the valve body and torque converter) and Automatic Transmission Control Unit ("ATCU") in all Class Vehicles by twenty-four (24) months or twenty-four thousand (24,000) miles, whichever occurs first (the "Warranty Extension") as follows:

**2014-2018 model year Nissan Rogue and 2015-2018 model year Nissan Pathfinder vehicles:**

- The original coverage of 60 months or 60,000 miles, whichever comes first, will be extended to 84 months or 84,000 miles, whichever comes first.

**2015-2018 model year Infiniti QX60 vehicles:**

- The original coverage of 72 months or 70,000 miles, whichever comes first, will be extended to 96 months or 94,000 miles, whichever comes first.

The Warranty Extension will be subject to the terms and conditions of the original New Vehicle Limited Warranty applicable to the Class Vehicle.

(2) **Reimbursement for Replacement of or Repair to Transmission Assembly or ATCU.**  Nissan will reimburse Class Members for parts and labor actually paid by the Class Member for qualifying repairs involving the replacement of or repair to the transmission assembly or ATCU of their Class Vehicle if the work was done after the expiration of the powertrain coverage under the original New Vehicle Limited Warranty but within the mileage and time limits of the Warranty Extension.  If the replacement or repair was performed by a Nissan or Infiniti dealer, the full amount the Class Member paid will be reimbursed.  If the repair or replacement was performed by a non-Nissan/Infiniti automotive repair facility, Nissan will reimburse up to $5,000 for that repair or replacement.  In both cases, the replacement or repair must have occurred on or within the mileage and time limits of the Warranty Extension.  If you paid for repairs on more than one occasion, you can be reimbursed for all qualifying repairs subject to the above limits. For more information, see Question 8 below.

(3) **Voucher Towards Purchase or Lease of a New Vehicle.**  Current and former owners of Class Vehicles who had two (2) or more replacements or repairs to the transmission assembly (including the valve body and torque converter) or ATCU during their ownership experience (as reflected by NNA warranty records) are eligible for a Voucher in the amount of $1,000 for either a purchase or lease of a single new Nissan or Infiniti vehicle.  Prior software updates and/or reprogramming do not count as a prior repair.  The election to apply the Voucher toward the purchase or lease of a single new Nissan or Infiniti vehicle must be exercised within nine (9) months of the Effective Date of this Settlement.  The Voucher is not transferable.  Class Members eligible for a Voucher but also eligible for reimbursement of a qualifying repair must elect either to receive the Voucher or to receive reimbursement; you cannot receive both.

**7.    *What if my car is currently outside the mileage and time limits of the Warranty Extension but I paid to have repairs performed previously?***

Even if your Class Vehicle is now outside the mileage and time limits of the Warranty Extension, you may still make a claim for reimbursement but only if you previously paid out of pocket for parts and labor for replacement of or repair to the transmission assembly (including the valve body and torque converter) or ATCU by a Nissan or Infiniti dealer or other non-Nissan/Infiniti automotive repair facility while your vehicle was within the mileage and time limits of the Warranty Extension. See Question 11 for information on how to submit a claim.

4

**8. What if I have not repaired my car, but a Nissan or Infiniti dealer has previously diagnosed and recommended a replacement of or repair to the transmission?**

If a Nissan or Infiniti dealer previously diagnosed and recommended the replacement or repair of your transmission assembly or ATCU *before* your Class Vehicle was outside the mileage and time limits of the Warranty Extension but you did not have the work performed, and you pay to have that replacement or repair performed before the vehicle has been driven 95,000 miles and no later than [insert 90 days after Notice Date], then, if you submit a valid claim, you would be eligible for reimbursement of the transmission repair or replacement costs, subject to the cap of $5,000 if the work was done by non-Nissan/Infiniti automotive repair facility. Repairs made after 95,000 miles or after [insert 90 days after Notice Date], whichever occurs first, are not eligible for reimbursement.

**9. Am I giving anything up in return for my benefit?**

Unless you get out of the Settlement (which is called "excluding yourself" or "opting out"), you are part of the Settlement Class. By staying part of the Settlement Class, Court orders will apply to you and you will give Nissan, Nissan-related companies and the selling or leasing dealer a "release." This release means you cannot sue or be part of any other lawsuit against the Defendant, its related companies or the selling or leasing dealer based upon or in any way related to transmission design, manufacturing, performance, or repair of the Class Vehicles' CVT. The specific claims and parties you will be releasing are described in full detail in Paragraphs 35, 36, 101, and 103 of the Settlement Agreement, available at www._____.com.

**10. What if I have a claim related to my transmission or the Warranty Extension in the future?**

If, in the future, you have a claim for breach of the Warranty Extension related to your transmission, based entirely on transmission performance issues, repairs or repair attempts, or any other conduct or events that occur after [Notice Date], that claim is not released as a part of this Settlement. If you experience transmission problems after [Notice Date] and within the Warranty Extension period, you must first present your vehicle to Nissan for repairs and request warranty coverage. If you have a dispute with Nissan regarding application of the Warranty Extension or its repairs under the warranty, you must first attempt to resolve the dispute through the BBB AUTO LINE dispute resolution program which is independently operated by the council of Better Business Bureau, Inc. ("BBB"). No lawsuit may be filed before a decision by the BBB AUTO LINE.

| **How to Get a Benefit** |
| --- |

**11. What do I need to do to get the benefits of this Settlement?**

To remain a Class Member and obtain the Warranty Extension you do not have to do anything.

Class Members who believe they are eligible to receive reimbursement for transmission repair or replacement (described in Questions 6-8) must fill out and send to the Settlement Administrator a Claim Form. The Claim Form may be obtained at www._____.com or by calling the Settlement Administrator at _____. The completed Claim Form must be sent to the Settlement Administrator by mail at the address below or via the settlement website by [insert 90 days after date of this Notice] or within thirty (30) days after the date of the repair to your vehicle, whichever is later.

