# Exhibit 1



## KCC Legal Notification Services

KCC's Legal Notification Services team provides expert legal notice services in class action settings. We specialize in the design and implementation of notice programs with plain language notices; and expert opinions and testimony on the adequacy of notice.

With nearly 20 years of experience, our legal notice expert, Carla A. Peak, has been involved in hundreds of effective and efficient notice programs reaching class members and claimants in both U.S. and international markets and providing notice in over 35 languages.

As a leading notice expert, Ms. Peak is responsible for the design and implementation of evidence-based legal notification programs, including the design of plain language legal notice documents. Her programs satisfy due process requirements, as well as all applicable state and federal laws, and her notices satisfy the plain language requirements of Rule 23 and adhere to the guidelines set forth in the Manual for Complex Litigation, Fourth and by the Federal Judicial Center (FJC), as well as applicable state laws.

Ms. Peak has presented on and written numerous articles about class notification programs, the design of effective notice documents as well as industry trends and innovations. She is also a certified professional in Social Media Marketing, Digital Fundamentals, Digital Sales, and Google Ads Fundamentals. The information provided represents Ms. Peak's experience and cases in which she has been involved. She holds a Bachelor of Arts in Sociology from Temple University, graduating cum laude. Ms. Peak can be reached at cpeak@kccllc.com.

## Case Examples

- *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.)
  A national data breach class action involving over 40 million consumers who made credit or debit card purchases in a Home Depot store.

- *In re: Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-md-02343 (E.D. Tenn.)
  A multi-state antitrust settlement involving both third party payors and consumers that purchased or paid for the brand and generic version of the prescription drug metaxalone.

- *Chambers v. Whirlpool Corporation*, No. 8:11-cv-01733 (C.D. Cal.)
  A national product defect case involving class members who experienced or may experience the overheating of an automatic dishwasher control board.

- *In re Trans Union Corp. Privacy Litigation*, MDL No. 1350 (N.D. Ill.)
  Perhaps the largest discretionary class action notice campaign involving virtually every adult in the United States and informing them about their rights in the $75 million data breach settlement.

- *In re Residential Schools Litigation*, No. 00-CV-192059 (Ont. S.C.J.)
  The largest and most complex class action in Canadian history incorporating a groundbreaking notice program to disparate, remote aboriginal persons qualified to receive benefits in the multi-billion dollar settlement.

## Judicial Recognition

Judge Lawrence E. Kahn, *Baker v. Saint-Gobain Performance Plastics Corp., Inc.,* (July 27, 2021) No. 1:16-cv-00917 (N.D.N.Y.):

> *The Court finds that the Notice Program, including the Class Notice, the Notice Form attached to the Settlement, and the particulars of the Notice Program described in the Declaration of Carla A. Peak in Support of Settlement Notice Program, satisfy these requirements and Due Process and constitute "the best notice that is practicable under the circumstances.*



Honorable Robert W. Gettleman, *Friend v. FGF Brands (USA), Inc.,* (February 16, 2021) No. 1:18-cv-07644 (N.D. Ill.):

> *The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best notice practicable under the circumstances to Settlement Class members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature of the terms of the proposed Settlement, their right to object to or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

Honorable Robert W. Gettleman, *Friend v. FGF Brands (USA), Inc.,* (October 23, 2020) No. 1:18-cv-07644 (N.D. Ill.):

> *The Court approves, as to form and content, the proposed Class  Notices, attached as Exhibit B to the Settlement. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Carla Peak on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23 and due process.*

Honorable Otis D. Wright II, *In re Trader Joe's Tuna Litigation,* (October 7, 2020) No. 2:16-cv-01371 (C.D. Cal.):

> *Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto.*

Honorable Madeline Cox Arleo, *In re Thalomid and Revlimid Antitrust Litigation,* (October 2, 2020) No. 2:14-cv-06997 (D. N.J.):

> *The Court finds that: (i) this constitutes the best notice practicable to the Class under the circumstances; (ii) the notice was reasonably calculated, under the circumstances, to apprise the Class of the pendency of the action and the terms of the Settlement Agreement, their right to exclude themselves from the Settlement or to object to any part thereof, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Settlement on all persons who do not exclude themselves from the Settlement; (iii) the notice was adequate and sufficient to all persons or entities entitled to receive notice; and (iv) the notice fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class members to participate in the Fairness Hearing, it is hereby determined that all Settlement Class members, except those who validly opted-out, are bound by the terms of this Order.*

Honorable Richard Seeborg, *Loftus v. Sunrun Inc.,* (September 25, 2020) No. 3:19-cv-01608 (N.D. Cal.):

> *The Court has considered the proposed Exhibits B, D and F attached to the Settlement Agreement and finds that the form, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstance, constitute sufficient notice to all persons and entities entitled to notice, and satisfy the Constitutional requirements of notice.*

Judge Cathy Seibel, *Cicciarella v. Califia Farms, LLC,* (July 17, 2020) No. 7:19-cv-08785 (S.D.N.Y):



*The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

Judge Nancy J. Rosenstengel, *Suchanek v. Sturm Foods, Inc.*, (April 21, 2020) No. 3:11-cv-00565 (S.D. Ill.):

*Pursuant to Federal Rule of Civil Procedure 23(c)(2), the Settlement Notice constitutes the best notice practicable under the circumstances, and due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided to all persons entitled to receive such notice.*

Judge Cathy Seibel, *Cicciarella v. Califia Farms, LLC*, (March 20, 2020) No. 7:19-cv-08785 (S.D.N.Y.):

*The proposed Class Notice, Summary Settlement Notice, and notice methodology described in the Settlement Agreement and in the Declaration of Carla A. Peak and Supplement Declaration of Carla A. Peak (the "Peak Declarations") are hereby approved.*

Honorable Eli J. Richardson, *Gann v. Nissan North America, Inc.*, (March 10, 2020) No. 3:18-cv-00966 (M.D. Tenn.):

*Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and Summary Notice by first-class mail was given in an adequate and sufficient manner. This, coupled with all of the additional information contained in the Settlement Website, to which class members were directed by the Summary Notice, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

Honorable Eli J. Richardson, *Norman v. Nissan North America, Inc.*, (March 10, 2020) No. 3:18-cv-00534 (M.D. Tenn.):

*Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and Summary Notice by first-class mail was given in an adequate and sufficient manner. This, coupled with all of the additional information contained in the Settlement Website, to which class members were directed by the Summary Notice, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

Honorable Eli J. Richardson, *Werthwerth v. Nissan North America, Inc.*, (March 10, 2020) No. 3:18-cv-00588 (M.D. Tenn.):

*Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and Summary Notice by first-class mail was given in an adequate and sufficient manner. This, coupled with all of the additional information contained in the Settlement Website, to which class members were directed by the Summary Notice, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

Judge Edmond E. Chang, *Smith v. Complyright, Inc.*, (October 7, 2019) No. 1:18-cv-04990 (E.D.N.Y.):

*The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due,*



> *adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.*

Judge George H. Wu, *Elkies v. Johnson & Johnson Services, Inc.*, (December 6, 2019) No. 2:17-cv-07320 (C.D. Cal.):

> *The Court finds that the distribution of Notice substantially in the manner and form set forth in the Stipulation meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.*

Judge Madeline Cox Arleo, *In re Thalomid and Revlimid Antitrust Litigation*, (August 22, 2019) No. 2:14-cv-06997 (D. N.J.):

> *The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Motion and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the action, the terms of the proposed Settlement, and their right under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Fed. R. Civ. P. 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class members.*

Judge Yvonne Gonzalez Rogers, *Abante Rooter and Plumbing, Inc. v. Alarm.com*, (August 15, 2019) No. 4:15-cv-06314 (N.D. Cal.):

> *The Court finds that the notice given to members of the Settlement Class pursuant to the terms of the Settlement Agreement fully and accurately informed Settlement Class members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all such members. The notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law.*

Judge John A. Houston, *In re Morning Song Bird Food Litigation*, (June 3, 2019) No. 3:12-cv-01592 (S.D. Cal.):

> *The Court finds and determines that dissemination and publication of the Notices as set forth in the Notice Plan in the Agreement constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Settlement and the matters set forth in the Notices to all persons entitled to receive notice, and fully satisfied the requirements of due process and of Federal Rule of Civil Procedure 23.*

Judge Steven M. Gold, *Worth v. CVS Pharmacy, Inc.*, (May 28, 2019) No. 2:16-cv-0200498 (E.D.N.Y.):

> *This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Stipulation of Settlement and Plaintiffs' motion for preliminary approval. The Court has reviewed the notice, and the notice procedures, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances…The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process.*

Judge Edmond E. Chang, *Smith v. Complyright, Inc.*, (May 24, 2019) No. 1:18-cv-04990 (E.D.N.Y.):

> *The Court has considered the Notice provisions in the Settlement, the Class Notice methodology set forth in the Declaration of Carla A. Peak attached as Exhibit A to the Settlement (the "Notice Program"), and the Email Notice, Postcard Notice, and Detailed Notice, attached as Exhibits C–E of the Settlement, respectively. The Court finds that the direct emailing and mailing of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23(c), applicable law, and due process.*



Honorable Landya B. McCafferty, *Holt v. Foodstate, Inc.*, (May 15, 2019) No. 1:17-cv-00637 (D. N.H.):

> *The Notice Plan, in form, method and content, complies with the requirements of Fed. R. Civ. P. 23 and due process, and (i) constitutes the best notice practicable under the circumstances, (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all requirements of applicable law.*

Honorable Beth Labson Freeman, *In re Nexus 6P Products Liability Litigation*, (May 2, 2019) No. 5:17-cv-02185 (N.D. Cal.):

> *The proposed notice plan, which includes direct notice via email, publication notice, and supplemental postcard notice via U.S. Mail, will provide the best notice practicable under the circumstances. This plan, and the Notice, are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Released Claims), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.*

Honorable Ann I. Jones, *Lavinsky v. City of Los Angeles*, (April 12, 2019) No. BC542245 (Sup. Ct. Cal.):

> *The form, manner, and content of the Class Notice, attached to the Settlement Agreement as Exhibits C, E, F, G, and H will provide the best notice practicable to the Class under the circumstances, constitutes valid, due, and sufficient notice to all Class Members, and fully complies with California Code of Civil Procedure section 382, California Code of Civil Procedure section 1781, the Constitution of the State of California, the Constitution of the United States, and other applicable law.*

Honorable Ann I. Jones, *Houze v. Brasscraft Manufacturing Company*, (April 8, 2019) No. BC493276 (Sup. Ct. Cal.):

> *The Court confirms that the distribution of the Notice, the publication of the publication notice, the notice methodology as set forth in the Declaration of Carla Peak on Settlement Notice Plan filed on March 21, 2018, as well as supplemental declarations by Carla Peak filed on June 4, 2018 and August 10, 2018, previously approved by the Court on August 27, 2018, were all implemented in accordance with the Court's Preliminary Approval Order and Amended Preliminary Approval Order. The Court further finds and confirms that the Notice and the Notice Plan: constituted the best practicable notice; constituted notice that was reasonably calculated under the circumstances to apprise potential Settlement Class Members, and fully and accurately inform them, of the pendency of the EZ-Flo Action, the effect of the Settlement Agreement (including the Released Claims), the nature and material terms of the proposed Settlement (including the benefits to Settlement Class Members, and Class Counsel's requests for attorney fees, expenses and incentive awards), their right to object to the proposed Settlement (benefits to Settlement Class Members, and Class Counsel's requests for attorney fees, expenses and incentive awards), their right to exclude themselves from the Settlement Class, and their right to appear at the Fairness Hearing; were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and met all applicable requirements of California law (including Cal. R. Ct. 3.766 and 3.769(f)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.*

Judge Sharon Johnson Coleman, *Eubank v. Pella Corporation*, (March 15, 2019) No. 1:06-cv-04481 (N.D. Ill.):

> *The Court determines that the Class Notice and Notice Plan implemented for the Settlement Class Members were performed in a reasonable manner, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Lawsuit and the Settlement, and fully satisfied the requirements of due process and Rule 23 regarding Class Notice.*



Judge Robert N. Chatigny, *Lecenat v. Douglas Perlitz*, (February 11, 2019) No. 3:13-cv-01132 (D. Conn.):
> The Court finds that service of the Class Notice, Radio Publication Notice and Poster Notice in this manner, including newspaper publication as provided in III.E.3 of the Settlement Agreement, constitutes the best notice practicable under the circumstances to Settlement Class Members, and complies fully with the provisions set forth in Federal Rules of Civil Procedure, Rule 23, and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law. The Court further finds that the Class Notice, Radio Publication Notice and Poster Notice clearly and concisely inform the Settlement Class Members of their rights and options with respect to the proposed settlement, in plain, easily understood language, in conformance with the requirements of Rule 23.

