IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA STRINGER, KAREN BROOKS, WILLIAM PAPANIA, JAYNE NEWTON, MENACHEM LANDA, ANDREA ELIASON, BRANDON LANE, DEBBIE O'CONNOR, MICHELLE WILLIAMS and WAYNE BALNICKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., and NISSAN MOTOR CO. LTD.<br><br>Defendants. | Case No. 3:21-cv-00099<br><br>**CLASS ACTION**<br><br>ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES AND REPRESENTATIVE SERVICE AWARDS<br><br>District Judge William L. Campbell<br>Courtroom A826<br>Magistrate Judge Barbara D. Holmes<br>Courtroom 764 |

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement and supporting Memorandum of Law, and Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards for Class Representatives and supporting Memorandum of Law (collectively, the "Briefing on Final Approval, Attorneys' Fees, and Expenses") filed by Plaintiffs Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki ("Plaintiffs"); having considered that, by order dated October 13, 2021, this Court granted preliminary approval of the proposed Settlement Agreement[1] in this case, preliminarily certified a Settlement Class, and approved notice to that Class; and having held a Fairness Hearing on March 21, 2022, and having considered all of the objections, submissions and arguments with respect to the proposed Settlement;

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms herein shall have the same meaning as set forth in the Settlement Agreement.

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. The Court confirms its previous preliminary findings in the Preliminary Approval Order and finds that the settlement of the present action (the "Lawsuit") satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23(a) and 23(b)(3). Specifically, the Court finds that the Settlement Class, as defined in Paragraph 38 of the Settlement Agreement and also defined below, is so numerous that joinder of all members is not practicable, that questions of law and fact are common to the Settlement Class, that the claims of the Plaintiffs are typical of the claims of the Settlement Class, that the Plaintiffs and Class Counsel have and will fairly and adequately protect the interests of the Settlement Class without conflict of interest, that questions of law and fact common to the members of the Settlement Class predominate, for settlement purposes, over any questions affecting only individual members, including the common questions regarding the reliability, design and performance of the type of Continuously Variable Transmission ("CVT" or "transmission") in the Class Vehicles at issue; and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, at least for purposes of settlement.

2. Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and Summary Notice by first-class mail was given in an adequate and sufficient manner. This, coupled with all of the additional information contained on the Settlement Website, to which Class Members were directed by the Summary Notice, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

3. In full accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Administrator caused to be mailed a copy of the proposed

Settlement and all other documents required by said law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where Class Members reside. None of the Attorneys General filed objections to the Settlement. The Court finds and confirms that 28 U.S.C. § 1715 has been fully satisfied and that the Settlement is therefore entitled to binding effect as to all members of the Settlement Class who did not timely and validly opt out.

4. The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting final approval. The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. Negotiation occurred with the benefits of adequate investigation, discovery, and due diligence, and with the assistance of a well-respected independent mediator. Among the factors that counsel considered in negotiating the Settlement are those set forth in the Briefing on Final Approval, Attorneys' Fees, and Expenses. As part of the Lawsuit, Co-Lead Class Counsel have conducted a detailed investigation of the facts and analyzed the relevant legal issues. Although the Plaintiffs and Co-Lead Class Counsel believe that the claims asserted in the Amended Consolidated Class Action Complaint have merit, they also have reasonably and adequately examined the benefits to be obtained under the Settlement compared to the costs, risks, and delays associated with the continued litigation of these claims.

5. The Court finds that the Settlement is fair, reasonable, and adequate, particularly in light of the complexity, expense, and likely duration of continued litigation and the risks involved in establishing liability and damages and in maintaining class action status through trial and appeal.

6. The benefits to the Settlement Class constitute fair value given in exchange for the release of the claims of the Settlement Class. The Court finds that the consideration to be provided under the Settlement is reasonable in type and scope considering the facts and circumstances of

this case, the types of claims and defenses asserted in the Lawsuit, the claims to be released, and the risks associated with the continued litigation of these claims.

7. The Court finds that in all respects, the Settlement treats Class Members equitably in relation to each other, and that the method of distribution of relief is fair, appropriate and efficient. Those benefits that reasonably can be extended automatically (the warranty extension on Class Vehicles and Vouchers for certain current and former owners not claiming reimbursement) are extended automatically. A Claim Form is required only for reimbursements, which is justified since Nissan otherwise would not have all of the information necessary to determine the amount of and entitlement to the reimbursement. The method of processing those Claim Forms is likewise fair, reasonable and adequate. Finally, there are no side agreements.