> Nissan CVT Litigation Settlement Administrator
> P.O. Box _____
> _____

Upon receiving a Claim Form from a claimant, the Settlement Administrator will review the documentation and confirm or deny the Class Member's eligibility for reimbursement.

If you qualify for a $1,000 Voucher for purchase or lease of a single new Nissan or Infiniti vehicle, you will be notified by the Settlement Administrator. To apply the Voucher, qualified individuals must visit an authorized Nissan or Infiniti dealer, provide their name and government-issued ID, and exercise their Voucher within nine (9) months of the Effective Date of this Settlement. The Voucher is not transferable but can be used in addition to all other types of valid discount offers, rebates and incentives. No single Class Member is entitled to more than five (5) Vouchers regardless of the total number of Class Vehicles purchased by that Class Member.

5

If you believe you are eligible for both a $1,000 Voucher and reimbursement, you must elect on the Claim Form whether to receive reimbursement or a Voucher. You may not receive both benefits.

| Your Rights – Getting Out of the Settlement |
| :---: |

### 12. Can I get out of the Settlement?

You can get out of the Settlement and the Class. This is called "excluding yourself" or "opting out." If you exclude yourself from the Settlement, you will not be entitled to receive the Settlement benefits. However, you will not be bound by any judgment or settlement of this class action lawsuit and will keep your right to sue Nissan independently over any claims you may have.

### 13. How can I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must mail the Settlement Administrator a Request for Exclusion that contains the following information:

(1) The name of the lawsuit: *Teresa Stringer, et al. v. Nissan North America, Inc.*, Case No. 3:21-cv-00099;

(2) Your full name, current address and telephone number;

(3) Your vehicle year and model:

(4) Your vehicle's Vehicle Identification Number (VIN);

(5) A clear statement of your intent to exclude yourself from the Settlement (for example, "Please exclude me from the Settlement); and

(6) Your signature and the date you signed it.

You must send your Request for Exclusion postmarked no later than [insert date __ days from the Notice Date], 2021 to the address below:

> Nissan CVT Litigation Settlement Administrator
> P.O. Box _____
> _____

If you do not follow these procedures and the deadline to exclude yourself from the Settlement, you will remain a Class Member and lose any opportunity to exclude yourself from the Settlement. This means that your rights will be determined in this lawsuit by the Settlement Agreement if it receives final approval from the Court.

| Your Rights – Objecting to the Settlement |
| :---: |

### 14. Can I tell the court I do not like the Settlement?

If you do not exclude yourself from the Settlement Class, you can tell the Court you do not like the Settlement or some part of it by filing an objection to the Settlement. If you object to the Settlement you remain a Class Member and cannot exclude yourself.

### 15. How can I object to the Settlement?

In order to object, you must mail a written objection and any supporting papers to: (1) the Court, (2) at least one of Co-Lead Class Counsel, and (3) Nissan's counsel. Your objection must contain the following:

(1) The name of the lawsuit: *Teresa Stringer, et al. v. Nissan North America, Inc.*, Case No. 3:21-cv-00099;

(2) Your full name, current address and telephone number;

(3) Whether, as of the date of the written objection, you currently own or lease or whether you previously owned or leased a 2014-2018 model year Nissan Rogue, 2015-2018 model year Nissan Pathfinder or 2015-2018 model year Infiniti QX60 vehicle; the specific model year(s) and the approximate date(s) of purchase or lease (for example, "I currently own a 2014 Nissan Rogue that I purchased in January 2014.");

(4) The Vehicle Identification Number (VIN) of your vehicle(s);

(5) Current odometer mileage of the vehicle(s) if currently owned or leased;

(6) Specific reasons for your objection, including the factual and legal grounds for your position;

(7) Whether the objection applies only to you, a specific subset of the Class, or to the entire Class;

(8) A list of any other objections to any class action settlements you have submitted to any court, whether State, Federal, or otherwise, in the United States in the previous five (5) years;

(9) Evidence and supporting papers, if any, that you want the Court to consider in support of your objection;

(10) Whether you intend to appear at the Fairness Hearing, and whether you will be represented by separate counsel; and

(11) Your signature and the date of your signature.

You must file your objection with the Court and mail separate copies to at least one of Co-Lead Class Counsel, and Nissan's counsel, by first-class United States Mail, no later than [insert date __ days from the Notice Date].

Your objection must be sent to the Court at the following address:

**United States District Court for the Middle District of Tennessee, Nashville Division**
*Teresa Stringer, et al. v. Nissan North America, Inc.*
**Case No. 3:21-cv-00099**
**801 Broadway, Room ___**
**Nashville, TN 37203**

The copies to be served on Co-Lead Class Counsel and Nissan's counsel must be mailed to the following addresses:

**Co-Lead Class Counsel (send to at least one):**

Mark S. Greenstone
GREENSTONE LAW APC
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

Marc L. Godino
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

J. Gerard Stranch, IV
BRANSETTER, STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203

**Counsel for Nissan:**

E. Paul Cauley, Jr.
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street
Suite 5400
Dallas, Texas 75201

7

If you timely file an objection, it will be considered by the Court at the Fairness Hearing. You do not need to attend the Fairness Hearing in order for the Court to consider your objection. If you do not comply with these procedures and deadline for objection, you will lose your opportunity to have your objection considered at the Fairness Hearing or otherwise contest the approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.

### 16. What is the difference between excluding and objecting? Can I do both?

Excluding yourself means getting out of the Settlement altogether – you would not be entitled to receive any benefits pursuant to the Settlement, but you will not be bound by the terms of the Settlement. Objecting means remaining in the Settlement, but complaining about some part of it you do not like. You cannot do both.

---

## Your Rights – Appearing at the Hearing

---

### 17. Can I appear at the Settlement hearing?

As long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this lawsuit and Settlement. This is called making an appearance. You can also have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you in this lawsuit, you must file a written notice with the Court and serve your notice of intent to appear on the attorneys listed above in Question 15. You must state in that paper, "I intend to appear at the hearing." The notice of intent to appear must be filed and served no later than [insert date], 2021.