Judge Yvonne Gonzalez Rogers, *Slovin v. Sunrun, Inc.*, (January 29, 2019) No. 3:13-cv-01132 (D. Conn.):
> The Court has considered the proposed Exhibits B and D attached to the Settlement Agreement and finds that the form, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstance, constitute sufficient notice to all persons and entities entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notices in all respects, including the proposed forms of notice and the notice provisions of the Settlement Agreement, and orders that notice be given in substantial conformity therewith. The costs of disseminating the Class Notice shall be paid from the Settlement Fund in accordance with the Settlement Agreement.

Judge George H. Wu, *Elkies v. Johnson & Johnson Services, Inc.*, (January 15, 2019), No. 2:17-cv-07320 (C.D. Cal.:
> The Court finds Plaintiffs' proposed form of notice satisfies Fed. R. Civ. P. 23(c)(2)(B). Plaintiffs' form of notice provides the best notice practicable under the circumstances and satisfies due process requirements.

Judge Timothy D. DeGiusti, *In re: Samsung Top-Load Washing Machine Marketing, Sales Practices and Product Liability Litigation*, (January 8, 2019) No. 5:17-ml-02792 (W.D. Okla.):
> The Court finds that the proposed notice plan is reasonably calculated, under the circumstances, to apprise Settlement Class Members of: the pendency of this Litigation; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, expenses, and service awards; their right to submit a claim form; and their right to object to any aspect of the proposed Settlement…The Settlement Notice provides due, adequate, and sufficient notice to Settlement Class Members, and satisfies the requirements of Rule 23, due process, and all other applicable law and rules.

Judge James S. Gwin, *In re: Sonic Corp. Customer Data Breach Litigation*, (December 20, 2018) No. 1:17-md-02807 (N.D. Ill.):
> The Court finds that the Notices collectively provide a sufficiently clear and concise description of the Litigation, the Settlement terms, and the rights and responsibilities of the Settlement Class Members. The Court further finds that the plan for dissemination of the Notices…is the best means practicable, and is reasonably calculated to apprise the Settlement Class Members of the Litigation and their right to participate in, object to, or exclude themselves from the Settlement.

Honorable Yvonne Gonzales Rogers, *Abante Rooter and Plumbing, Inc. v. Alarm.com Incorporated*, (December 19, 2018) No. 4:15-cv-06314 (N.D. Cal.):
> The Court finds that the method of providing notice to Settlement Class members specified in section 4.2 of the Settlement Agreement, the forms of notice (as modified following the hearing), the method for submitting claims, and the manner of providing for exclusion requests and objections to the Settlement specified in sections 4.3 and 4.4 of the Settlement Agreement are reasonable and appropriate, and satisfy the requirements of due process and the Federal Rules of Civil Procedure.

Judge James Donato, *Brickman v. Fitbit, Inc.*, (December 17, 2018) No. 3:15-cv-02077 (N.D. Cal.):



*The Court finds that the proposed Class Notice methodology, contained in Section IV of the Agreement and outlined in Plaintiffs' Unopposed Amended Motion for Preliminary Approval (Dkt. No. 263) will provide the best notice reasonably practicable to the Class Members, and will fairly advise them of their right to object, to opt out of the settlement, and of what they may receive if they remain in the Settlement Sub-Classes and to otherwise satisfy the requirements of Fed. R. Civ. P. 23 and due process requirements of the United States Constitution.*

Honorable Edmond E. Chang, *Smith v. Complyright, Inc.*, (November 29, 2018) No. 1:18-cv-04990 (N.D. Ill.):

*The Court has considered the Notice provisions in the Settlement, the Class Notice methodology set forth in the Declaration of Carla A. Peak attached as Exhibit A to the Settlement (the "Notice Program"), and the Email Notice, Postcard Notice, and Detailed Notice, attached as Exhibits C–E of the Settlement, respectively. The Court finds that the direct emailing and mailing of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23(c), applicable law, and due process. The Court approves as to form and content the Email Notice, Postcard Notice, and Detailed Notice in the forms attached as Exhibits C, D, and E, respectively, to the Settlement. The Court orders the Settlement Administrator to commence the Notice Program as soon as practicable following entry of this Order.*

Honorable Amy Totenberg, *Barrow v. JPMorgan Chase Bank, N.A.*, (November 8, 2018) No. 1:16-cv-03577 (N.D. Ga.):

*The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.*

Judge Virginia K. Demarchi, *Hickcox-Huffman v. US Airways, Inc.*, (October 22, 2018) No. 5:10-cv-05193 (N.D. Cal.):

*The Court finds that the form, content and method of disseminating notice to the Class as described in Paragraphs 10 and 15 of this Order: (i) complies with Rule 23(c)(2) of the Federal Rules of Civil Procedure as it is the best practicable notice under the circumstances, and is reasonably calculated, under all the circumstances, to apprise the members of the Class of the pendency of the Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class; (ii) complies with Rule 23(e) as it is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed settlement, including, but not limited to, their right to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) constitutes due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (iv) meets all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.*

Honorable Ann I. Jones, *Houze v. Brasscraft Manufacturing Company*, (September 24, 2018) No. BC493276 (Sup. Ct. Cal.):

*The Court hereby approves the provisions for disseminating the above materials substantially as described in the Notice Plan in the Settlement Agreement and the declarations of Carla Peak Regarding Notice Plan. These materials (a) provide the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear, object to, or exclude themselves from the proposed settlement, ( c) are reasonable and constitute due,*



*adequate, and sufficient notice to all persons entitled to receive notice, and ( d) comply fully with the requirements of the California Rules of Court, the California Code of Civil Procedure, the California Civil Code, the Constitution of the State of California, the United States Constitution, and any other applicable law.*

Honorable Lucy H. Koh, *In re Anthem, Inc. Data Breach Litigation*, (August 15, 2018) No. 5:15-md-02617 (N.D. Cal.):

*The Court finds that the Notice Plan has been fully implemented in compliance with this Court's Order, ECF No. 903, and complies with Federal Rule of Civil Procedure 23(c)(2)(B). Notice was sent by mail and email, published in two magazines, and advertised online. The various forms of Notice, which were reviewed and approved by this Court, provided clear descriptions of who is a member of the Class and Settlement Class Members' rights and options under the Settlement. The Notices explained the conduct at issue in the litigation, how to receive money from the Settlement, how to opt out of the Settlement, how to object to the Settlement, how to obtain copies of relevant papers filed in the case, and how to contact Class Counsel and the Settlement Administrator.*

Judge Martine St-Louis, *Ross v. Her Majesty the Queen (LGBT Purge)*, (June 22, 2018) No. T-370-17 (Federal Court of Canada):

*KCC shall be appointed to provide notice of the approval of the Settlement, and shall be paid its fees and disbursements in accordance with the Notice Plan. The Notice Plan provided for in Section 3.04(a) of the FSA satisfies the requirements of the applicable class proceedings law and this Court, and is the best notice practicable under the circumstances.*

Judge John Bailey, *In re: Monitronics International, Inc., Telephone Consumer Protection Act Litigation*, (June 12, 2018) No. 1:13-md-02493 (N.D. W.Va.)(overruling objections and ruling in favor of the notice plan):

*The Court finds that the notices disseminated pursuant to the Notice Plan fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. Ms. Smith objected the notice was inadequate because it did not inform Settlement Class members of the amount of statutory damages available under the TCPA. Dkt. No. 57 at 14. This objection is overruled. Courts require that notice of a settlement "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 113-14 (2d Cir. 2005). The Notice Plan here complies with the court approved plan and fully apprised the Settlement Class of all material terms and their rights. In addition, the notices provided three telephone numbers for Settlement Class members to call if they had questions about the settlement. The Notice Plan thus complies with Rule 23 and due process and Ms. Smith's objection is overruled.*

Judge Timothy S. Black, *Rikos v. The Procter & Gamble Company*, (April 30, 2018) No. 1:11-cv-00226 (S.D. Ohio):

*The Court directed that Class Notice be given to Settlement Class Members pursuant to the notice program proposed by the parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-appointed notice program, the Settlement Administrator caused the Class Notice to be disseminated as ordered. The Class Notice advised Settlement Class Members of the terms of the Settlement Agreement; the Final Approval Hearing, and their right to appear at such hearing; their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.*

Honorable Amy Totenberg, *Barrow v. JPMorgan Chase Bank, N.A.*, (March 16, 2018) No. 1:16-cv-03577



(N.D. Ga.):

> *The Notice Plan, in form, method and content, complies with the requirements of Rule 23 and the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.*

Honorable Ann I. Jones, *Eck v. City of Los Angeles*, (February 21, 2018) No. BC577028 (Super. Ct. Cal.):

> *Class Notice to the Settlement Class was provided in accordance with the Preliminary Approval Order and satisfied the requirements of due process, California Code of Civil Procedure section 382 and Rule 3.766 of the California Rules of Court and (a) provided the best notice practicable, and (b) was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement, their right to appear at the Fairness Hearing, their right to object to the Settlement, and their right to exclude themselves from the Settlement. The Court finds that the Notice Plan set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of California law and federal due process of law.*

Honorable Sharon Johnson Coleman, *Eubank v. Pella Corporation*, (February 16, 2018) No. 1:06-cv-04481 (N.D. Ill.):

> *The Court approves, as to form and content, the Notice Plan and Class Notice attached to the Settlement Agreement as Exhibit 2 and finds that the Class Notice and the Notice Plan to be implemented pursuant to the Settlement Agreement are reasonable, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfy the requirements of due process and of Fed. R. Civ. P. 23.*

Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.*, (Direct Purchaser– Jui Li Enterprise Settlement), (February 16, 2018) No. 2:09-CV-00852 (E.D. Wis.):

> *The Court further finds that the Notice Plan, previously approved by the Court (See ECF No. 1110) and as executed by the Court-appointed Settlement Administrator, KCC, as set forth in the Declaration of Carla A. Peak on Implementation and Overall Adequacy of Settlement Notice Plan ("Peak Declaration") is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice (Peak Declaration Exhibits 1 and 2) are written in plain language, use simple terminology, and are designed to be readily understandable and noticeable by Settlement Class Members.*