8. The Parties and Class Members have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement.

9. It is necessary to protect this Court's jurisdiction and ability to enforce this judgment, and also in the best interest of the Parties and the Class Members and consistent with principles of comity, judicial economy and the strong federal policy favoring settlement, that any dispute between any Class Member (including any dispute as to whether any person is a Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement, or this Final Judgment and Order of Dismissal, should be presented exclusively to this Court for resolution by this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

10. The Court certifies a Settlement Class, for settlement purposes only, consisting of the following: Subclass A shall be comprised of current and former owners and lessees of 2014-2018 model year Nissan Rogue vehicles equipped with a continuously variable transmission

("CVT") who purchased or leased Class Vehicles in the United States or its territories including Puerto Rico. Subclass B shall be comprised of current and former owners and lessees of 2015-2018 model year Nissan Pathfinder and 2015-2018 model year Infiniti QX60 vehicles equipped with a CVT who purchased or leased Class Vehicles in the United States or its Territories. Collectively, the current and former owners and lessees of Subclass A and Subclass B vehicles shall be referred to as the "Settlement Class" and the vehicles of which they are comprised shall be referred to as the "Class Vehicles." The definition of Class Vehicles does not include Hybrid Electric Vehicles. Excluded from the Settlement Class are: (1) Nissan North America, Inc. ("NNA"), any entity or division in which NNA has a controlling interest, its/their legal representatives, officers, directors, assigns and successors; (2) any judge to whom this case is assigned and the judge's clerks and any member of the judge's immediate family, and the Sixth Circuit Court of Appeals; and (3) government purchasers and lessees.

11. The Settlement Agreement submitted by the Parties is finally approved pursuant to FED. R. CIV. P. 23(e) as being fair, reasonable, adequate, and in the best interests of the Settlement Class. It shall be binding on Plaintiffs, Defendant, and all members of the Settlement Class who did not timely and validly opt out. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

12. The Lawsuit is hereby dismissed with prejudice and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation by any Party in the Lawsuit and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Lawsuit.

13. The Released Claims are hereby finally compromised, settled, released, discharged, and dismissed with prejudice against the Released Parties by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

14. All Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all Class Members wishing to be heard have been heard. Class Members also have had a full and fair opportunity to opt out from the proposed Settlement and the Class. Accordingly, the terms of the Settlement Agreement and of the Court's Order and Judgment shall be forever binding on all Class Members who did not timely opt out of the Settlement. These Class Members have released and forever discharged NNA and all Released Parties from any and all Released Claims.

15. Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum, with the exception of any former Class Members who have duly opted out of the Settlement Class.

16. The named Plaintiffs are suitable class representatives and their appointment as representatives for the Settlement Class is hereby re-confirmed. The Court approves an award of $5,000 to each of Plaintiffs Teresa Stringer, Karen Brooks, William Papania, Jayne Newton, Menachem Landa, Andrea Eliason, Brandon Lane, Debbie O'Connor, Michelle Williams, and Wayne Balnicki as a reasonable payment for his or her efforts, expenses and risks as Plaintiffs in bringing the Lawsuit, which shall be paid by NNA as provided in the Settlement.

17. Based upon the evidence submitted, the Court confirms its appointment as Co-Lead Class Counsel of Mark S. Greenstone, Greenstone Law APC, Marc L. Godino, Glancy, Prongay

& Murray LLP, and J. Gerard Stranch, IV, Bransetter, Stranch & Jennings PLLC. In addition to Co-Lead Class Counsel, the Court confirms its appointment as Executive Committee Counsel of Stephen R. Basser, Barrack, Rodos & Bacine, Lawrence Deutsch, Berger Montague PC, and Ryan McDevitt, Keller Rohrback L.L.P. The Court finds that these attorneys possess the requisite knowledge, experience, and skills to advance the interests of the Settlement Class. The Court approves an award of $6,250,000.00 as reasonable payment for Attorneys' Fees, Costs and Expenses, which shall be paid by NNA and distributed by Co-Lead Class Counsel as provided in the Settlement Agreement.

18. Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Order and the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they

are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

19. All Objections filed are hereby overruled and denied for the reasons stated on the record at the fairness hearing.

20. Exhibit A lists the name and last six digits of the applicable VIN of each timely and valid opt out as determined by the Settlement Administrator. The Court agrees with and adopts the findings of the Settlement Administrator as to the validity of opt outs. Any other opt outs are hereby ruled invalid and ineffective.

21. The Court finds that no just reason exists for delay in entering this Final Judgment and Order of Dismissal. Accordingly, the Clerk is hereby directed to enter this Final Judgment.

**IT IS SO ORDERED.**

Dated: March 22, 2022

_____
The Honorable William L. Campbell
United States District Court Judge