---

## The Lawyers Representing You

---

### 18. Do I need to hire my own attorney?

You do not need to hire an attorney, but can if you want to. You, and the entire Class, are already represented by a group of attorneys listed below, who are known as Co-Lead Class Counsel. You do not have to pay for Co-Lead Class Counsel's services. You may contact Co-Lead Class Counsel if you have any questions about this Notice or Settlement, **_but please do not contact the Court_**.

**Co-Lead Class Counsel:**

Mark S. Greenstone
Email: mgreenstone@greenstonelaw.com
GREENSTONE LAW APC
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

Marc L. Godino
Email: mgodino@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

J. Gerard Stranch, IV
BRANSETTER, STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203

If you decide to hire your own attorney, you will have to pay for his or her services. Your attorney must file an appearance with the Court no later than [insert date of TBD prior to the Fairness Hearing], and serve a copy on Co-Lead Class Counsel and Nissan's counsel at the addresses provided above in Question 15, postmarked no later than [insert date TBD prior to the Fairness Hearing].

### 19. How much is Class Counsel being paid?

Co-Lead Class Counsel will apply to the Court for reasonable attorneys' fees and expenses in a total amount up to $6,250,000.00. Any award of attorneys' fees and costs will be paid by Nissan separately from and in addition to any relief provided to the Settlement Class. Additionally, Co-Lead Class Counsel will apply to the Court for payments of $5,000 each to

8

the ten (10) Class Representatives for their service to the Class. Any award of payments to the Class Representatives will be paid by Nissan separately from and in addition to any relief provided to the Settlement Class.

## Final Approval of the Settlement

### 20. When will the Settlement become final?

The Court has preliminarily approved the Settlement provided for in the Settlement Agreement. The Settlement will not take effect unless and until: (1) the Court approves the Settlement after the Final Approval Hearing and (a) a Final Order and Judgment has been entered by the Court and the applicable period for the appeal of the Final Order and Judgment has expired without any appeals having been filed, or (b) all such appeals have been dismissed; or (2) the appropriate Court of Appeals has entered a final judgment affirming the Final Order and Judgment of the Court, which (a) is no longer subject to any further appellate challenge, or (b) has been affirmed by the United States Supreme Court.

The Court has scheduled a Final Approval Hearing, to be held on _____ at _____ Eastern Time, to decide whether certification of the Settlement Class is proper; whether the Settlement is fair, adequate, and reasonable; and whether the Settlement should be finally approved. In addition, the Court will consider Co-Lead Class Counsel's application for an award of attorneys' fees and reimbursement of expenses. The Court is located at the United States District Court for the Middle District of Tennessee, Nashville Division, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Room ____, Nashville, Tennessee 37203. The Final Approval Hearing may be rescheduled to a later time without further notice. You may, but do not have to, attend the Final Approval Hearing. If the Court grants final approval to the Settlement and the time to appeal has expired, the Settlement will become final and benefits will be paid or available to the Class.

### 21. What happens if the Settlement is not approved?

If the Court does not approve the Settlement, Class Members will not be entitled to receive the Settlement benefits described in this Notice. It will be as if no Settlement had been reached and no class had been established.

## If You Do Nothing

### 22. What if I do not do anything?

If you do nothing, you will remain a Class Member. You will receive the Warranty Extension benefit of the Settlement automatically, and if you are eligible, you will also receive the Voucher benefit, but any Reimbursement benefits for which you may qualify can be obtained only by timely submitting a Claim Form. In return for these benefits, you will be bound by the terms of the Settlement, which means you cannot bring a lawsuit against Defendant for the same claims at issue in this lawsuit.

## More Information

### 23. Where can I get more information?

If you have additional questions regarding this Notice or the Settlement, or if you did not receive Notice in the mail and believe that you may be a member of the Settlement Class, you should contact the Settlement Administrator's dedicated website for this case by visiting www._____.com or calling _____ for more information, or you may communicate directly with Co-Lead Class Counsel by contacting the attorneys listed in Question 18.

This Notice, which has been approved by the Court, is only a summary of the Settlement. If you wish to obtain more detailed information, you may review the Settlement Agreement, which contains the complete terms of the Settlement. The Settlement Agreement, along with the pleadings, records and other papers regarding the lawsuit, are available on the Settlement Administrator's dedicated website for this case (www._____.com) and are on file with the Court and available to be inspected at any time during regular business hours at the Clerk's office.

The Clerk of the Court is located at:

**United States District Court**

**Middle District of Tennessee**
**801 Broadway, Room 800**
**Nashville, TN 37203**

**Please do not contact the Court.**


**Date of Notice: _____**

# **Exhibit D**

## LEGAL NOTICE

*A Federal Court authorized this notice.*

Current or former owners or lessees of 2014-2018 Nissan Rogue, 2015-2018 Nissan Pathfinder, or 2015-2018 Infiniti QX60 vehicles equipped with a Continuously Variable Transmission ("CVT"):

**Under a proposed class action settlement, Nissan will extend the warranty on your CVT.**

**You could also be eligible for reimbursement for prior CVT repairs or replacements under the extended warranty.  Claims for reimbursement are subject to strict timeframes.**

**<u>This notice is a summary only. Please read this notice and then visit the settlement website or call the number below for further important information about the settlement.</u>**

1-_____

www._____.com

Teresa Stringer, et al. v. Nissan North America, Inc., Case No. 3:21-cv-00099
Class Action Administrator
P.O. Box _____
_____

VIN: _____

[Customer Name]
[Customer Address 1]
[Customer Address 2]

**What is this?**  You have been sent this notice because records indicate that you purchased or leased a 2014-2018 Nissan Rogue, 2015-2018 Nissan Pathfinder, or 2015-2018 Infiniti QX60 vehicle equipped with a "**CVT**" or Continuously Variable Transmission (the "**Class Vehicles**").  A Settlement has been proposed in a class action lawsuit against Nissan North America, Inc. ("**NNA**") regarding the CVT in the Class Vehicles.