Judge Yvonne Gonzales Rogers, *Abante Rooter and Plumbing Inc. v. Alarm.com Inc.*, (February 8, 2018) No. 4:15-cv-06314 (N.D. Cal.) (overruling objections and ruling in favor of the notice plan):

> *The Court finds that the form and content of Plaintiffs' proposed notice program, and the methods of disseminating notice to the Classes, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to receive notice. The Court approves the form and content of the Email Notice, Postcard Notice, Banner Notices, and Website Notice, and finds that they clearly and concisely state in plain, easily understood language, the following required information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B); see also Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985) (stating that's due process requires notice to apprise party of pendency of action, afford party opportunity to appear, describe party's rights, and provide party opportunity to opt out of action). The Court approves the methods of disseminating the notice, which class action administrator Kurtzman*



*Carson Consultants, Inc. has designed to reach approximately 90% of Class members. The combination of email notice, postal mail notice, and internet banner ads constitutes the best notice practicable under the circumstances.*

Honorable Yvonne Gonzalez Rogers, *Abante Rooter v. Alarm.com Inc.* (February 2, 2018) No. 4:15-cv-06314 (N.D. Cal.):

*The Court finds that the form and content of Plaintiffs' proposed notice program, and the methods of disseminating notice to the Classes, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to receive notice.*

*The Court approves the form and content of the Email Notice, Postcard Notice, Banner Notices, and Website Notice, and finds that they clearly and concisely state in plain, easily understood language, the following required information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)…*

Judge Fernando M. Olguin, *Dodge v. PHH Corporation,* (January 29, 2018) No. 8:15-cv-01973 (C.D. Cal):

*Based on the foregoing, the court finds that there is no alternative method of distribution that would be more practicable here, or any more reasonably likely to notify the class members. The court further finds that the procedure for providing notice and the content of the class notice constitute the best practicable notice to class members.*

Judge Timothy S. Black, *Rikos v. The Procter & Gamble Company*, (December 20, 2017) No. 1:11-cv-00226 (S.D. Ohio):

*The Court approves, as to form and content, the proposed Notice of Class Action Settlement (the "Class Notice"), which forms are attached as Exhibits 4 and 5 to the Settlement Agreement. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Settlement Agreement meet the requirements of Federal Rules of Civil Procedure Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.*

Honorable Kenneth R. Freeman, *Elias v. Synchrony Bank, f/k/a GE Capital Retail Bank*, (December 8, 2017) No. BC555883 (Sup. Ct. Cal.):

*The Court finds that the form, manner and content of the Class Notice specified in Section 5 of the Settlement Agreement and Exhibits B and D thereto provided a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby met the requirements of California Rules of Court Rule 3.769 and California Code of Civil Procedure § 382, as well as due process under the United States Constitution, the California Constitution, and any other applicable laws, constituted the best practicable notice under the circumstances, and constituted due and sufficient notice to all Class Members entitled thereto.*

Judge Denise J. Casper, *In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation*, (Direct Purchasers), (November 27, 2017) No. 1:14-md-02503 (D. Mass.):

*Members of the End-Payor Classes for the Sandoz and Lupin Settlements were provided with due and adequate notice of the Settlements, including their right to object to the Settlements and End-Payor Class Counsel's intent to seek from the Settlement Funds reimbursement of costs and expenses. Notice was distributed via both direct mail and publication notice. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law. A full and fair opportunity to be heard was afforded to all members of the Settlement Classes with respect to the foregoing matters. Accordingly, the Court hereby determines that all members of the End-Payor Classes for the Sandoz and Lupin Settlements are bound by this Order and Final Judgment.*



Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.*, (Direct Purchaser– Jui Li Enterprise Settlement), (November 21, 2017) No. 2:09-CV-00852 (E.D. Wis.):

> The Court approves the forms of the Notice of proposed class action settlement attached to the Declaration of Carla A. Peak ("Peak Decl.") at Exhibit 2 (Long-Form Notice and Summary/Publication Notice). The Court further finds that the mailing and publication of the Notice in the manner set forth below and in the Peak Declaration is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

Honorable James H. Ashford, *Nishimura v. Gentry Homes, Ltd.*, (October 27, 2017) No. 11-1-1522 (Cir. Ct., Hawai'i):

> The Court finds that the Notice Plan and Class Notices fully and accurately informed the potential Class Members of all material elements of the proposed Settlement and of each Class Member's right and opportunity to object to the proposed Settlement. The Court further finds that the Administrator's mailing and distribution of the Class Notice and the publication of the Class Notices substantially in the manner and form set forth in the Notice Plan and Settlement Agreement met the requirements of the laws of the State of Hawai'i (including Hawai'i Rule of Civil Procedure 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all potential Class Members.

Judge Celia Gamrath, *Truong v. Peak Campus Management LLC*, (October 16, 2017) No. 2016-CH-09735 (Cir. Ct. Cook Cnty., Ill.):

> The Court finds that the Notice Plan as set forth in the Settlement Agreement and the Declaration of Carla A. Peak meets the requirements of Section 2-803 of the Illinois Code of Civil Procedure and constitutes the best notice practicable under the circumstances, including direct individual notice by U.S. Mail or, in some cases by email, to Settlement Class Members, and satisfies fully the requirements of Due Process, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

Judge John Bailey, *In re Monitronics International, Inc., Telephone Consumer Protection Act Litigation*, (September 28, 2017) No. 5:11-cv-00090 (N.D. W.Va.):

> The Court carefully considered the Notice Plan set forth in the Settlement Agreement and plaintiffs' motion for preliminary approval. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23, the requirements of due process and any other applicable law, such that the terms of the Settlement Agreement, the releases provided therein, and this Court's final judgment will be binding on all Settlement Class Members.

Judge Douglas L. Rayes, *Brill v. Bank of America, N.A.*, (September 15, 2017) No. 2:16-cv-03817 (D. Ariz.):

> The record shows, and the Court finds, that the Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency and nature of this Action, the definition of the Settlement Class, the terms of the Settlement Agreement, the rights of the Settlement Class to exclude themselves from the settlement or to object to any part of the settlement, the rights of the Settlement Class to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Settlement Agreement on all persons who do not exclude themselves from the Settlement Class, (iii) provided due, adequate, and sufficient notice to the Settlement Class; and (iv) fully satisfied the due process requirements of the United States Constitution, Fed. R. Civ. P. 23, and any other applicable law or rule.



Honorable Ann I. Jones, *Eck v. City of Los Angeles*, (September 15, 2017) No. BC577028 (Sup. Ct. Cal.):

> *The form, manner, and content of the Class Notice, attached to the Settlement Agreement as Exhibits B, E, F and G, will provide the best notice practicable to the Class under the circumstances, constitutes valid, due, and sufficient notice to all Class Members, and fully complies with California Code of Civil Procedure section 382, California Code of Civil Procedure section 1781, the Constitution of the State of California, the Constitution of the United States, and other applicable law.*

Honorable James Ashford, *Nishimura v Gentry Homes, LTD.*, (September 14, 2017) No. 11-11-1-1522-07-RAN (Cir. Ct. Hawai'i):

> *The Court finds that the Notice Plan and Class Notices will fully and accurately inform the potential Class Members of all material elements of the proposed Settlement and of each Class Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Class Notice and the publication of the Class Notices substantially in the manner and form set forth in the Notice Plan and Settlement Agreement meets the requirements of the laws of the State of Hawai'i (including Hawai'i Rule of Civil Procedure 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all potential Class Members.*

Honorable André Birotte Jr., *Rafofsky v. Nissan North America, Inc.*, (September 12, 2017) No. 2:15-cv-01848 (C.D. Cal.):

> *The Court finds that the Class Notice has been given to the Class in the manner approved by the Court in the Preliminary Approval Order (ECF No. 126). The Court finds that such Class Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Litigation, the terms of the Settlement Agreement, their right to exclude themselves from the Class or object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.*

Honorable Charles R. Norgle, *Mullins v. Direct Digital, LLC*, (September 7, 2017) No. 1:13-cv-01829 (N.D. Ill.):

> *The notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement..*

Honorable Steve C. Jones, *Prather v. Wells Fargo Bank, N.A.,* (August 31, 2017) No. 1:15-cv-04231 (N.D. Ga.):

> *The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.*

Judge Lucy H. Koh, *In re Anthem, Inc. Data Breach Litigation,* (August 25, 2017) No. 5:15-md-02617 (N.D. Cal.):

> *The Court finds that the Notice and Notice Plan set forth in the Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The Notice and Notice Plan are reasonably calculated to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing.*



Honorable Jeffrey S. White, *In re Yapstone Data Breach,* (August 16, 2017) No. 4:15-cv-04429 (C.D. Cal.):

> The Notices and the Notice Program provided the best notice practicable under the circumstances to the Settlement Class Members and fully satisfied the requirements of due process under the United States Constitution and Federal Rule of Civil Procedure 23. Based on the evidence and information supplied to the Court in connection with the Final Approval Hearing held on August 4, 2017, the Court finds that the Notices were adequate and reasonable. The Court further finds that through the Notices, the Settlement Class Members have been apprised of the nature and pendency of the Consumer Action, the terms of the Settlement Agreement, as well as their rights to request exclusion, object, and/or appear at the final approval hearing.

Honorable Consuelo B. Marshall, *Couser v. Dish One Satellite, LLC*, (May 16, 2017) No. 5:15-cv-02218 (C.D. Cal.):

> The Court approves the proposed plan for giving notice to the Settlement Class directly (by post card) and through an appropriate media program and establishment of a Settlement Website, as more fully described in Plaintiffs Motion and the Agreement (the "Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules constitutes the best notice practicable under the circumstances.

Honorable André Birotte Jr., *Rafofsky v. Nissan North America, Inc.*, (May 1, 2017) No. 2:15-cv-01848 (C.D. Cal.):

> The Court has considered the Notice in the Settlement and finds that the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak attached as Exhibit B to Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement, including the exhibits attached thereto: (a) meets the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice. In addition, the forms of notice: (a) apprise Class Members of the pendency of the Litigation, the terms of the proposed Settlement, their rights, and deadlines under the Settlement; (b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak in all respects.

Judge Douglas L. Rayes, *Brill v. Bank of America, N.A.*, (April 18, 2017) No. 2:16-cv-03817 (D. Ariz.):

> The Court finds that the Class Notice described above is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Class Notice complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement. The Court also finds that the Class Notice complies with Rule 23(c)(2), as it is also the best form and manner of notice practicable under the circumstances, provides individual notice to members of the Settlement Class who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

Judge Denise J. Casper, *In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation*, (Direct Purchasers), (April 14, 2017) No. 1:14-md-02503 (D. Mass.):

> The proposed form of Notice to Direct Purchaser Settlement Class members of the pendency and proposed Settlements of this action as against Sandoz and Lupin only ("Settlement Notice") and the proposed method of dissemination of the Settlement Notice by first class mail satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved.



Judge Cecilia M. Altonaga, *Flaum v. Doctor's Associates, Inc.*, (March 22, 2017) No. 16-cv-61198 (S.D. Fla.):

> The Court has considered the proposed forms of notice including the Summary Notice; Full Notice for the Settlement Website; Publication Notice; Press Release (attached as Exhibit 2, 3, 4 and 8 to the Settlement Agreement); and Settlement Claim Forms (attached as Exhibits 6 and 7 to the Settlement Agreement); and finds the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Full Notice for the Settlement Website, Publication Notice, Press Release and Settlement Claim Forms, and orders that notice be given in substantial conformity therewith.