**What is this lawsuit about?**  Plaintiffs allege that the Class Vehicles have a defective CVT which can lead to poor transmission performance or failure.  NNA denies Plaintiffs' claims, and believes the litigation is without merit.  The settlement is not an admission by either side.  The Court did not rule in favor of either party.  Instead, the parties agreed to a proposed Settlement to avoid the expense and risks of litigation.  The Settlement is subject to final approval by the Court.

**Am I a Member of the Class?**  The proposed Settlement Class consists of those who purchased or leased Class Vehicles in the U.S. or its Territories.

**What does the Settlement Provide?**
- **Warranty Extension:**  An extension by 24 months or 24,000 miles (whichever occurs first) of the New Vehicle Limited Warranty on your vehicle's transmission.  As part of the Warranty Extension, you may also be eligible for reimbursement of:
  - **Repairs Made Within the Extended Warranty Period:**  Reimbursement for parts and labor you paid to repair or replace your vehicle's transmission within the time and mileage limits of the Warranty Extension (limited to $5,000 for work done at non-Nissan/Infiniti repair shops).  You must submit a claim form by [DATE] or within 30 days of the qualifying repair, whichever is later.
  - **Dealer Recommended Repairs:**  If a Nissan or Infiniti dealer previously recommended repair or replacement of your vehicle's transmission within the time and mileage limits of the Warranty Extension but your car was not repaired at that time, you may still be reimbursed so long as you had, or have, the recommended repair made no later than [DATE] or prior to 95,000 miles, whichever occurs first.  You must submit a claim form by [DATE] or within 30 days of the qualifying repair, whichever is later.
- **Vouchers for Certain Current and Former Owners:**  If you are a current or former owner of a Class Vehicle, you may receive a voucher of $1,000 towards the purchase or lease of a new Nissan or Infiniti, if you qualify.  If you are also eligible for reimbursement of repair costs, you may elect either reimbursement or a voucher, but not both.
- **Release for Nissan:**  Class Members will release all transmission-related claims against NNA and related parties, as explained more fully in the Long Form Notice and Settlement Agreement.

Class Counsel will ask the Court to award up to $6,250,000 in attorneys' fees and expenses, and a service award of $5,000 for each class representative.

The Court will decide whether to approve the Settlement at the Fairness Hearing on [DATE] at [TIME].  You have the right to attend the Fairness Hearing or you may appear through an attorney of your choice.

**What Are My Options?**

1. **Do Nothing:**  You will be in the Settlement Class, and you will automatically receive the Warranty Extension.  If you are eligible for a Voucher, you will be notified.  You will also be bound by the Settlement Agreement and any judgment in the case.

2. **Submit a Claim Form:** If you submit a Claim Form and otherwise qualify, you will also be reimbursed for qualifying transmission replacements or repairs made to your Class Vehicle.

3. **Object to the Settlement:** You can file a written objection by [DATE] explaining what you do not like about the Settlement. Further details for objecting are contained on the settlement website.

4. **Exclude Yourself from the Settlement:** You can opt out of the Settlement by submitting your request by [DATE]. You will no longer be a member of the Class and will receive no benefits under the Settlement, but will retain any claims you may have against NNA. Further details for requesting exclusion are contained on the settlement website.

This notice summarizes the Settlement. For important additional information including the full Long Form Notice, the Settlement Agreement and Claim Form go to www._____.com or call 800.xxx.xxxx.

# **Exhibit E**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| TERESA STRINGER, KAREN BROOKS, WILLIAM PAPANIA, JAYNE NEWTON, MENACHEM LANDA, ANDREA ELIASON, BRANDON LANE, DEBBIE O'CONNOR, MICHELLE WILLIAMS and WAYNE BALNICKI, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>v.<br><br>   NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO., LTD.<br><br>          Defendants. | Case No. 3:21-cv-00099<br><br>**CLASS ACTION**<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT**<br><br>District Judge William L. Campbell<br>Courtroom A826<br>Magistrate Judge Barbara D. Holmes<br>Courtroom 764<br><br>**JURY TRIAL DEMANDED** |

WHEREAS, a putative class action lawsuit (the "Lawsuit") is pending before this Court where the Plaintiffs are Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki ("Plaintiffs");

WHEREAS, on _____, 2021, Plaintiffs filed an unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") pursuant to Federal Rule of Civil Procedure 23(e) which sets forth the terms and conditions of the Parties' proposed Settlement and finally resolves the Lawsuit;

WHEREAS, the Court has read and considered the Motion for Preliminary Approval and the papers filed in support thereof, including the Settlement Agreement and its attached exhibits, and has considered the arguments of counsel for the Parties in this matter and, good cause appearing,

**IT IS HEREBY ORDERED:**

# PRELIMINARY CLASS SETTLEMENT
## APPROVAL AND SETTLEMENT HEARING

1.     Plaintiffs' Motion for Preliminary Approval is GRANTED. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms herein shall have the same meaning as set forth in the Settlement Agreement.

2.     The Court preliminarily certifies the Settlement Class, for settlement purposes only, consisting of two sub-classes. Subclass A shall be comprised of current and former owners and lessees of 2014-2018 model year Nissan Rogue vehicles equipped with a continuously variable transmission ("CVT") who purchased or leased Class Vehicles in the United States or its territories including Puerto Rico. Subclass B shall be comprised of current and former owners and lessees of 2015-2018 model year Nissan Pathfinder and 2015-2018 model year Infiniti QX60 vehicles equipped with a CVT who purchased or leased Class Vehicles in the United States or its Territories.  Collectively, the current and former owners and lessees of Subclass A and Subclass B vehicles shall be referred to as the "Settlement Class" and the vehicles of which they are comprised shall be referred to as the "Class Vehicles."  Excluded from the Settlement Class are: (1) NNA, any entity or division in which NNA has a controlling interest, its/their legal representatives, officers, directors, assigns and successors; (2) any judge to whom this case is assigned and the judge's clerks and any member of the judge's immediate family, and any judge of the Sixth Circuit Court of Appeals; and (3) government purchasers and lessees.