Honorable Amy J. St. Eve, *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litig.*, (March 6, 2017) No. 1:15-cv-01364 (N.D. Ill.):

> The Class Notice (as described in the Settlement Agreement and previously approved by the Court) fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the Settlement of the Action.

Honorable Jeffrey S. White, *In re Yapstone Data Breach,* (March 2, 2017) No. 4:15-cv-04429 (C.D. Cal.):

> The Court finds that the notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits E and G thereto (the "Notice Program") is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

Judge Manish S. Shah, *Johnson v. Yahoo! Inc.*, (December 12, 2016) No. 1:14-cv-02028 (N.D. Ill.):

> The Court approves the notice plan set forth in Plaintiff's Amended Motion to Approve Class Notice (Doc. 252) (the "Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.

Judge Joan A. Leonard, *Barba v. Shire U.S., Inc.*, (December 2, 2016) No. 1:13-cv-21158 (S.D. Fla.):

> The notice of settlement (in the form presented to this Court as Exhibits E, F, and G, attached to the Settlement Agreement [D.E. 423-1] (collectively, "the Notice") directed to the Settlement Class members, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice was given to potential Settlement Class members who were identified through reasonable efforts, published using several publication dates in Better Homes and Gardens, National Geographic, and People magazines; placed on targeted website and portal banner advertisements on general Run of Network sites; included in e-newsletter placements with ADDitude, a magazine dedicated to helping children and adults with attention deficit disorder and learning disabilities lead successful lives, and posted on the Settlement Website which included additional access to Settlement information and a toll-free number. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Notice provided Settlement Class members with due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Settlement Class members to make a claim, object to the Settlement or exclude themselves from the Settlement.

Justice Robert Stack, *Anderson v. Canada (Attorney General)*, (November 7, 2016) No. 200701T4955CCP (Supreme Ct. Newfoundland and Labrador):

> The Plaintiffs intend to provide significant notice of the Settlement to class members, which will include, among other things, direct mailings to class members, direct mailings to third parties, dissemination of a short form notice in various media, and direct community outreach and meetings. The proposed notice materials are intended to be simple and easy to read and



*understand.*

Judge William H. Pauley III, *The Dial Corporation v. News Corporation*, (November 3, 2016) No. 1:13-cv-06802 (S.D. N.Y..):

> *The notification provided for and given to the Class: (i) was provided and made in full compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise the Class of the terms of Settlement, of the proposed Plan of Allocation, of Plaintiffs Counsel's application for an award of attorney's fees, costs, and expenses incurred in connection with the Action, of Class Members' right to object to the Settlement, the Plan of Allocation, or Plaintiffs' Counsel's application for an award of attorney's fees, costs and expenses, and of the right of Class Members to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) fully satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause of the Fifth Amendment to the Constitution), and all other applicable law and rules.*

Honorable Amy J. St. Eve, *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litig.*, (October 20, 2016) No. 1:15-cv-01364 (N.D. Ill.):

> *The Notices of Class Action and Proposed Settlement (Exhibits A and B to the Settlement Agreement) and the method of providing such Notices to the proposed Settlement Class (as described in Settlement Agreement ¶6 and in the Declaration of Carla A. Peak on Settlement Notice Plan, filed on October 19, 2016), comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action.*

Honorable R. Gary Klausner, *Russell v. Kohl's Department Stores, Inc.*, (October 20, 2016) No. 5:15-cv-01143 (C.D. Cal.):

> *Notice of the settlement was provided to the Settlement Class in a reasonable manner, and was the best notice practicable under the circumstances, including through individual notice to all members who could be reasonably identified through reasonable effort.*

Judge Fernando M. Olguin, *Chambers v. Whirlpool Corporation*, (October 11, 2016) No. 8:11-cv-01733 (C.D. Cal.):

> *Accordingly, based on its prior findings and the record before it, the court finds that the Class Notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, their right to exclude themselves from the action, and their right to object to the proposed settlement.*

Honourable Justice Stack, *Anderson v. The Attorney General of Canada*, (September 28, 2016) No. 2007 01T4955CP (Supreme Ct. Newfound and Labrador):

> *The Phase 2 Notice Plan satisfies the requirements of the Class Actions Act and shall constitute good and sufficient service upon class members of the notice of this Order, approval of the Settlement and discontinuance of these actions.*

Judge Mary M. Rowland, *In re: The Home Depot, In., Customer Data Security Breach Litig.*, (August 23, 2016) No. 1:14-md-02583 (N.D. Ga.):

> *The Court finds that the Notice Program has been implemented by the Settlement Administrator and the parties in accordance with the requirements of the Settlement Agreement, and that such Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure.*

Honorable Manish S. Shah, *Campos v. Calumet Transload Railroad, LLC*, (August 3, 2016) No. 1:13-cv-08376 (S.D. NY.):

> *The form, content, and method of dissemination of the notice given to the Settlement Class were*



*adequate, reasonable, and constitute the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth therein, and these proceedings to all Persons entitled to such notice. The notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and due process.*

Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Company, Ltd.*, (Indirect Purchaser–Jui Li Settlement), (July 7, 2016) No. 2:09-cv-00852 (E.D. Wis.):

> *The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice, Summary Publication Notice, and Detailed Notice in the forms attached as Exhibits 1–3, respectively, to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

Judge William H. Pauley III, *The Dial Corporation v. News Corporation*, (June 2, 2016) No. 1:13-cv-06802 (S.D. NY.):

> *The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutional due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.*

Honorable R. Gary Klausner, *Russell v. Kohl's Department Stores, Inc.*, (April 11, 2016) No. 5:15-cv-01143 (C.D. Cal.):

> *Here, the Notice Plan includes several ways to reach proposed Class Members, including an information website, direct mailing, direct emails, and a toll-free help line. Furthermore, the proposed Notice provides details sufficient to explain the terms of the Settlement Agreement and provide information to Class Members about their rights, releases, and application deadlines. The Notice informs Class Members of how funds will be allocated, and how Residual Funds will be handled. Class Members are also put on notice of Attorneys' Fees and Expenses awarded and an Incentive Award to the Class Representative. Finally, the Notice plainly indicates the time and place of the hearing to consider approval of the settlement and the method of objecting to or opting out of the settlement. Based on the above facts, the Court approves the proposed Notice Plan.*

Judge Joan A. Leonard, *Barba v. Shire U.S., Inc.*, (April 11, 2016) No. 1:13-cv-21158 (S.D. Fla.):

> *The Court finds that the proposed methods for giving notice of the Settlement to members of the Settlement Class, as set forth in this Order and in the Settlement Agreement, meet the requirements of Federal Rule of Civil Procedure Rule 23 and requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.*

Honorable Manish S. Shah, *Campos v. Calumet Transload Railroad, LLC*, (March 10, 2016 and April 18, 2016) No. 1:13-cv-08376 (S.D. NY.):

> *The Court approves the Notice Program set forth in the Declaration of Carla A. Peak, attached as Exhibit A to the Settlement. The Court approves as to form and content the Postcard Notice, Summary Notice, and Detailed Notice in the forms attached as Exhibits B, C, and D, respectively, to the Settlement. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.*

Judge Mary M. Rowland, *In re: The Home Depot, In., Customer Data Security Breach Litig.*, (March 8,



2016) No. 1:14-md-02583 (N.D. Ga.):

> *The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.*

Judge Mary M. Rowland, *In re: Sears, Roebuck and Co. Front-Loader Washer Products Liability Litig.*, (February 29, 2016) No. 1:06-cv-07023 (N.D. Ill.):

> *The Court concludes that, under the circumstances of this case, the Settlement Administrator's notice program was the "best notice that is practicable," Fed. R. Civ. P. 23(c)(2)(B), and was "reasonably calculated to reach interested parties," Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 318 (1950).*

Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.*, (Indirect Purchaser–Tong Yang & Gordon Settlements), (January 14, 2016) No. 2:09-CV-00852 (E.D. Wis.):

> *The form, content, and methods of dissemination of Notice of the Settlements to the Settlement Class were reasonable, adequate, and constitute the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth in the Settlements, and these proceedings to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.*

Judge Curtis L. Collier, *In re: Skelaxin (Metaxalone) Antitrust Litigation*, (December 22, 2015) No. 1:12-md-2343 (E.D. Tenn.):

> *The Class Notice met statutory requirements of notice under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement process.*

Honorable Mitchell D. Dembin, *Lerma v. Schiff Nutrition International, Inc.*, (November 3, 2015) No. 3:11-CV-01056 (S.D. Cal.):

> *The Court finds this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.*

Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.*, (Direct Purchaser–Tong Yang & Gordon Settlements), (August 13, 2015) No. 2:09-CV-00852 (E.D. Wis.):

> *The Court further finds that the Notice Plan, previously approved by the Court (See ECF Nos. 619 & 641) and as executed by the Court-appointed Claims Administrator, KCC, as set forth in the Declaration of Carla A. Peak on Implementation and Overall Adequacy of Combined Settlement Notice Plan ("Peak Declaration") is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice (Peak Declaration Exhibits 1 and 2) are written in plain language, use simple terminology, and are designed to be readily understandable and noticeable by Settlement Class Members.*



Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.*, (Indirect Purchaser–Gordon Settlement), (August 4, 2015) No. 2:09-CV-00852 (E.D. Wis.):

> *The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice, Summary Publication Notice, and Detailed Notice in the forms attached as Exhibits 2–4, respectively, to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

Honorable Lynn Adelman, *Fond du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.* (Indirect Purchaser–Tong Yang Settlement), (May 29, 2015) No. 2:09-CV-00852 (E.D. Wis.):

> *The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice, Summary Publication Notice, and Detailed Notice in the forms attached as Exhibits 2–4, respectively, to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

Honorable Lynn Adelman*, Fond du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd*. (Direct Purchaser–Gordon Settlement), (May 5, 2015) No. 2:09-CV-00852 (E.D. Wis.):

> *The Court approves the forms of the Notice of proposed class action settlement attached to the Declaration of Carla Peak ("Peak Decl.") at Exhibit 1 (Long-Form Notice and Summary/Publication Notice). The Court further finds that the mailing and publication of the Notice in the manner set forth below and in the Peak Decl. is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members. The Notice Program set forth herein is substantially similar to the one set forth in the Court's April 24, 2015 Order regarding notice of the Tong Yang Settlement (ECF. No. 619) and combines the Notice for the Tong Yang Settlement with that of the Gordon Settlement into a comprehensive Notice Program. To the extent differences exist between the two, the Notice Program set forth and approved herein shall prevail over that found in the April 24, 2015 Order.*

Honorable José L. Linares, *Demmick v. Cellco Partnership*, (May 1, 2015) No. 2:06-CV-2163 (D. N.J.):

> *The Notice Plan, which this Court has already approved, was timely and properly executed and that it provided the best notice practicable, as required by Federal Rule of Civil Procedure 23, and met the "desire to actually inform" due process communications standard of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)… The Court thus affirms its finding and conclusion in the November 19, 2014 Preliminary Approval Order that the notice in this case meets the requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States and/or any other applicable law. All objections submitted which make mention of notice have been considered and, in light of the above, overruled.*

Honorable Lynn Adelman, *Fond du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd*. (Direct Purchaser–Tong Yang Settlement), (April 4, 2015) No. 2:09-CV-00852 (E.D. Wis.):

> *The Court approves the forms of the Notice of proposed class action settlement attached to the Declaration of Carla A. Peak ("Peak Decl.") as Exhibit 2 (Long-Form Notice and Summary/Publication Notice). The Court further finds that the mailing and publication of the Notice in the manner set forth below and in the Peak Decl. is the best notice practicable under the*



*circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.*

Honorable Rhonda A. Isiran Nishimura, *Charles v. Haseko Homes, Inc.*, (February 24, 2015) No. 09-1-1932-08 (Cir. Ct. Hawai'i):

*The Court approves, as to form and content, the Hurricane Straps Class Notice and the Hurricane Straps Repose Subclass Notice, and the Notice Plan that are attached as Exhibits 8-9 to the Declaration of Graham B. LippSmith ("LippSmith Dec.") and in the Declaration of Carla Peak…The Court finds that the Hurricane Straps Class Notice, the Hurricane Straps Repose Subclass Notice, and the Notice Plan will fully and accurately inform the potential Hurricane Straps Class Members and Hurricane Straps Repose Subclass Members of all material elements of the proposed Settlement, of their right to be excluded from the Hurricane Straps Class or Hurricane Straps Repose Subclass, and of each Hurricane Straps Class Member's or Hurricane Straps Repose Subclass Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Hurricane Straps Class Notice and the Hurricane Straps Repose Subclass Notice will (i) meet the requirements of the laws of the State of Hawai'i (including Haw. R. Civ. P. 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, (ii) constitute the best notice practicable under the circumstances, and (iii) constitute due and sufficient notice to all potential Hurricane Straps Class Members and Hurricane Straps Repose Subclass Members.*

Honorable Gary W.B. Chang, *Kai v. Haseko Homes, Inc.*, (February 15, 2015) No. 09-1-2834-12 (Cir. Ct. Hawai'i):

*The Court approves, as to form and content, the PEX Class Notice and Notice Plan attached as Exhibit 10 to the Declaration of Graham B. LippSmith ("LippSmith Dec.") and in the Declaration of Carla Peak. The Court finds that the PEX Class Notice and the Notice Plan will fully and accurately inform the potential PEX Class Members of all material elements of the proposed Settlement, of their right to be excluded from the PEX Class, and of each PEX Class Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the PEX Class Notice substantially in the manner and form set forth in this Order will (i) meet the requirements of the laws of the State of Hawai'i (including Haw. R. Civ. P. 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, (ii) constitute the best notice practicable under the circumstances, and (iii) constitute due and sufficient notice to all potential Class Members.*

Honorable David O. Carter, *Cobb v. BSH Home Appliances Corp.*, (December 29, 2014) No. 8:10-CV-0711 (C.D. Cal.):

*The Notice Program complies with Rule 23(c)(2)(B) because it constitutes the best notice practicable under the circumstances, provides individual notice to all Class Members who can be identified through reasonable effort, and is reasonably calculated under the circumstances to apprise the Class Members of the nature of the action, the claims it asserts, the Class definition, the Settlement terms, the right to appear through an attorney, the right to opt out of the Class or to comment on or object to the Settlement (and how to do so), and the binding effect of a final judgment upon Class Members who do not opt out.*

Honorable Christina A. Snyder, *Roberts v. Electrolux Home Products, Inc.*, (September 11, 2014) No. 8:12-CV-01644 (C.D. Cal.):

*The Court considered the Settlement Notice Plan submitted by the parties, and the Declaration of Carla A. Peak of KCC describing the Notice Plan…The Court finds that the Notice itself is appropriate, and complies with Fed. R. Civ. P. 23(b)(3), 23(c)(2)(B), and 23(e), because the Settlement Notice, FAQ, and Publication Notice fairly, accurately, and reasonably informed members of the Settlement Class, in plain language, of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the*



*Settlement Agreement; (3) appropriate information about, and means for obtaining and submitting, a Claim Form; (4) appropriate information about the right of members of the Settlement Class to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, including Class Counsel's request for an award of attorneys' fees and costs, and the procedures to do so; and (5) appropriate information about the consequences of failing to submit a Claim Form or failing to comply with the procedures and the deadline for opting out of, or objecting to, the Settlement…Accordingly, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and California laws and due process. The Court finally approves the Notice Plan in all respects…Any objections to the notice provided to the Class are hereby overruled.*

Honorable David O. Carter, *Cobb v. BSH Home Appliances Corp.*, (August 25, 2014) No. 8:10-CV-0711 (C.D. Cal.):

*…the Court also finding that the proposed notice plan and forms of notice are the best notice practicable under the circumstances and satisfy all requirements of the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 23(c)(b)(2); and for good cause shown, IT IS HEREBY ORDERED that Plaintiffs' Motion to Amend the Illinois Class Definition is GRANTED; and it is further ORDERED that Plaintiffs' Motion for Approval of Notice Plan and Proposed Forms of Notice is GRANTED.*

Judge Gregory A. Presnell, *Poertner v. The Gillette Co. and The Procter & Gamble Co.*, (August 21, 2014) No. 6:12-CV-00803 (M.D. Fla.):

*This Court has again reviewed the Notice and the accompanying documents and finds that the "best practicable" notice was given to the Class and that the Notice was "reasonably calculated" to (a) describe the Action and the Plaintiff's and Class Members' rights in it; and (b) apprise interested parties of the pendency of the Action and of their right to have their objections to the Settlement heard. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810 (1985). This Court further finds that Class Members were given a reasonable opportunity to opt out of the Action and that they were adequately represented by Plaintiff Joshua D. Poertner. See Id. The Court thus reaffirms its findings that the Notice given to the Class satisfies the requirements of due process and holds that it has personal jurisdiction over all Class Members.*

Honorable Curtis L. Collier, *In re: Skelaxin (Metaxalone) Antitrust Litigation*, (August 5, 2014) No. 1:12-md-02343 (E.D. Tenn.):

*The proposed form of Notice to End-Payor Settlement Class Members of the pendency and proposed settlement of this action ("Settlement Notice") set forth in the Notice Plan and Declaration of Carla Peak and the proposed method of dissemination of the Settlement Notice ("Notice Plan")—first to Third-Party Payors and then to Consumers—satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved.*

Honorable Christina A. Snyder, *Roberts v. Electrolux Home Products, Inc.*, (May 5, 2014) No. 8:12-CV-01644 (C.D. Cal.):

*The Court finds that the Notice Plan set forth in the Settlement Agreement (§ V. of that Agreement)…is the best notice practicable under the circumstances, and constitutes sufficient notice to all persons entitled to notice. The Court further preliminarily finds that the Notice itself IS appropriate, and complies with Rules 23(b)(3), 23(c)(2)(B), and 23(e) because it describes in plain language (1) the nature of the action, (2) the definition of the Settlement Class and Subclasses, (3) the class claims, issues or defenses, (4) that a class member may enter an appearance through an attorney if the member so desires, (5) that the Court will exclude from the class any member who requests exclusion, (6) the time and manner for requesting exclusion, and (7) the binding effect of a judgment on Settlement Class Members under Rule 23(c)(3) and the terms of the releases. Accordingly, the Court approves the Notice Plan in all respects…*

Honorable Jose L. Linares, *In re Hypodermic Products Antitrust Litigation*, (March 17, 2014) MDL No. 1730, No. 2:05-CV-01602 (D. N.J.):



*The Class Notice provides a description of the Indirect Purchaser Class, the procedural status of the litigation, a brief description of the plan of allocation, the court approval process for the proposed Settlement, and the significant terms of the Settlement. The Class Notice also fully informed members of the Indirect Purchaser Class of their rights with respect to the Settlement, including the right to opt out of, object to the Settlement, or otherwise be heard as to the reasonableness and fairness of the Settlement. The Class Notice also informed members of the Indirect Purchaser Class of their right to object to Indirect Purchaser Plaintiffs' Lead Counsel's application for an award of attorneys' fees, an award of incentive fees, and reimbursement of expenses from the Settlement Fund….The Class Notice met the statutory requirements of notice under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.*

Honorable William E. Smith, *Cappalli v. BJ's Wholesale Club, Inc.*, (December 12, 2013) No. 1:10-CV-00407 (D. R.I.):

*The Court finds that the form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of these proceedings of the proposed Settlement, and of the terms set forth in the Stipulation and first Joint Addendum, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.*

Judge Gregory A. Presnell, *Poertner v. The Gillette Co. and The Procter & Gamble Co.*, (November 5, 2013) No. 6:12-CV-00803 (M.D. Fla.):

*The proposed Class Notice and Claim Form are approved as to form and content. The Court finds that the content of the Class Notice and the Claim Form satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process and accordingly approves them…The Court finds that compliance with the Notice Plan is the best practicable notice under the circumstances and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.*

Honorable Jose L. Linares, *In re Hypodermic Products Antitrust Litigation*, (November 4, 2013) No. 2:05-CV-01602 (D. N.J.):

*Upon reviewing Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Class Certification and Approval of Notice Plan and the Declarations of Karin E. Fisch, Esq. and Carla A. Peak and the documents attached thereto, it is hereby ORDERED, ADJUDGED AND DECREED as follows:…Proposed forms of Notice are attached hereto as Exhibit A. The Court finds that the form fairly and adequately: (i) describes the terms and effect of the Settlement Agreement and of the Settlement; (ii) notifies the Indirect Purchaser Class concerning the proposed plan of allocation and distribution; (iii) notifies the Indirect Purchaser Plaintiffs' Lead Counsel will seek attorneys' fees not to exceed one-third of the Settlement Fund, reimbursement of expenses and incentive fees; (iv) gives notice to the Indirect Purchaser Class of the time and place of the Fairness Hearing; and (v) describes how the recipients of the Notice may submit a claim, exclude themselves from the Settlement or object to any of the relief requested.*

Judge Marilyn L. Huff, *Beck-Ellman v. Kaz USA, Inc.*, (June 11, 2013) No. 3:10-cv-02134 (S. D. Cal.):

*The Notice Plan has now been implemented in accordance with the Court's Preliminary Approval Order. The Publication Notice was designed to provide potential class members with information about the Settlement and their rights, in easy-to-comprehend language… The Notice Plan was specially developed to cause class members to see the Publication Notice or see an advertisement that directed them to the Settlement Website. KCC identified that the class members belong to a demographic group known as "Pain Relief Users." The Heating Pads are considered a Pain Relief product. The publications that KCC's Notice Plan used are publications and websites whose viewers and readers include a high percentage of Pain Relief product users…The Court concludes that the Class Notice fully satisfied the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure and all due process requirements.*



Judge Tom A. Lucas, *Stroud v. eMachines, Inc.*, (March 27, 2013) No. CJ-2003-968 L (D. Ct. Cleveland Cnty, Okla.):

> *The Notices met the requirements of Okla. Stat. tit. 12 section 2023(C), due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto. All objections are stricken. Alternatively, considered on their merits, all objections are overruled.*

Judge Marilyn L. Huff, *Beck-Ellman v. Kaz USA, Inc.* (January 7, 2013) No. 3:10-cv-02134 (S. D. Cal.):

> *The proposed Class Notice, Publication Notice, and Settlement Website are reasonably calculated to inform potential Class members of the Settlement, and are the best practicable methods under the circumstances… Notice is written in easy and clear language, and provides all needed information, including: (I) basic information about the lawsuit; (2) a description of the benefits provided by the settlement; (3) an explanation of how Class members can obtain Settlement benefits; (4) an explanation of how Class members can exercise their rights to opt-out or object; (5) an explanation that any claims against Kaz that could have been litigated in this action will be released if the Class member does not opt out; (6) the names of Class Counsel and information regarding attorneys' fees; (7) the fairness hearing date and procedure for appearing; and (8) the Settlement Website and a toll free number where additional information, including Spanish translations of all forms, can be obtained. After review of the proposed notice and Settlement Agreement, the Court concludes that the Publication Notice and Settlement Website are adequate and sufficient to inform the class members of their rights. Accordingly, the Court approves the form and manner of giving notice of the proposed settlement.*