3.     The Court finds that, for settlement purposes only, the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) have been satisfied with regard to the Settlement Class. The Court finds that this Class satisfies the numerosity requirement of Rule 23(a) for settlement purposes because it consists of the past and present owners and lessees of approximately 1.9 million Class Vehicles. The adequacy requirement of Rule 23(a) is likewise satisfied in the context of this proposed

settlement, as the Plaintiffs are members of the Settlement Class, have no antagonistic interests or conflicts, and have diligently pursued the alleged claims on behalf of the Class Members. Their claims are typical of the Class within the meaning of Rule 23(a) because they have or had ownership or leasehold interests in the Class Vehicles, all of which contain CVTs that Plaintiffs allege are prone to the same defects giving rise to the Lawsuits. These common issues for the Class as to the alleged defectiveness in design, manufacture and performance of these CVTs predominate over any individual issues and render a class action superior to individual adjudication for purposes of settlement certification.

4.      The Court also finds that: the Parties have made an adequate showing at this stage that the class action settlement set forth in the Settlement Agreement is substantively and procedurally proper; the Class Representatives and Co-Lead Class Counsel have adequately represented the Class in negotiating the Settlement; the Settlement is within the range of likely final approval as fair, reasonable, and adequate for the Class; the Settlement is the product of arm's-length and informed negotiations and was negotiated with the assistance of a well-regarded independent mediator; the Settlement provides adequate relief for the Class, taking into account the cost, risks and delay of trial and appeal, the proposed methods of distribution, attorneys' fees, and its fair and equitable treatment of all Class Members relative to each other; and that the Settlement is presumptively fair, reasonable and adequate, subject only to any objections that may be raised at the Final Approval and Fairness Hearing ("Fairness Hearing"). The Court further finds that the Parties conducted sufficient investigation and research, and their attorneys were able to reasonably evaluate their respective positions. The terms of the Settlement Agreement are, therefore, preliminarily approved, subject to further consideration at the Fairness Hearing.

## NOTICE OF SETTLEMENT

5.      Kurtzman Carson Consultants, LLC shall serve as Settlement Administrator. The complete responsibilities of the Settlement Administrator are set forth in the Settlement Agreement, including that the Settlement Administrator will obtain addresses for Class Members from a qualified third party, such as IHS/R.L. Polk, that maintains databases related to the automobile industry and which specializes in obtaining such information from, *inter alia*, the Departments of Motor Vehicle of all fifty (50) States in the United States and its territories, including Puerto Rico.

6.      The Court finds that Notice to the Class is warranted, and has considered the Notice provisions in the Settlement Agreement, the Notice methodology set forth in the Declaration of _____ (the "Notice Program"), and the Long Form Notice and Summary Notice, attached as Exhibits C and D to the Settlement Agreement, respectively. The Court finds that the direct mailing of Summary Notice in the manner set forth in the Notice Program combined with publication of the Long Form Notice, the Settlement Agreement and its other exhibits, and this Order on the Settlement Website is the best notice practicable under the circumstances; constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of FED. R. CIV. P. 23(c), applicable law, and due process. The Court approves as to form and content the Long Form Notice and Summary Notice in the forms attached as Exhibits C and D to the Settlement Agreement, respectively. The Court orders the Settlement Administrator to commence the Notice Program as soon as practicable following entry of this Order.

7.      Following the entry of this Order and prior to the mailing of Summary Notice to the Class Members, the Parties are permitted by mutual agreement to make changes in the font,

4

format and content of the Summary Notice and Long Form Notice provided that the changes do not materially alter the substance of those notices. Any material substantive changes to those notices must be approved by the Court.

8. The Settlement Administrator has agreed to prepare and provide the notices pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), 28 U.S.C. § 1715, including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Class Members reside. The Settlement Administrator will complete mailing of the Notice and, as provided in section 1715, the Notice shall be filed "not later than 10 days after a proposed settlement of a class action is filed in court." The Court finds that this plan fully complies with 28 U.S.C. § 1715.

9. The Settlement Administrator shall be responsible for receipt of all written communications from the Settlement Class and shall preserve the same and all other written communications from Class Members or any other person in response to the Notices. The Settlement Administrator shall provide such communications to Co-Lead Class Counsel, upon request and to the extent necessary for counsel to respond to a request for assistance or inquiry to them from a Class Member or potential Class Member related to the Settlement.

10. The Settlement Administrator will file with the Court and serve upon Co-Lead Class Counsel and Defendant Nissan North America, Inc.'s ("NNA") Counsel no later than forty-six (46) days after the Notice Date a declaration attesting that Notice was disseminated in a manner consistent with the terms of the Settlement Agreement and the Preliminary Approval Order.

## CLASS REPRESENTATIVES AND CLASS COUNSEL

11.     The Court appoints the following individuals as representatives of the Settlement Class: Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki.

12.     The Court appoints the following attorneys as Co-Lead Class Counsel: Mark S. Greenstone, Greenstone Law APC, Marc L. Godino, Glancy, Prongay & Murray LLP, and J. Gerard Stranch IV, Bransetter, Stranch & Jennings PLLC. In addition to Co-Lead Class Counsel, the Court appoints the following attorneys as Executive Committee counsel: Stephen R. Basser, Barrack, Rodos & Bacine, Lawrence Deutsch, Berger Montague PC, and Ryan McDevitt, Keller Rohrback L.L.P. The Court finds that Co-Lead Class Counsel and Executive Committee Counsel have demonstrable experience litigating, certifying, and settling class actions, and will adequately represent the Settlement Class.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

13.     Class Members may elect to exclude themselves from this Settlement, relinquishing their rights to benefits under this Settlement Agreement. A Class Member wishing to exclude himself/herself from the Settlement must send to the Settlement Administrator his or her own, personally signed letter or request (or, where appropriate due to disability, incapacity or other conditions, a signed letter or request from a Class Member's conservator, custodian, or person with applicable power of attorney along with documentation establishing such authority) including (i) his/her name, (ii) address, (iii) telephone number, (iv) model and year of vehicle(s), (v) the VIN number of the vehicle(s); and (vi) a clear statement communicating that he/she elects to be excluded from the Settlement Class. Subject to the above conditions, a request signed only by a representative or attorney for the Class Member is not valid. A single written letter or request for

exclusion submitted on behalf of more than one Class Member will be deemed invalid; provided, however, that an exclusion received from one Class Member will be deemed and construed as a request for exclusion by all co-owners or co-lessees of the vehicle. Mass or class opt-outs shall not be allowed. No Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.