Judge Tom A. Lucas, *Stroud v. eMachines, Inc.*, (December 21, 2012) No. CJ-2003-968 L (D. Ct. Cleveland Cnty, Okla.):

> *The Plan of Notice in the Settlement Agreement as well as the content of the Claim Form, Class Notice, Post-Card Notice, and Summary Notice of Settlement is hereby approved in all respects. The Court finds that the Plan of Notice and the contents of the Class Notice, Post-Card Notice and Summary Notice of Settlement and the manner of their dissemination described in the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under the circumstances, to apprise Putative Class Members of the pendency of this action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Certified Settlement Class and, therefore, the Plan of Notice, the Class Notice, Post-Card Notice and Summary Notice of Settlement are approved in all respects. The Court further finds that the Class Notice, Post-Card Notice and Summary Notice of Settlement are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process.*

Honorable Michael M. Anello, *Shames v. The Hertz Corporation*, (November 5, 2012) No. 3:07-cv-02174 (S.D. Cal.):

> *…the Court is satisfied that the parties and the class administrator made reasonable efforts to reach class members. Class members who did not receive individualized notice still had opportunity for notice by publication, email, or both…The Court is satisfied that the redundancies in the parties' class notice procedure—mailing, e-mailing, and publication—reasonably ensured the widest possible dissemination of the notice…The Court OVERRULES all objections to the class settlement…*

Judge Ann D. Montgomery, *In Re: Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, (July 9, 2012) No. 11-MD-2247 (D. Minn.):

> *The objections filed by class members are overruled; The notice provided to the class was reasonably calculated under the circumstances to apprise class members of the pendency of this action, the terms of the Settlement Agreement, and their right to object, opt out, and appear at the final fairness hearing;…*

Judge Ann D. Montgomery, *In Re: Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, (June 29, 2012) No. 11-MD-2247 (D. Minn.):



*After the preliminary approval of the Settlement, the parties carried out the notice program, hiring an experienced consulting firm to design and implement the plan. The plan consisted of direct mail notices to known owners and warranty claimants of the RTI F1807 system, direct mail notices to potential holders of subrogation interests through insurance company mailings, notice publications in leading consumer magazines which target home and property owners, and earned media efforts through national press releases and the Settlement website. The plan was intended to, and did in fact, reach a minimum of 70% of potential class members, on average more than two notices each…The California Objectors also take umbrage with the notice provided the class. Specifically, they argue that the class notice fails to advise class members of the true nature of the aforementioned release. This argument does not float, given that the release is clearly set forth in the Settlement and the published notices satisfy the requirements of Rule 23(c)(2)(B) by providing information regarding: (1) the nature of the action class membership; (2) class claims, issues, and defenses; (3) the ability to enter an appearance through an attorney; (4) the procedure and ability to opt-out or object; (5) the process and instructions to make a claim; (6) the binding effect of the class judgment; and (7) the specifics of the final fairness hearing.*

Honorable Michael M. Anello, *Shames v. The Hertz Corporation*, (May 22, 2012) No. 3:07-cv-02174 (S.D. Cal.):

*The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, substantially in the forms of Exhibits A-1 through A-6, as appropriate, (individually or collectively, the "Notice"), and finds that the e-mailing or mailing and distribution of the Notice and publishing of the Notice substantially in the manner and form set forth in ¶ 7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.*

Judge Anthony Powell, *Molina v. Intrust Bank, N.A.*, (May 21, 2012) No. 10-CV-3686 (18th J.D. Ct., Kan.):
*The form, content, and method of dissemination of Class Notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceeding to all persons entitled to such notice, and said notice fully satisfied the requirements of K.S.A. § 60-223 and due process.*

Judge Ronald L. Bauer, *Blue Cross of California Website Securities Litigation*, (April 5, 2012) No. JCCP 4647 (Super. Ct. Cal.):
*The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Person entitled to such notice, and said notice satisfied the requirements of California Rules of Court, Rule 3,766(e) and (f), and due process.*

Judge Ann D. Montgomery, *In Re: Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, (January 18, 2012) No. 11-MD-2247 (D. Minn.):
*Notice to Class members must clearly and concisely state the nature of the lawsuit and its claims and defenses, the Class certified, the Class member's right to appear through an attorney or opt out of the Class, the time and manner for opting out, and the binding effect of a class judgment on members of the Class. Fed. R. Civ. P. 23(c)(2)(B). Compliance with Rule 23's notice requirements also complies with Due Process requirements. 'The combination of reasonable notice, the opportunity to be heard, and the opportunity to withdraw from the class satisfy due process requirements of the Fifth Amendment.' Prudential, 148 F.3d at 306. The proposed notices in the present case meet those requirements.*

Judge Jeffrey Goering, *Molina v. Intrust Bank, N.A.*, (January 17, 2012) No. 10-CV-3686 (18th J.D. Ct. Ks.):



*The Court approved the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Kansas law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.*

Judge Charles E. Atwell, *Allen v. UMB Bank, N.A.*, (October 31, 2011) No. 1016-CV34791 (Cir. Ct. Mo.):

*The form, content, and method of dissemination of Class Notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 52.08 of the Missouri Rules of Civil Procedure and due process.*

Judge Charles E. Atwell, *Allen v. UMB Bank, N.A.*, (June 27, 2011) No. 1016-CV34791 (Cir. Ct. Mo.):

*The Court approves the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Missouri law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.*

Judge Jeremy Fogel, *Ko v. Natura Pet Products, Inc.*, (June 24, 2011) No. 5:09cv2619 (N.D. Cal.):

*The Court approves, as to form and content, the Long Form Notice of Pendency and Settlement of Class Action ("Long Form Notice"), and the Summary Notice attached as Exhibits to the Settlement Agreement, and finds that the e-mailing of the Summary Notice, and posting on the dedicated internet website of the Long Form Notice, mailing of the Summary Notice post-card, and newspaper and magazine publication of the Summary Notice substantially in the manner as set forth in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to notice.*

Judge M. Joseph Tiemann, *Billieson v. City of New Orleans*, (May 27, 2011) No. 94-19231 (Civ. D. Ct. La.):

*The plan to disseminate notice for the Insurance Settlements (the "Insurance Settlements Notice Plan") which was designed at the request of Class Counsel by experienced Notice Professionals Gina Intrepido-Bowden and Carla A. Peak… IT IS ORDERED as follows: 1. The Insurance Settlements Notice Plan is hereby approved and shall be executed by the Notice Administrator; 2. The Insurance Settlements Notice Documents, substantially in the form included in the Insurance Settlements Notice Plan, are hereby approved.*

Judge James Robertson, *In re Department of Veterans Affairs (VA) Data Theft Litig.*, (February 11, 2009) MDL No. 1796 (D.C.):

*The Court approves the proposed method of dissemination of notice set forth in the Notice Plan, Exhibit 1 to the Settlement Agreement. The Notice Plan meets the requirements of due process and is the best notice practicable under the circumstances. This method of Class Action Settlement notice dissemination is hereby approved by the Court.*

Judge Louis J. Farina, *Soders v. General Motors Corp.*, (December 19, 2008) No. CI-00-04255 (C.P. Pa.):

*The Court has considered the proposed forms of Notice to Class members of the settlement and the plan for disseminating Notice, and finds that the form and manner of notice proposed by the parties and approved herein meet the requirements of due process, are the best notice practicable under the circumstances, and constitute sufficient notice to all persons entitled to notice.*

Judge Robert W. Gettleman, *In Re Trans Union Corp.*, (September 17, 2008) MDL No. 1350 (N.D. Ill.):

*The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice,*



*and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law…Accordingly, all objections are hereby OVERRULED.*

Judge William G. Young, *In re TJX Companies*, (September 2, 2008) MDL No. 1838 (D. Mass.):
> *The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

Judge David De Alba, *Ford Explorer Cases*, (May 29, 2008) JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):
> *[T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved -- submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.*

Judge Kirk D. Johnson, *Hunsucker v. American Standard Ins. Co. of Wisconsin*, (August 10, 2007) No. CV-2007-155-3 (Cir. Ct. Ark.):
> *Having admitted and reviewed the Affidavits of Carla Peak and Christine Danielson concerning the success of the notice campaign, including the fact that written notice reached approximately 86% of the potential Class Members, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but failed to do so…Specifically, the Court received and admitted affidavits from Carla Peak and Christine Danielson, setting forth the scope and results of the notice campaign. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice and settlement website as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order was the best notice practicable under the circumstances to all members of the Settlement Class.*

## Presentations and Articles

- *Settlement, Notice and Claims, Objectors, Cy Pres, and Attorney's Fees*, University of Michigan Law School Consumer Class Actions & Complex Litigation (736-01), Carla Peak (November 2020).

- "*Class Action in a Modern Digital Age*" Committee to Support the Antitrust Laws (COSAL), Carla Peak (June 2020).

- "*Rule 23: Recent Rule Revisions.*" *Class Action Litigation in 2020: What You Need to Know*, New Jersey Bar Association, Carla Peak (February 2020).

- "*Marching to Their Own Drumbeat.*" *What Lawyers Don't Understand About Notice and Claims Administration*, American Bar Association 23rd Annual National Institute on Class Actions, Carla Peak (October 2019).

- *Class Action Notice and Settlement Administration*, Columbia Law School Complex Litigation Challenges and Strategies in Multijurisdictional and Aggregate Litigation (L9225), Carla Peak (March 2018).

- "*A Winning Hand or a Flop?*" *After 50 Years, Are Class Actions Still Legit?*, American Bar Association 20th Annual National Institute on Class Actions, Carla Peak (October 2016).



- *Class Action Notice Requirements: Leveraging Traditional and Emerging Media to Reach Class Members*, STRAFFORD, Carla Peak (April 2016).

- *The Ethics of Class Action Settlements,* CHICAGO BAR ASSOCIATION, Class Litigation Committee, Carla Peak (June 2014).

- *Innovations in Notification*, CHICAGO BAR ASSOCIATION, Class Litigation Committee Spring Seminar, Carla Peak, presenter (May 2012).

- *Ethics in Legal Notification* accredited CLE Program (December 2012-November 2014).

- *Pitfalls of Class Action Notice and Settlement Administration* accredited CLE Program (March 2014).

- *The Fundamentals of Settlement Administration* accredited CLE Program (October 2012-August 2013).

- Carla Peak and Steven Weisbrot. *How to Design Your Notice to Minimize Professional Objectors*, Class Action Lawsuit Defense: Class Action Defense News, Developments and Commentary provided by BakerHostetler (www.classactionlawsuitdefense.com) (July 20, 2012).

- *Class Action Settlement Administration Tips & Pitfalls on the Path to Approval* accredited CLE Program (October 2012).

- *Legal Notice Ethics* accredited CLE Program (May 2010-January 2011).

- Carla Peak, *Is your legal notice designed to be noticed?* WESTLAW JOURNAL CLASS ACTION Vol.18 Issue 10 (2011).

- John B. Isbister, Todd B. Hilsee & Carla A. Peak, *Seven Steps to a Successful Class Action Settlement*, AMERICAN BAR ASSOCIATION, SECTION OF LITIGATION, CLASS ACTIONS TODAY 16 (2008).