14. Any request for exclusion must be postmarked no later than __ days after the Notice Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Preliminary Approval Order and Notice, shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, regardless of whether they have filed a separate lawsuit or requested exclusion from the Settlement. Any Class Member who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement.

15. Not later than seven (7) business days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide to Co-Lead Class Counsel and NNA's Counsel a complete exclusion list together with copies of the exclusion requests. A list of the names of the Class Members requesting exclusion will be filed with the Court by the Settlement Administrator not later than five (5) days prior to the Fairness Hearing Date.

16. All Class Members that have not submitted a timely and valid written request for exclusion from the Settlement Class will be bound by the Releases in the Settlement Agreement and other terms and conditions set forth herein and all proceedings, orders and judgments in this

Lawsuit. Class Members may exclude themselves from the Settlement or object to the Settlement, but they may not do both.

## OBJECTIONS BY CLASS MEMBERS

17.     In order to object to the approval of the Settlement Agreement, a Class Member must serve at least one Co-Lead Class Counsel and NNA's counsel by mail at the addresses listed below and must file the Objection with the Court, which Objection must be filed and copies postmarked no later than __ days after the Notice Date. To state a valid Objection to the Settlement, a Class Member making an Objection must provide the following information in his or her written Objection: (i) the Class Member's full name and current address; (ii) the model year and make of his or her vehicle(s) and approximate date(s) of purchase; (iii) whether the Class Member still owns the vehicle(s); (iv) the VIN number of the vehicle(s); (v) current odometer mileage of the vehicle(s) currently owned; (vi) a specific statement of the Class Member's reasons for objecting to the Settlement, including the factual and legal grounds for his or her position; (vii) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, (viii) a list of any other objections to any class action settlements submitted to any court, whether State, Federal, or otherwise, in the United States in the previous five (5) years; (ix) whether the Class Member intends to appear at the Fairness Hearing and whether the Class Member will be represented by separate counsel; and (x) the Class Member's signature with the date of signature.

18.     Objections must be served:

Upon NNA's Counsel at:

E. Paul Cauley, Jr.
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, TX 75201

Upon one or more Co-Lead Class Counsel at:

Mark S. Greenstone
GREENSTONE LAW APC
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

Marc L. Godino
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

J. Gerard Stranch, IVBRANSETTER,
STRANCH & JENNINGS PLLC223
Rosa L. Parks Avenue, Suite
200Nashville, TN 37203

19.     Any Class Member who does not make an Objection in the manner provided above shall be deemed to have waived such Objection and shall forever be foreclosed from making any Objection to the fairness, reasonableness or adequacy of the proposed Settlement or the Final Order and Judgment to be entered approving the Settlement. Any Class Member who wishes to speak at the Fairness Hearing must follow the procedures outlined in the Long Form Notice posted on the Settlement Website.

20.     No Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) unless written notice of the Class Member's intention to appear at the Fairness Hearing and copies of any written Objections and briefs have been filed with the Court and served on NNA's Counsel and one or more Co-Lead Class Counsel on or before the date specified in the Notice.

**FAIRNESS HEARING**

21.     The Court will hold a Fairness Hearing on _____ 2022, at ____ a.m./p.m. in Courtroom _____ of the United States District Court for the Middle District of Tennessee, Nashville Division, Estes Kefauver Federal Building & Courthouse, 801 Broadway, Nashville, Tennessee 37203. The Court will determine whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be granted final approval, whether certification of a

9

nationwide settlement class is appropriate, and whether Co-Lead Class Counsel's application for an award of Attorneys' Fees, Costs, Expenses and Class Representative Service Awards should be granted.

22.     Papers by counsel in connection with the Settlement shall be filed as follows: no later than __ days after the Notice Date, Co-Lead Class Counsel will file briefing regarding Final Approval of the Settlement and Certification of the Settlement Class, and Award of Attorneys' Fees, Costs, Expenses, and Representative Service Awards requesting that the Court enter the Final Order and Judgment in substantially the same form attached as Exhibit F to the Settlement Agreement, which will, among other things, dismiss this case, with prejudice as to NNA, subject to the continuing jurisdiction of the Court; approve the Settlement, certify the Settlement Class and render an award of attorneys' fees, expenses, costs and service awards. NNA may, at its discretion, submit such briefing as it deems necessary to support the motion for final approval, clarify its positions, and otherwise protect its interests. Such briefing by NNA will be due no later than ten (10) days before the date set by the Court for the Fairness Hearing. Co-Lead Class Counsel and NNA's Counsel shall also be entitled to file responses to any Objections which may have been filed, which responses shall be filed fourteen (14) days prior to the date set by the Court for the Fairness Hearing. Any reply briefs by NNA or Co-Lead Class Counsel to the other's filings shall be due no later than three (3) days before the Fairness Hearing.