**Case Examples**

| Case | Court |
|------|-------|
| *In re Columbia/HCA Healthcare Corp. (Billing Practices Litig.)* | M.D. Tenn., MDL No. 1227 |
| *Soders v. General Motors Corp. (Marketing Initiative)* | C.P. Pa., No. CI-00-04255 |
| *Nature Guard Cement Roofing Shingles Cases* | Cal. Super. Ct., J.C.C.P. No. 4215 |
| *Defrates v. Hollywood Entertainment Corp. (Extended Viewing Fees)* | Cir. Ct. Ill., St. Clair. Co., No. 02L707 |
| *West v. G&H Seed Co. (Crawfish Farmers)* | 27th Jud. D. Ct. La., No. 99-C-4984-A |
| *Baiz v. Mountain View Cemetery (Burial Practices)* | Cal. Super. Ct., No. 809869-2 |
| *Richison v. American Cemwood Corp. (Roofing Durability)* | Cal. Super. Ct., No. 005532 |
| *Friedman v. Microsoft Corp. (Antitrust)* | Ariz. Super. Ct., No. CV 2000-000722 |
| *Davis v. Am. Home Prods. Corp. (Norplant Contraceptive)* | Civ. D. Ct. La., Div. K, No. 94-11684 |
| *Gordon v. Microsoft Corp. (Antitrust)* | D. Minn., No. 00-5994 |
| *Fisher v. Virginia Electric & Power Co.* | E.D. Va., No 3:02-CV-431 |
| *Bardessono v. Ford Motor Co. (15 Passenger Vans Outreach)* | Wash. Super. Ct., No. 32494 |
| *Gardner v. Stimson Lumber Co. (Forestex Siding)* | Wash. Super. Ct., No. 00-2-17633-3SEA |
| *Nichols v. SmithKline Beecham Corp. (Paxil)* | E.D. Pa., No. 00-6222 |
| *In re Educ. Testing Serv. PLT 7-12 Test Scoring* | E.D. La., 2:04md1643 |
| *In re Serzone Products Liability* | S.D. W. Va., 02-md-1477 |
| *Ford Explorer Cases* | Cal. Super. Ct., JCCP Nos. 4226 & 4270 |
| *In re Lupron Marketing & Sales Practices* | D. Mass., MDL No.1430 |
| *Morris v. Liberty Mutual Fire Ins. Co.* | D. Okla., NO. CJ-03-714 |
| *Thibodeaux v. Conoco Philips Co.* | D. La., No. 2003-481 |
| *Morrow v. Conoco Inc.* | D. La., No. 2002-3860 |
| *Tobacco Farmer Transition Program* | U.S. Dept. of Agric. |
| *Froeber v. Liberty Mutual Fire Ins. Co.* | Cir. Ct. Ore., No. 00C15234 |
| *Carnegie v. Household Int'l, Inc.* | N.D. Ill., No. 98-C-2178 |
| *In re Royal Ahold Securities and "ERISA"* | D. Md., 1:03-md-01539 |
| *First State Orthopaedics et al. v. Concentra, Inc., et al.* | E.D. Pa., No. 2:05-CV-04951-AB |
| *Meckstroth v. Toyota Motor Sales, U.S.A., Inc.* | 24th Jud. D. Ct. La., No. 583-318 |
| *In re High Sulfur Content Gasoline Products Liability* | E.D. La., MDL No. 1632 |
| *Desportes v. American General Assurance Co.* | Ga. Super. Ct., No. SU-04-CV-3637 |
| *In re Residential Schools Litigation* | Ont. Super. Ct., 00-CV-192059 CPA |
| *Turner v. Murphy Oil USA, Inc.* | E.D. La., No. 2:05-CV-04206-EEF-JCW |
| *Carter v. North Central Life Ins. Co.* | Ga. Super. Ct., No. SU-2006-CV-3764-6 |
| *Friedman v. Microsoft Corp. (Antitrust)* | Ariz. Super. Ct., No. CV 2000-000722 |



| | |
|---|---|
| *Ciabattari v. Toyota Motor Sales, U.S.A., Inc.* | N.D. Cal., No. C-05-04289-BZ |
| *Peek v. Microsoft Corporation* | Cir. Ct. Ark., No. CV-2006-2612 |
| *Reynolds v. The Hartford Financial Services Group, Inc.* | D. Ore., No. CV-01-1529 BR |
| *Zarebski v. Hartford Insurance Co. of the Midwest* | Cir. Ct. Ark., No. CV-2006-409-3 |
| *In re Parmalat Securities* | S.D.N.Y., 1:04-md-01653 (LAK) |
| *Beasley v. The Reliable Life Insurance Co.* | Cir. Ct. Ark., No. CV-2005-58-1 |
| *Sweeten v. American Empire Insurance Company* | Cir. Ct. Ark., No. 2007-154-3 |
| *Gunderson v. F.A. Richard & Associates, Inc. (FARA)* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *Gunderson v. F.A. Richard & Associates, Inc. (Focus)* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *Hunsucker v. American Standard Ins. Co. of Wisconsin* | Cir. Ct. Ark., No., CV-2007-155-3 |
| *Burgess v. Farmers Insurance Co., Inc.* | D. Okla., No. CJ-2001-292 |
| *Grays Harbor v. Carrier Corporation* | W.D. Wash., No. 05-05437-RBL |
| *Donnelly v. United Technologies Corp.* | Ont. S.C.J., 06-CV-320045CP |
| *Wener v. United Technologies Corp.* | QC. Super. Ct., 500-06-000425-088 |
| *Brookshire Bros. v. Chiquita (Antitrust)* | S.D. Fla., No. 05-CIV-21962 |
| *Johnson v. Progressive* | Cir. Ct. Ark., No. CV-2003-513 |
| *Bond v. American Family Insurance Co.* | D. Ariz., CV06-01249-PXH-DGC |
| *Angel v. U.S. Tire Recovery (Tire Fire)* | Cir. Ct. W. Va., No. 06-C-855 |
| *In re TJX Companies Retail Security Breach* | D. Mass., MDL No. 1838 |
| *Webb v. Liberty Mutual Insurance Co.* | Cir. Ct. Ark., No. CV-2007-418-3 |
| *Shaffer v. Continental Casualty Co. (Long Term Care Insurance)* | C.D. Cal., SACV06-2235-PSG (PJWx) |
| *Palace v. DaimlerChrysler (Neon Head Gaskets)* | Cir. Ct. Ill., Cook Co., No. 01-CH-13168 |
| *Beringer v. Certegy Check Services, Inc. (Data Breach)* | M.D. Fla., No. 8:07-cv-1657-T-23TGW |
| *Lockwood v. Certegy Check Services, Inc. (Data Breach)* | M.D. Fla., No. 2:07-CV-587-FtM-29-DNF |
| *Sherrill v. Progressive Northwestern Ins. Co.* | 18th D. Ct. Mont., No. DV-03-220 |
| *Gunderson v. F.A. Richard & Associates, Inc. (AIG)* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *Jones v. Dominion Transmission, Inc.* | S.D. W. Va., No. 2:06-cv-00671 |
| *Gunderson v. F.A. Richard & Associates, Inc. (Wal-Mart)* | 14th Jud. D. Ct. La., No. 2004-2417-D |
| *In re Trans Union Corp. Privacy (Data Breach)* | N.D. Ill., MDL No. 1350 |
| *Gunderson v. F.A. Richard & Associates., Inc. (Amerisafe)* | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Bibb v. Monsanto Co. (Nitro)* | Cir. Ct. W.Va., No. 041465 |
| *Carter v. Monsanto Co. (Nitro)* | Cir. Ct. W.Va., No. 00-C-300 |
| *In re U.S. Department of Veterans Affairs (VA) Data Breach* | D. D.C., MDL 1796 |
| *In re Countrywide Financial Corp. Customer Data Security Breach* | W.D. Ky., MDL No. 3:08-md-1998 |
| *Dolen v. ABN AMRO Bank N.V. (Callable CDs)* | Ill. Cir. Ct., Nos. 01-L-454 & 01-L-493 |


| | |
|---|---|
| *Griffin v. Dell Canada Inc.* | Ont. Super. Ct., No. 07-CV-325223D2 |
| *Plubell v. Merck & Co., Inc.* | Cir. Ct. Mo., No. 04CV235817-01 |
| *Billieson v. City of New Orleans* | D. Ct. La., No. 94-19231 |
| *Anderson v. Government of Canada* | Sup. Ct. NL, No. 2008NLTD166 |
| *Ko v. Natura Pet Products, Inc.* | N.D. Cal., No. 5:09cv02619 |
| *Allen v. UMB Bank, N.A.* | Cir. Ct. Mo., No. 1016-CV34791 |
| *Blue Cross of California Website Security Cases* | Sup. Ct. Cal., No. JCCP 4647 |
| *Alvarez v. Haseko Homes, Inc.* | Cir. Ct. HI., No. 09-1-2691-11 |
| *LaRocque v. TRS Recovery Services, Inc.* | D. Maine, No. 2:11cv00091 |
| *In re: Zurn Pex Plumbing Products Liability Litig.* | D. Minn., MDL No. 08-1958 |
| *Molina v. Intrust Bank, N.A.* | 18th Jud. D. Ct., 10-cv-3686 |
| *In Re: Uponor, Inc., F1807 Products Liability Litigation* | D. Minn., MDL No. 2247 |
| *Shames v. The Hertz Corporation* | S.D. Cal., No. 07cv2174-MMA |
| *Stroud v. eMachines, Inc.* | D. Ct. Cleveland Cnty, Okla., No. CJ-2003-968-L |
| *Holman v. Experian Information Solutions, Inc.* | N.D. Cal., No. 4:11cv00180 |
| *Beck-Ellman v. Kaz USA Inc.* | S.D. Cal., No. 10-cv-2134 |
| *Lee v. Stonebridge Life Insurance Company* | N.D. Cal., No. 3:11-cv-00043 |
| *Steinfeld v. Discover Financial Services* | N.D. Cal., No. 3:12-cv-01118 |
| *Cappalli v. BJ's Wholesale Club, Inc.* | D. R.I., No. 1:10-cv-00407 |
| *Poertner v. The Gillette Co. and The Procter & Gamble Co.* | M.D. Fla., No. 6:12-cv-00803 |
| *In re Hypodermic Products Antitrust Litigation* | D. N.J., No. 2:05-cv-01602 |
| *McCrary v. The Elations Company, LLC* (Certification Notice) | C.D. Cal., No. 13-cv-00242 |
| *Lerma v. Schiff Nutrition International, Inc.* | S.D. Cal., No. 3:11-cv-01056 |
| *Charles v. Haseko Homes, Inc.* | Cir. Ct. HI., No. 09-1-2697-11 |
| *Kai v. Haseko Homes, Inc.* | Cir. Ct. HI., No. 09-1-2834-12 |
| *Roberts v. Electrolux Home Products, Inc.* | C.D. Cal., No. 8:12-cv-01644 |
| *Demereckis v. BSH Home Appliances Corp.* (Certification Notice) | C.D. Cal., No. 8:10-cv-00711 |
| *In re Skelaxin (Metaxalone) Antitrust Litigation* | E.D. Ten., MDL 2343, No. 1:12-cv-194 |
| *Demmick v. Cellco Partnership d/b/a Verizon Wireless* | D. Ct. N.J., No. 06-cv-2163 |
| *Cobb v. BSH Home Appliances Corporation* | C.D. Cal., No. 8:10-cv-00711 |
| *Fond du Lac Bumper Exchange Inc. v. Jui Li Enterprise Co. Ltd. (Direct & Indirect Purchasers Classes)* | E.D. Wis., No. 2:09-cv-00852 |
| *Thomas v. Lennox Industries Inc.* | N.D. Ill., No. 1:13-cv-07747 |
| *In re Sears, Roebuck and Co. Front-Loading Washer Products Liability Litigation* | N.D. Ill., No. 1:06-cv-07023 |
| *Chambers v. Whirlpool Corporation* | C.D. Cal., No. 8:11-cv-01733 |
| *The Dial Corp. v. News Corp.* | S.D.N.Y., No. 1:13-cv-06802 |