## PRELIMINARY INJUNCTION

23.     The Court hereby finds that it is appropriate to enter a preliminary injunction enjoining all Class Members from instituting, maintaining, or prosecuting any action other than this lawsuit asserting any claims on a class action basis that would be Released Claims under the terms of the Settlement Agreement; and unless such Class Members first submit a valid and timely

written request to be excluded from the Settlement Class, from instituting, maintaining, or prosecuting any separate actions asserting individual claims that would be Released Claims under the terms of the Settlement Agreement. Pursuant to 28 USC §§ 1651(a) and 2283 and Federal Rule of Civil Procedure 23(d), the Court finds that issuance of a preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the settlement of claims originally brought in multiple lawsuits and now before this Court, to preserve its ability and jurisdiction to consider and fully effectuate the Settlement, and in order to prevent the potential for inconsistent orders, confusion, and disruption that would be caused by the simultaneous litigation of other putative class actions involving any allegations or causes of action asserted in any other lawsuits during the Court's consideration of the Settlement.

24. Accordingly, in order to preserve the Court's jurisdiction pending consideration of whether final approval should be given to the Settlement, and to avoid irreparable harm to the settlement process, and after balancing the equities and concluding that the Settlement Agreement is sufficiently fair, reasonable, and adequate such that it merits preliminary approval and should be protected from collateral attack during the notice and final approval process, the Court hereby preliminary bars and enjoins all Class Members from:

     (a) instituting, maintaining, prosecuting, intervening in, participating as a party or class member in, or otherwise pursuing or receiving any benefits from any other action other than this Lawsuit asserting any claims that would be Released Claims under the terms of the Settlement Agreement, unless they first exclude themselves from the Settlement Class in accordance with the terms of this Order; and

     (b) filing, commencing, maintaining, or prosecuting any lawsuit asserting claims within the scope of the proposed Release set forth in the Settlement Agreement as

a class action, as a separate class, or as a representative action for purposes of pursuing (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of any other Class Members any of the claims within the scope of the proposed Release contained in the Settlement, whether or not they have excluded themselves from the Settlement Class.

## **<u>TERMINATION</u>**

25. If the Court declines to enter a Final Order and Judgment in substantially the same form attached as Exhibit F to the Settlement Agreement, or the Final Order and Judgment does not for any reason become final, the Parties will be returned to the same position as existed on ____, and as if the Settlement Agreement had not been negotiated, made or filed with the Court. Should this occur: (a) the Parties shall move the Court to vacate any and all orders entered by the Court pursuant to the provisions of the Settlement Agreement; and (b) neither the Settlement Agreement, nor any documents filed, submitted, or published pursuant to the Settlement Agreement may be used in any litigation (except to enforce the provisions of the Settlement Agreement) and nothing contained in any documents shall impact any legal proceedings.

26. This Order shall be of no further force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against the Parties or members of the Settlement Class of the validity of any claim or counterclaim or any actual or potential fault, wrongdoing, or liability whatsoever, or by or against the Parties or members of the Settlement Class, that their claims or counterclaims lack merit or that the relief

requested in the Complaint or any counterclaims are inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims it or they may have.

## POWERS AND JURISDICTION OF THE COURT

27.     The Court expressly reserves its right to change the date of the Fairness Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto which are acceptable to the Parties, without further notice to Class Members. Any new date shall be posted on the Settlement Website. The Parties shall be permitted to make any non-substantive corrections or changes to the Notices to the Class and other Settlement documents without seeking further approval of the Court.

28.     Pending Final Approval of the Settlement, the Parties to the Settlement Agreement are directed to carry out their obligations under the terms thereof.

**IT IS SO ORDERED.**

Dated: _____     _____
                                                         The Honorable William L. Campbell
                                                         United States District Court Judge

13

# **Exhibit F**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| TERESA STRINGER, KAREN BROOKS, WILLIAM PAPANIA, JAYNE NEWTON, MENACHEM LANDA, ANDREA ELIASON, BRANDON LANE, DEBBIE O'CONNOR, MICHELLE WILLIAMS and WAYNE BALNICKI, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:21-cv-00099 **CLASS ACTION** **[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES AND REPRESENTATIVE SERVICE AWARDS** |
| Plaintiffs, | |
| v. | District Judge William L. Campbell Courtroom A826 Magistrate Judge Barbara D. Holmes Courtroom 764 |
| NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO. LTD. | |
| Defendants. | |

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement and supporting Memorandum of Law, and Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for Class Representatives and supporting Memorandum of Law (collectively, the "Briefing on Final Approval, Attorneys' Fees, and Expenses") filed by Plaintiffs Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki ("Plaintiffs"); having considered that, by order dated _____, 2021, this Court granted preliminary approval of the proposed Settlement Agreement[1] in this case, preliminarily certified a Settlement Class, and approved notice to that Class; and having held a Fairness Hearing on _____, 2022, and having

---

[1]     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms herein shall have the same meaning as set forth in the Settlement Agreement.

1

considered all of the objections, submissions and arguments with respect to the proposed Settlement;

**THE COURT HEREBY FINDS AS FOLLOWS:**

1.      The Court confirms its previous preliminary findings in the Preliminary Approval Order and finds that the settlement of the present action (the "Lawsuit") satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23(a) and 23(b)(3). Specifically, the Court finds that the Settlement Class, as defined in Paragraph 38 of the Settlement Agreement and also defined below, is so numerous that joinder of all members is not practicable, that questions of law and fact are common to the Settlement Class, that the claims of the Plaintiffs are typical of the claims of the Settlement Class, that the Plaintiffs and Class Counsel have and will fairly and adequately protect the interests of the Settlement Class without conflict of interest, that questions of law and fact common to the members of the Settlement Class predominate, for settlement purposes, over any questions affecting only individual members, including the common questions regarding the reliability, design and performance of the type of Continuously Variable Transmission ("CVT" or "transmission") in the Class Vehicles at issue; and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, at least for purposes of settlement.

2.      Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and Summary Notice by first-class mail was given in an adequate and sufficient manner. This, coupled with all of the additional information contained on the Settlement Website, to which Class Members were directed by the Summary Notice, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

2

3.     In full accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Administrator caused to be mailed a copy of the proposed Settlement and all other documents required by said law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where Class Members reside. None of the Attorneys General filed objections to the Settlement. The Court finds and confirms that 28 U.S.C. § 1715 has been fully satisfied and that the Settlement is therefore entitled to binding effect as to all members of the Settlement Class who did not timely and validly opt out.