| | |
|---|---|
| *Cole v. Asurion Corporation* | C.D. Cal., 2:06-cv-6649 |
| *Stender v. Archstone-Smith Operating Trust* | D. Colo., 1:07-cv-02503 |
| *Campos v. Calumet Transload Railroad, LLC* | N.D. Ill., 1:13-cv-08376 |
| *In re: The Home Depot, Inc., Customer Data Security Breach Litig.* | N.D. Ga., 1:14-md-02583 |
| *Russell v. Kohl's Department Stores, Inc.* | C.D. Cal., No 5:15-cv-01143 |
| *Barba v. Shire U.S., Inc.* | S.D. Fla., No. 1:13-cv-21158 |
| *Giuliano v. SanDisk Corporation* | N.D. Cal., No. 4:10-cv-2787 |
| *Anderson v. The Attorney General of Canada* | Sup. Ct. NL, No. 2007 01T4955CP |
| *Kearney v. Equilon Enterprises LLC* | D. Ore., No. 3:14-cv-00254 |
| *Jammal v. American Family Ins. Grp.* | N.D. Ohio, No. 1:13-cv-00437 |
| *Q+ Food, LLC v. Mitsubishi Fuso Truck of America, Inc.* | D. N.J., No 3:14-cv-06046 |
| *In Re: Rust-Oleum Restore Marketing , Sales Practices and Products Liability Litigation* | N.D. Ill., No. 1:15-cv01364 |
| *Johnson v. Yahoo! Inc.* | N.D. Ill., No. 1:14-cv02028 |
| *Wells v. Abbott Laboratories, Inc.* | Sup. Ct. Cal., No. BC389753 |
| *Rafofsky v. Nissan North America, Inc.* | C.D. Cal., No. 2:15-cv-01848 |
| *In re Yapstone Data Breach* | N.D. Cal., No. 4:15-cv-04429 |
| *Lavinsky v. City of Los Angeles* | Sup. Ct. Cal., No. BC542245 |
| *Mullins v. Direct Digital LLC.* | N.D. Ill., No. 1:13-cv-01829 |
| *In re: Solodyn (Minocycline Hydrochloride) Antitrust Litigation (Direct Purchaser Class)* | D. Mass., No. 1:14-md-2503 |
| *Flaum v. Doctor's Associates, Inc. (d/b/a Subway)* | S.D. Fla., No. 16-cv-61198 |
| *Eck v. City of Los Angeles* | Sup. Ct. Cal., No. BC577028 |
| *Brill v. Bank of America, N.A.* | D. Ariz., No. 2:16-cv-03817 |
| *In re Lidoderm Antitrust Litigation (Indirect Purchaser Class)* | N.D. Cal., 3:14-md-02521 |
| *Luster v. Wells Fargo Dealer Services, Inc.* | N.D. Ga., 1:15-cv-01058 |
| *Prather v. Wells Fargo Bank, N.A.* | N.D. Ga., 1:15-cv-04231 |
| *Technology Training Associates v. Buccaneers Limited Partnership* | M.D. Fla., 8:16-cv-01622 |
| *In re Asacol Antitrust Litigation (Direct Purchaser)* | D. Mass., No. 1:15-cv-12730 |
| *In re Anthem, Inc. Data Breach Litigation* | N.D. Cal., No. 15-md-02617 |
| *Nishimura v Gentry Homes, LTD.* | Cir. Ct. Hawai'i, 11-11-1-1522-07-RAN |
| *In re Monitronics International, Inc., TCPA Litigation* | N.D. W.Va., No. 5:11-cv-00090 |
| *Truong v. Peak Campus Management, LLC* | Sup. Ct. Ill., No. 2016 CH 9735 |
| *Rikos v. The Procter & Gamble Co. (Align Probiotics)* | S.D. Ohio, No. 11-cv-00226 |
| *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc. (Certification)* | N.D. Cal., No. 4:15-cv-06314 |
| *In Re: Asacol Antitrust Litig. (Indirect-Certification)* | D. Mass., No. 1:15-cv-12730 |
| *Houze v. Brasscraft Manufacturing Co. (EZ-FLO)* | Sup. Ct. Ca., No. BC493276 |



| | |
|---|---|
| *Brown v. The Attorney General of Canada* and *Riddle v. Her Majesty the Queen (Sixties Scoop)* | O.S.C.J., No. cv-09-00372025 |
| *Barrow v. JPMorgan Chase Bank, N.A.* | N.D. Ga., No. 1:16-cv-03577 |
| *Dodge v. PHH Corporation* | C.D. Ca., No. 8:15-cv-01973 |
| *Eubank v. Pella Corporation* | N.D. Ill., No. 1:06-cv-04481 |
| *Ross v. Her Majesty the Queen; Ross v. Attorney General of Canada; Roy v. Attorney General of Canada* and *Satalic v. Attorney General of Canada (LGBT Purge)* | F.C., No. T-370-17; O.S.C.J., No. CV-16-5653275; Q.C.S.C., No. 500-06-000819-165; and F.C., No. T-2110-16 |
| *In re Arby's Restaurant Group, Inc. Data Security Litigation* | N.D. Ga., No. 1:17-cv-1035 |
| *In re Experian Data Breach Litigation* | C.D. Cal., No. 15-cv-1592 |
| *Holt v. Foodstate, Inc.* | D. N.H., No. 1:17-cv-00637 |
| *In re IKO Roofing Shingles Products Liability Litigation* | C.D. Ill., No. 2:09-md-02104 |
| *Woodward v. Lee Labrada (weight-loss supplement)* | C.D. Cal. No. 5:16-cv-00189 |
| *In re Samsung Top-Load Washing Machine Marketing, Sales Practices and Product Liability Litigation* | W.D. Okla., No. 5:17-ml-02792 |
| *In re Trader Joe's Tuna Litigation* | C.D. Cal., No. 2:16-cv-01371 |
| *Hickcox-Huffman v. US Airways, Inc.* | N.D. Cal, No. 5:10-cv-05193 |
| *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc. (Settlement)* | N.D. Cal., No. 4:15-cv-06314 |
| *Smith v. Complyright, Inc.* | N.D. Ill., No. 1:18-cv-4990 |
| *Schneider v. Chipotle Mexican Grill, Inc.* | N.D. Cal., No. 3:16-cv-02200 |
| *Holt v. Foodstate, Inc.* | D. N.H., No. 1:17-cv-00637 |
| *Lecenat v. Douglas Perlitz* | D. Conn., No. 3:13-cv-01132 |
| *Elkies v. Johnson & Johnson Services, Inc.* | C.D. Cal., No. 2:17-cv-07320 |
| *In re Morning Song Bird Food Litigation* | S.D. Cal., No. 3:12-cv-01592 |
| *In re Nexus 6P Products Liability Litigation* | N.D. Cal., No 5:17-cv-02185 |
| *Worth v. CVS Pharmacy, Inc.* | E.D.N.Y., No. 2:16-cv-0200498 |
| *Abante Rooter and Plumbing, Inc. v. OH Insurance Agencylarm.com Inc. (Settlement)* | N.D. Ill., No. 1:15-cv-09025 |
| *Soukhaphonh v. Hot Topic, Inc.* | C.D. Cal., No. 2:16-cv-05124 |
| *Weeks v. Google LLC* | N.D. Cal., No. 5:18-cv-00801 |
| *In re: Sonic Corp. Customer Data Breach Litigation* | N.D. Ohio, No. 1:17-md-02807 |
| *Brickman v. Fitbit, Inc.* | N.D. Cal., No. 3:15-cv-02077 |
| *Cicciarella v. Califia Farms, LLC* | S.D.N.Y, No. 7:19-cv-08785 |
| *Gann v. Nissan North America, Inc.* | M.D. Tenn., No. 3:18-cv-00966 |
| *Weckworth v. Nissan North America, Inc.* | M.D. Tenn., No. 3:18-cv-00588 |
| *Norman v. Nissan North America, Inc.* | M.D. Tenn., No. 3:18-cv-00534 |
| *Suchanek v. Sturm Foods, Inc.* | S.D. Ill., No. 3:11-cv-00565 |
| *In re Thalomid and Revlimid Antitrust Litigation* | D. N.J., No. 2:14-cv-06997 |
| *Slovin v. Sunrun, Inc.* | N.D. Cal., No. 4:15-cv-05340 |



| | |
|---|---|
| *Owens v. Bank of America, N.A.* | S.D. Fla., No. 19-cv-20614 |
| *Blondell v. Bruce Bouton* | E.D. N.Y., No. 1:17-cv-00372 |
| *Olsen v. ContextLogic Inc.* | Cir. Ct. Ill., No. 2019-CH-06737 |
| *Yoby v. City of Cleveland* | C.P. Ohio, No. CV-15-852708 |
| *Lloyd v. Eaze Solutions, Inc.* | N.D. Cal., No. 3:18-cv-05176 |
| *Ramsey v. 41 E. Chestnut Crab Partners, LLC* | Cir. Ct. Ill., No. 2019-CH-2759 |
| *Fliegelman v. Greyhound Lines, Inc.* | Sup. Ct. Cal., No. 56-2020-00540432 |
| *Madya v. Ohio Department of Public Safety* | Ct. Claims Ohio, No. 2019-00426JD |
| *Pine v. A Place for Mom Inc.* | W.D. Wash., No. 2:17-cv-01826 |
| *McCurley v. Royal Seas Cruises, Inc.* | S.D. Cal., No. 17-cv-986 |
| *Wakefield v. Visalus, Inc.* | D. Ore., No. 3:15-cv-01857 |
| *Hand v. Beach Entertainments KC* | W.D. Mo., No. 4:18-cv-00668 |
| *Rael v. The Children's Place, Inc.* | S.D. Cal., No. 3:16-cv-00370 |
| *Loftus v. SunRun, Inc.* | N.D. Cal., No. 3:19-cv-01608 |
| *Friend v. FGF Brands (USA), Inc.* | N.D. Ill., No. 1:18-cv-07644 |
| *Foshee v. Delta Air Lines, Inc.* | N.D. Fla., No. 4:19-cv-00612 |
| *Tiller v. Her Majesty the Queen (RCMP)* | Fed. Ct. Canada, No. T-1673-17 |
| *In Re Wawa, Inc. Data Security Litigation* | E.D. Pa., No. 19-cv-6019 |
| *Cooper v. New Dominion, LLC* | D. Okla., No. CJ-2015-24 |
| *Heyder v. The Attorney General of Canada (CAF-DND)* | Fed. Ct. Canada, No. T-460-17 |
| *Baker v. Saint-Gobain Performance Plastics Corp.* | N.D.N.Y., No. 1:16-cv-00917 |
| *In re Deva Concepts Products Liability Litigation* | S.D.N.Y., No. 1:20-cv-1234 |
| *Morrisey v. Tula Life, Inc.* | Cir. Ct. Ill., No. 2021L000646 |
| | |