4.     The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting final approval. The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. Negotiation occurred with the benefits of adequate investigation, discovery, and due diligence, and with the assistance of a well-respected independent mediator. Among the factors that counsel considered in negotiating the Settlement are those set forth in the Briefing on Final Approval, Attorneys' Fees, and Expenses. As part of the Lawsuit, Co-Lead Class Counsel have conducted a detailed investigation of the facts and analyzed the relevant legal issues. Although the Plaintiffs and Co-Lead Class Counsel believe that the claims asserted in the Amended Consolidated Class Action Complaint have merit, they also have reasonably and adequately examined the benefits to be obtained under the Settlement compared to the costs, risks, and delays associated with the continued litigation of these claims.

5.     The Court finds that the Settlement is fair, reasonable, and adequate, particularly in light of the complexity, expense, and likely duration of continued litigation and the risks involved in establishing liability and damages and in maintaining class action status through trial and appeal.

3

6.      The benefits to the Settlement Class constitute fair value given in exchange for the release of the claims of the Settlement Class. The Court finds that the consideration to be provided under the Settlement is reasonable in type and scope considering the facts and circumstances of this case, the types of claims and defenses asserted in the Lawsuit, the claims to be released, and the risks associated with the continued litigation of these claims.

7.      The Court finds that in all respects, the Settlement treats Class Members equitably in relation to each other, and that the method of distribution of relief is fair, appropriate and efficient.  Those benefits that reasonably can be extended automatically (the warranty extension on Class Vehicles and Vouchers for certain current and former owners not claiming reimbursement) are extended automatically. A Claim Form is required only for reimbursements, which is justified since Nissan otherwise would not have all of the information necessary to determine the amount of and entitlement to the reimbursement. The method of processing those Claim Forms is likewise fair, reasonable and adequate. Finally, there are no side agreements.

8.      The Parties and Class Members have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement.

9.      It is necessary to protect this Court's jurisdiction and ability to enforce this judgment, and also in the best interest of the Parties and the Class Members and consistent with principles of comity, judicial economy and the strong federal policy favoring settlement, that any dispute between any Class Member (including any dispute as to whether any person is a Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement, or this Final Judgment and Order of Dismissal, should be presented exclusively to this Court for resolution by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

4

10.     The Court certifies a Settlement Class, for settlement purposes only, consisting of the following: All current and former owners and lessees who purchased or leased a Class Vehicle in the United States and its territories including Puerto Rico. Excluded from the Settlement Class are: (1) Nissan North America, Inc. ("NNA"), any entity or division in which NNA has a controlling interest, its/their legal representatives, officers, directors, assigns and successors; (2) any judge to whom this case is assigned and the judge's clerks and any member of the judge's immediate family, and the Sixth Circuit Court of Appeals; and (3) government purchasers and lessees.

11.     The Settlement Agreement submitted by the Parties is finally approved pursuant to FED. R. CIV. P. 23(e) as being fair, reasonable, adequate, and in the best interests of the Settlement Class. It shall be binding on Plaintiffs, Defendant, and all members of the Settlement Class who did not timely and validly opt out. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

12.     The Lawsuit is hereby dismissed with prejudice and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation by any Party in the Lawsuit and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Lawsuit.

13.     The Released Claims are hereby finally compromised, settled, released, discharged, and dismissed with prejudice against the Released Parties by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

14.     All Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all Class Members wishing to be heard have been heard. Class Members also have had a full and fair opportunity to opt out from the proposed Settlement and the Class.

Accordingly, the terms of the Settlement Agreement and of the Court's Order and Judgment shall be forever binding on all Class Members who did not timely opt out of the Settlement. These Class Members have released and forever discharged NNA and all Released Parties from any and all Released Claims.

15.     Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum, with the exception of any former Class Members who have duly opted out of the Settlement Class.

16.     The named Plaintiffs are suitable class representatives and their appointment as representatives for the Settlement Class is hereby re-confirmed. The Court approves an award of $5,000 to each of Plaintiffs Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki as a reasonable payment for his or her efforts, expenses and risks as Plaintiffs in bringing the Lawsuit, which shall be paid by NNA as provided in the Settlement.

17.     Based upon the evidence submitted, the Court confirms its appointment as Co-Lead Class Counsel of Mark S. Greenstone, Greenstone Law APC, Marc L. Godino, Glancy, Prongay & Murray LLP, and J. Gerard Stranch, IV, Bransetter, Stranch & Jennings PLLC. In addition to Co-Lead Class Counsel, the Court confirms its appointment as Executive Committee Counsel of Stephen R. Basser, Barrack, Rodos & Bacine, Lawrence Deutsch, Berger Montague PC, and Ryan McDevitt, Keller Rohrback L.L.P. The Court finds that these attorneys possess the requisite knowledge, experience, and skills to advance the interests of the Settlement Class. The Court approves an award of $_____ as reasonable payment for Attorneys' Fees, Costs and

Expenses, which shall be paid by NNA and distributed by Co-Lead Class Counsel as provided in the Settlement Agreement.

18.     Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Order and the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

19.     All Objections filed are hereby overruled and denied for the reasons stated on the record at the fairness hearing.

20.     Exhibit A lists the name and last six digits of the applicable VIN of each timely and valid opt out as determined by the Settlement Administrator. The Court agrees with and adopts the

7

findings of the Settlement Administrator as to the validity of opt outs. Any other opt outs are hereby ruled invalid and ineffective.

21.     The Court finds that no just reason exists for delay in entering this Final Judgment and Order of Dismissal. Accordingly, the Clerk is hereby directed to enter this Final Judgment.

**IT IS SO ORDERED.**


Dated: _____          _____
                                        The Honorable William L. Campbell

                                        United States District Court Judge